UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA, et al.,

    Plaintiffs,

v.

DAVID BERNHARDT, et al.,

    Defendants.

Case No. 19-cv-06013-JST

**ORDER GRANTING MOTIONS TO INTERVENE**

Re: ECF Nos. 53, 64, 69

Before the Court are three unopposed motions to intervene. ECF Nos. 53, 64, 69. For the foregoing reasons, the Court will grant the motions.

## I.  BACKGROUND

"The Endangered Species Act ("ESA") was enacted in 1973 to prevent the extinction of various fish, wildlife, and plant species." *Turtle Island Restoration Network v. Nat'l Marine Fisheries Serv.*, 340 F.3d 969, 974 (9th Cir. 2003). The Act aims "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved" and "to provide a program for the conservation of such endangered species and threatened species." 16 U.S.C. § 1531(b). "The responsibility for administration and enforcement of the ESA lies with the Secretaries of Commerce and Interior, who have delegated the responsibility to the [National Marine Fisheries Service ("NMFS")] with respect to marine species, and to the Fish and Wildlife Service ("FWS") with respect to terrestrial species." *Turtle Island*, 340 F.3d at 973-74 (citing 50 C.F.R. § 402.01).

On September 25, 2019, several State Plaintiffs[1] filed suit "to challenge the decision by the

---

[1] The State Plaintiffs consist of the State of California, Commonwealth of Massachusetts, State of Maryland, State of Colorado, State of Connecticut, State of Illinois, People of the State of

Secretary of the Interior and the Secretary of Commerce . . . to promulgate three separate final rules ("Final Rules") that undermine key requirements of the federal Endangered Species Act." ECF No. 1; ECF No. 28 ¶ 1. State Plaintiffs assert three claims against FWS, NMFS, Secretary of Interior David Bernhardt, and Secretary of Commerce Wilbur Ross ("Federal Defendants") for their alleged violations of the ESA, the Administrative Procedure Act ("APA"), and the National Environmental Policy Act ("NEPA"). ECF No. 28 ¶¶ 2, 131-48.

On December 6, 2019, the Federal Defendants moved to dismiss State Plaintiffs' first amended complaint for lack of jurisdiction. ECF No. 46. On December 9, 2019, the States of Alabama, Alaska, Arizona, Arkansas, Idaho, Kansas, Missouri, Montana, Nebraska, North Dakota, Utah, West Virginia, and Wyoming (collectively "Proposed Intervenor States") filed a motion to intervene as defendants. ECF No. 53. Shortly thereafter, the following organizations moved to intervene as defendants: American Farm Bureau Federation, American Forest Resource Council, American Petroleum Institute, Federal Forest Resource Coalition, National Alliance of Forest Owners, National Association of Home Builders, National Cattlemen's Beef Association, and Public Lands Council (collectively "Proposed Intervenor Organizations"). ECF No. 64. On December 17, 2020, the following private landowners and conservationists also moved to intervene as defendants: Kenneth Klemm, Beaver Creek Buffalo Co., Washington Cattlemen's Association, Pacific Legal Foundation (collectively "Proposed Intervenor Landowners"). ECF No. 69. State Plaintiffs do not oppose these motions to intervene. ECF No. 73.

## II.   JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right where the potential intervenor "claims an interest relating to the property or transaction that is the

---

Michigan, State of Minnesota, State of Nevada, State of New Jersey, State of New Mexico, State of New York, State of North Carolina, State of Oregon, Commonwealth of Pennsylvania, State of Rhode Island, State of Vermont, State of Washington, State of Wisconsin, District of Columbia, and City of New York. ECF No. 28 ¶ 1.

2

subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit has summarized the requirements for intervention as of right under Rule 24(a)(2) as follows:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)). Proposed intervenors must satisfy all four criteria, and "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). In evaluating motions to intervene, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

## IV. DISCUSSION

The Proposed Intervenor States argue that they are entitled to intervene as a matter of right because: (1) their motion was timely filed prior to the Court's ruling on any substantive matters, (2) "the challenged regulations affect how at-risk species are protected in each State," (3) Plaintiffs' requested relief would "infringe on the States' ability to protect both their lands and their wildlife," and (4) each State "has unique interests in defending its at-risk species." ECF No. 53 at 24-26, 29, 31. The Proposed Intervenor Organizations assert that intervention is appropriate because: (1) their motion was filed "less than three months after the initial complaint," (2) they "represent large segments of the industries regulated directly or indirectly by the ESA," (3) the

3

injunctive relief sought by Plaintiffs would "creat[e] costly regulatory uncertainty" for the organizations, and (4) the organizations have "economic interests" in the Final Rules which are distinct from the broader public interests of the Federal Defendants. ECF No. 64 at 17, 18, 22-24 (citation omitted). Similarly, the Proposed Intervenor Landowners argue that they are entitled to intervene because: (1) their motion was filed prior to the Court's ruling on any substantive matters, (2) they "have significant protectable interests in this action as private landowners and conservationists," (3) Plaintiffs' requested relief would detrimentally "alter the regulations that govern [the landowners'] use of their property," and (4) their "direct interests" as "private landowners" differ from the Federal Defendants' broad public interests. ECF No. 69 at 19-21, 23-24.

The Court finds that the motions are timely and that each group has "demonstrated a substantial interest in this litigation that is not adequately represented by the existing parties, and that is threated by the rescission of the [Final Rules]." *California v. Bureau of Land Mgmt.*, Nos. 18-cv-00521-HSG, 18-cv-00524-HSG, 2018 WL 3439453, at *8 (N.D. Cal. July 17, 2018). The Court also notes that Plaintiffs do not oppose the proposed intervenors' substantive rationales for intervention. *See id.* In analogous circumstances, other courts in this district have found that applicants "made a reasonable showing to satisfy the four-part test for granting intervention as of right." *Shin v. Washington Mutual Bank, F.A.*, 18-cv-02143-YGR, 2018 WL 3392138, at *4 (N.D. Cal. July 12, 2018); *see Cytokinetics, Inc. v. Pharm-Olam Int'l, Ltd.*, No. C 14-05256 JSW, 2015 WL 13036925, at *1-2 (N.D. Cal. July 1, 2015) (granting unopposed motion to intervene under Rule 24(a)); *Carson v. Seaspan Corp.*, No. 19-cv-01551-JSC, 2019 WL 3254126, at *2 (N.D. Cal. July 19, 2019) (same); *Reilly v. MediaNews Group, Inc.*, No. C 06-04332 SI, 2006 WL 2092629, at *1-2 (N.D. Cal. July 27, 2006) (same).

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, the court grants the motions to intervene in this case as of right.[2]

**IT IS SO ORDERED.**

Dated: May 18, 2020



JON S. TIGAR
United States District Judge

---

[2] Because the proposed intervenors have met the requirements for intervention as of right, the Court need to reach the question of permissive intervention under Rule 24(b).

5