STEVE MARSHALL
*Attorney General of Alabama*
Edmund G. LaCour Jr. (*pro hac vice*)
*Solicitor General*
James W. Davis (*pro hac vice*)
*Assistant Attorney General*
A. Barrett Bowdre (*pro hac vice*)
*Deputy Solicitor General*
Office of the Alabama Attorney General
   501 Washington Ave.
   P.O. Box 300152
   Montgomery, AL 36130
   Telephone: (334) 353-2196
   Fax: (334) 353-8400
   E-mail: edmund.lacour@AlabamaAG.gov
          jim.davis@AlabamaAG.gov
          barrett.bowdre@AlabamaAG.gov

Paul Beard II (SBN 210563)
FISHER BROYLES LLP
   5670 Wilshire Blvd., Ste. 1800
   Los Angeles, CA 90036-5653
   Telephone: (818) 216-3988
   Fax: (213) 402-5034
   E-mail: paul.beard@fisherbroyles.com

*Attorneys for Defendant-Intervenor State of Alabama*

TIMOTHY C. FOX
*Attorney General of Montana*
Melissa Schlichting (SBN 220258)
*Deputy Attorney General*
Montana Department of Justice
   215 N. Sanders St.
   P.O. Box 201401
   Helena, MT 59620-1401
   Telephone: (406) 444-2026
   Fax: (404) 444-3549
   E-mail: MSchlichting@mt.gov

*Attorneys for Defendant-Intervenor
State of Montana*

*[Additional counsel listed on signature
page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>DAVID BERNHARDT, U.S. Secretary of the Interior, *et al.,*<br><br>    Defendants. | Case No. 4:19-cv-06013-JST<br><br>**ANSWER OF DEFENDANT-INTERVENOR STATES OF ALABAMA, ALASKA, ARIZONA *ex rel*. the ARIZONA GAME and FISH COMMISSION, ARKANSAS, IDAHO, KANSAS, MISSOURI, MONTANA, NEBRASKA, NORTH DAKOTA, UTAH, WEST VIRGINIA, and WYOMING.**<br><br>Am. Compl. Filed Date: October 22, 2019<br><br>Judge:     Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

The Defendant-Intervenor States—Alabama, Alaska, Arizona *ex rel.* the Arizona Game and Fish Commission, Arkansas, Idaho, Kansas, Missouri, Montana, Nebraska, North Dakota, Utah, West Virginia, and Wyoming—hereby respond to the allegations in Plaintiffs' First Amended Complaint (ECF # 28). The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Amended Complaint.

## INTRODUCTION

1.      Admit that Plaintiffs seek the relief described in paragraph 1, but deny that they are entitled to such relief.

2.      The allegations in paragraph 2 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied.

3.      The allegations in paragraph 3 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied on the ground that the statute speaks for itself.

4.       The allegations in paragraph 4 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied on the ground that the statute speaks for itself.

5.      The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and therefore deny them.

6.      The allegations in paragraph 6 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied on the ground that the statute speaks for itself.

7.      The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and therefore deny them.

8.      Admit.

9.      The allegations in paragraph 9 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiffs' characterizations of the Final Rules are denied on the ground that the Rules speak for themselves.

10. The allegations in paragraph 10 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiffs' characterizations of the Final Rules are denied on the ground that the Rules speak for themselves.

11. The allegations in paragraph 11 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiffs' characterizations of the Final Rules are denied on the ground that the Rules speak for themselves.

12. The allegations in paragraph 12 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiffs' characterizations of the Final Rules are denied on the ground that the Rules speak for themselves.

13. The allegations in paragraph 13 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiffs' characterizations of the Final Rules are denied on the ground that the Rules speak for themselves.

14. Admit that Plaintiffs seek the relief described in paragraph 14, but deny that Plaintiffs are entitled to such relief.

## JURISDICTION AND VENUE

15. The allegations in paragraph 15 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied.

16. Admit that some Plaintiff States submitted comments to the Services' proposed regulations. The rest of the allegations in paragraph 16 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied on the ground that the Final Rules speak for themselves.

17. The allegations in paragraph 17 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied.

## INTRADISTRICT ASSIGNMENT

18. The allegations in paragraph 18 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied.

**PARTIES**

19.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 and therefore deny them.

20.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 and therefore deny them.

21.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 and therefore deny them.

22.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and therefore deny them.

23.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and therefore deny them.

24.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and therefore deny them.

25.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 and therefore deny them.

26.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and therefore deny them.

27.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and therefore deny them.

28.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and therefore deny them.

29.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 and therefore deny them.

30.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 and therefore deny them.

31.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 and therefore deny them.

1    32.    The Defendant-Intervenor States lack sufficient knowledge or information to form

2    a belief as to the truth of the allegations in paragraph 32 and therefore deny them.

3    33.    The Defendant-Intervenor States lack sufficient knowledge or information to form

4    a belief as to the truth of the allegations in paragraph 33 and therefore deny them.

5    34.    The Defendant-Intervenor States lack sufficient knowledge or information to form

6    a belief as to the truth of the allegations in paragraph 34 and therefore deny them.

7    35.    The Defendant-Intervenor States lack sufficient knowledge or information to form

8    a belief as to the truth of the allegations in paragraph 35 and therefore deny them.

9    36.    The Defendant-Intervenor States lack sufficient knowledge or information to form

10   a belief as to the truth of the allegations in paragraph 36 and therefore deny them.

11   37.    The Defendant-Intervenor States lack sufficient knowledge or information to form

12   a belief as to the truth of the allegations in paragraph 37 and therefore deny them.

13   38.    The Defendant-Intervenor States lack sufficient knowledge or information to form

14   a belief as to the truth of the allegations in paragraph 38 and therefore deny them.

15   39.    The Defendant-Intervenor States lack sufficient knowledge or information to form

16   a belief as to the truth of the allegations in paragraph 39 and therefore deny them.

17   40.    The Defendant-Intervenor States lack sufficient knowledge or information to form

18   a belief as to the truth of the allegations in paragraph 40 and therefore deny them.

19   41.    The Defendant-Intervenor States lack sufficient knowledge or information to form

20   a belief as to the truth of the allegations in paragraph 41 and therefore deny them.

21   42.    The Defendant-Intervenor States lack sufficient knowledge or information to form

22   a belief as to the truth of the allegations in paragraph 42 and therefore deny them.

23   43.    The Defendant-Intervenor States lack sufficient knowledge or information to form

24   a belief as to the truth of the allegations in paragraph 43 and therefore deny them.

25   44.    The Defendant-Intervenor States lack sufficient knowledge or information to form

26   a belief as to the truth of the allegations in paragraph 44 and therefore deny them.

27   45.    The Defendant-Intervenor States lack sufficient knowledge or information to form

28

1    a belief as to the truth of the allegations in paragraph 45 and therefore deny them.

2         46.     The Defendant-Intervenor States lack sufficient knowledge or information to form

3    a belief as to the truth of the allegations in paragraph 46 and therefore deny them.

4         47.     The Defendant-Intervenor States lack sufficient knowledge or information to form

5    a belief as to the truth of the allegations in paragraph 47 and therefore deny them.

6         48.     The Defendant-Intervenor States lack sufficient knowledge or information to form

7    a belief as to the truth of the allegations in paragraph 48 and therefore deny them.

8         49.     The Defendant-Intervenor States lack sufficient knowledge or information to form

9    a belief as to the truth of the allegations in paragraph 49 and therefore deny them.

10        50.     The Defendant-Intervenor States lack sufficient knowledge or information to form

11   a belief as to the truth of the allegations in paragraph 50 and therefore deny them.

12        51.     The Defendant-Intervenor States lack sufficient knowledge or information to form

13   a belief as to the truth of the allegations in paragraph 51 and therefore deny them.

14        52.     The Defendant-Intervenor States lack sufficient knowledge or information to form

15   a belief as to the truth of the allegations in paragraph 52 and therefore deny them.

16        53.     The Defendant-Intervenor States lack sufficient knowledge or information to form

17   a belief as to the truth of the allegations in paragraph 53 and therefore deny them.

18        54.     The Defendant-Intervenor States lack sufficient knowledge or information to form

19   a belief as to the truth of the allegations in paragraph 54 and therefore deny them.

20        55.     The Defendant-Intervenor States lack sufficient knowledge or information to form

21   a belief as to the truth of the allegations in paragraph 55 and therefore deny them.

22        56.     The Defendant-Intervenor States lack sufficient knowledge or information to form

23   a belief as to the truth of the allegations in paragraph 56 and therefore deny them.

24        57.     The Defendant-Intervenor States lack sufficient knowledge or information to form

25   a belief as to the truth of the allegations in paragraph 57 and therefore deny them.

26        58.     The Defendant-Intervenor States lack sufficient knowledge or information to form

27   a belief as to the truth of the allegations in paragraph 58 and therefore deny them.

28

1    59.    The Defendant-Intervenor States lack sufficient knowledge or information to form

2    a belief as to the truth of the allegations in paragraph 59 and therefore deny them.

3    60.    The Defendant-Intervenor States lack sufficient knowledge or information to form

4    a belief as to the truth of the allegations in paragraph 60 and therefore deny them.

5    61.    The Defendant-Intervenor States lack sufficient knowledge or information to form

6    a belief as to the truth of the allegations in paragraph 61 and therefore deny them.

7    62.    The Defendant-Intervenor States lack sufficient knowledge or information to form

8    a belief as to the truth of the allegations in paragraph 62 and therefore deny them.

9    63.    The Defendant-Intervenor States lack sufficient knowledge or information to form

10   a belief as to the truth of the allegations in paragraph 63 and therefore deny them.

11   64.    The Defendant-Intervenor States lack sufficient knowledge or information to form

12   a belief as to the truth of the allegations in paragraph 64 and therefore deny them.

13   65.    The Defendant-Intervenor States lack sufficient knowledge or information to form

14   a belief as to the truth of the allegations in paragraph 65 and therefore deny them.

15   66.    The Defendant-Intervenor States lack sufficient knowledge or information to form

16   a belief as to the truth of the allegations in paragraph 66 and therefore deny them.

17   67.    The Defendant-Intervenor States lack sufficient knowledge or information to form

18   a belief as to the truth of the allegations in paragraph 67 and therefore deny them.

19   68.    The Defendant-Intervenor States lack sufficient knowledge or information to form

20   a belief as to the truth of the allegations in paragraph 68 and therefore deny them.

21   69.    The Defendant-Intervenor States lack sufficient knowledge or information to form

22   a belief as to the truth of the allegations in paragraph 69 and therefore deny them.

23   70.    The Defendant-Intervenor States lack sufficient knowledge or information to form

24   a belief as to the truth of the allegations in paragraph 70 and therefore deny them.

25   71.    The Defendant-Intervenor States lack sufficient knowledge or information to form

26   a belief as to the truth of the allegations in paragraph 71 and therefore deny them.

27   72.    The Defendant-Intervenor States lack sufficient knowledge or information to form

28

1    a belief as to the truth of the allegations in paragraph 72 and therefore deny them.

2          73.     The Defendant-Intervenor States lack sufficient knowledge or information to form

3    a belief as to the truth of the allegations in paragraph 73 and therefore deny them.

4          74.     The Defendant-Intervenor States lack sufficient knowledge or information to form

5    a belief as to the truth of the allegations in paragraph 74 and therefore deny them.

6          75.     The Defendant-Intervenor States lack sufficient knowledge or information to form

7    a belief as to the truth of the allegations in paragraph 75 and therefore deny them.

8          76.     The Defendant-Intervenor States lack sufficient knowledge or information to form

9    a belief as to the truth of the allegations in paragraph 76 and therefore deny them.

10         77.     The Defendant-Intervenor States lack sufficient knowledge or information to form

11   a belief as to the truth of the allegations in paragraph 77 and therefore deny them.

12         78.     The Defendant-Intervenor States lack sufficient knowledge or information to form

13   a belief as to the truth of the allegations in paragraph 78 and therefore deny them.

14         79.     The Defendant-Intervenor States lack sufficient knowledge or information to form

15   a belief as to the truth of the allegations in paragraph 79 and therefore deny them.

16         80.     The Defendant-Intervenor States lack sufficient knowledge or information to form

17   a belief as to the truth of the allegations in paragraph 80 and therefore deny them.

18         81.     The Defendant-Intervenor States lack sufficient knowledge or information to form

19   a belief as to the truth of the allegations in paragraph 81 and therefore deny them.

20         82.     Admit that David Bernhardt is the United States Secretary of the Interior and that

21   he signed the Final Rules challenged by Plaintiffs. The rest of the allegations in paragraph 82 are

22   legal conclusions that require no response. To the extent a response may be deemed required, the

23   allegations are denied.

24         83.     Admit that Wilbur Ross is the Secretary of the United States Department of

25   Commerce and that he signed the Listing Rule and the Interagency Consultation Rule challenged

26   by Plaintiffs. The rest of the allegations in paragraph 83 are legal conclusions that require no

27   response. To the extent a response may be deemed required, the allegations are denied.

28

1    84.    Admit

2    85.    Admit.

3                        **STATUTORY BACKGROUND**

4    **I.    Endangered Species Act**

5    86.    The allegations in paragraph 86 are legal conclusions that require no response. To

6    the extent a response may be deemed required, the allegations are denied on the ground that the

7    statute speaks for itself.

8    87.    The allegations in paragraph 87 are legal conclusions that require no response. To

9    the extent a response may be deemed required, Plaintiffs' characterizations of the ESA are

10   denied on the ground that the statute speaks for itself.

11   88.    The allegations in paragraph 88 are legal conclusions that require no response. To

12   the extent a response may be deemed required, Plaintiffs' characterizations of the ESA are

13   denied on the ground that the statute speaks for itself.

14   89.    The allegations in paragraph 89 are legal conclusions that require no response. To

15   the extent a response may be deemed required, Plaintiffs' characterizations of the ESA are

16   denied on the ground that the statute, regulations, and case law speak for themselves.

17   90.    The allegations in paragraph 90 are legal conclusions that require no response. To

18   the extent a response may be deemed required, Plaintiffs' characterizations of the ESA are

19   denied on the ground that the statute speaks for itself.

20   91.    The allegations in paragraph 91 are legal conclusions that require no response. To

21   the extent a response may be deemed required, Plaintiffs' characterizations of the ESA are

22   denied on the ground that the statute speaks for itself.

23   92.    Admit that FWS has extended ESA's section 9 prohibitions applicable to

24   endangered species to threatened species, except where FWS has promulgated species-specific

25   regulations under section 4(d) of the ESA. The other allegations in paragraph 92 state legal

26   conclusions that require no response. To the extent a response may be deemed required,

27   Plaintiffs' characterizations of the ESA and FWS regulations are denied on the ground that the

28

Answer of Defendant-Intervenor States,
Case No. 4:19-cv-06013-JST

statute and regulations speak for themselves.

**II.      Administrative Procedure Act**

93.      The allegations in paragraph 93 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiffs' characterizations of the APA are denied on the ground that the statute speaks for itself.

94.      The allegations in paragraph 94 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiffs' characterizations of the APA are denied on the ground that the statute and the case law speak for themselves.

95.      The allegations in paragraph 95 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiffs' characterizations of the APA are denied on the ground that the statute and the case law speak for themselves.

**III.     National Environmental Policy Act**

96.      The allegations in paragraph 96 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiffs' characterizations of NEPA are denied on the ground that the statute and regulations speak for themselves.

97.      The allegations in paragraph 97 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiffs' characterizations of NEPA are denied on the ground that the statute, regulations, and case law speak for themselves.

98.      The allegations in paragraph 98 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiffs' characterizations of NEPA are denied on the ground that the statute, regulations, and case law speak for themselves.

99.      The allegations in paragraph 99 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiffs' characterizations of NEPA are denied on the ground that the statute, regulations, and case law speak for themselves.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.       Species Protection Under the ESA**

100.    The Defendant-Intervenor States lack sufficient knowledge or information to form

1   a belief as to the truth of the allegations in paragraph 100 and therefore deny them.

2        101.    The Defendant-Intervenor States lack sufficient knowledge or information to form

3   a belief as to the truth of the allegations in paragraph 101 and therefore deny them.

4        102.    The Defendant-Intervenor States lack sufficient knowledge or information to form

5   a belief as to the truth of the allegations in paragraph 102 and therefore deny them.

6        103.    The Defendant-Intervenor States lack sufficient knowledge or information to form

7   a belief as to the truth of the allegations in paragraph 103 and therefore deny them.

8        104.    The Defendant-Intervenor States lack sufficient knowledge or information to form

9   a belief as to the truth of the allegations in paragraph 104 and therefore deny them.

10  **II.      The ESA's Implementing Regulations and the Final Rules**

11       105.    Admit.

12       106.    Admit that the Services adopted joint regulations implementing the ESA in the

13  1980s and that they amended those regulations in 2015 and 2016. Plaintiffs' characterization of

14  those amendments as "minor" is denied.

15       107.    Admit that the Services published three notices of proposed rulemaking in July

16  2018. The other allegations in paragraph 107 are legal conclusions that require no response. To

17  the extent a response may be deemed required, Plaintiffs' characterizations of the notices are

18  denied on the ground that the notices speak for themselves.

19       108.    The Defendant-Intervenor States lack sufficient knowledge or information to form

20  a belief as to the truth of the allegations in paragraph 108 and therefore deny them.

21       109.    Admit that the Final Rules were promulgated on August 27, 2019. The other

22  allegations in paragraph 109 are legal conclusions that require no response. To the extent a

23  response may be deemed required, Plaintiffs' characterizations of the Rules are denied on the

24  ground that the Rules speak for themselves.

25       110.    The allegations in paragraph 110 are legal conclusions that require no response.

26  To the extent a response may be deemed required, Plaintiffs' characterizations of the Listing

27  Rule are denied on the ground that the Rule speaks for itself.

28

1    111.    The allegations in paragraph 111 are legal conclusions that require no response.

2    To the extent a response may be deemed required, Plaintiffs' characterizations of the Interagency

3    Consultation Rule are denied on the ground that the Rule speaks for itself.

4    112.    The allegations in paragraph 112 are legal conclusions that require no response.

5    To the extent a response may be deemed required, Plaintiffs' characterizations of the 4(d) Rule

6    are denied on the ground that the Rule speaks for itself.

7    113.    The allegations in paragraph 113 are legal conclusions that require no response.

8    To the extent a response may be deemed required, Plaintiffs' characterizations of the Final Rules

9    are denied on the ground that the Rules speak for themselves.

10   **III.    Impacts of the Final Rules on State Plaintiffs**

11   114.    The allegations in paragraph 114 are legal conclusions that require no response.

12   To the extent a response may be deemed required, the allegations are denied.

13   115.    The Defendant-Intervenor States lack sufficient knowledge or information to form

14   a belief as to the truth of the allegations in paragraph 115 and therefore deny them.

15   116.    The allegations in paragraph 116 are legal conclusions that require no response.

16   To the extent a response may be deemed required, Plaintiffs' characterizations of the ESA are

17   denied on the ground that the statute speaks for itself.

18   117.    The Defendant-Intervenor States lack sufficient knowledge or information to form

19   a belief as to the truth of the allegations in paragraph 117 and therefore deny them. The other

20   allegations in the paragraph are legal conclusions that require no response. To the extent a

21   response may be deemed required, these allegations are denied.

22   118.    The allegations in paragraph 118 are legal conclusions that require no response.

23   To the extent a response may be deemed required, these allegations are denied.

24   119.    The Defendant-Intervenor States lack sufficient knowledge or information to form

25   a belief as to the truth of the allegations in paragraph 119 and therefore deny them.

26   120.    The Defendant-Intervenor States lack sufficient knowledge or information to form

27   a belief as to the truth of the allegations in paragraph 120 and therefore deny them.

28

121.    The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 121 and therefore deny them.

122.    The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 122 and therefore deny them.

123.    The allegations in paragraph 123 are legal conclusions that require no response. To the extent a response may be deemed required, these allegations are denied.

## FIRST CAUSE OF ACTION

124.    The Defendant-Intervenor States incorporate by reference their answers to all preceding paragraphs.

125.    The allegations in paragraph 125 state legal conclusions that require no response. To the extent a response may be deemed required, these allegations are denied.

126.    The allegations in paragraph 126 state legal conclusions that require no response. To the extent a response may be deemed required, these allegations are denied.

127.    The allegations in paragraph 127 state legal conclusions that require no response. To the extent a response may be deemed required, these allegations are denied.

128.    The allegations in paragraph 128 state legal conclusions that require no response. To the extent a response may be deemed required, these allegations are denied.

129.    The allegations in paragraph 129 state legal conclusions that require no response. To the extent a response may be deemed required, these allegations are denied.

130.    The allegations in paragraph 130 state legal conclusions that require no response. To the extent a response may be deemed required, these allegations are denied.

## SECOND CAUSE OF ACTION

131.    The Defendant-Intervenor States incorporate by reference their answers to all preceding paragraphs.

132.    The allegations in paragraph 132 state legal conclusions that require no response. To the extent a response may be deemed required, these allegations are denied.

133.    The allegations in paragraph 133 state legal conclusions that require no response.

1    To the extent a response may be deemed required, these allegations are denied.

2         134.    The allegations in paragraph 134 state legal conclusions that require no response.

3    To the extent a response may be deemed required, these allegations are denied.

4         135.    The allegations in paragraph 135 state legal conclusions that require no response.

5    To the extent a response may be deemed required, these allegations are denied.

6         136.    The allegations in paragraph 136 state legal conclusions that require no response.

7    To the extent a response may be deemed required, these allegations are denied.

8         137.    The allegations in paragraph 137 state legal conclusions that require no response.

9    To the extent a response may be deemed required, these allegations are denied.

10        138.    The allegations in paragraph 138 state legal conclusions that require no response.

11   To the extent a response may be deemed required, these allegations are denied.

12        139.    The allegations in paragraph 139 state legal conclusions that require no response.

13   To the extent a response may be deemed required, these allegations are denied.

14                          **THIRD CAUSE OF ACTION**

15        140.    The Defendant-Intervenor States incorporate by reference their answers to all

16   preceding paragraphs.

17        141.    The allegations in paragraph 141 state legal conclusions that require no response.

18   To the extent a response may be deemed required, these allegations are denied on the ground that

19   the statute and regulations speak for themselves.

20        142.    The allegations in paragraph 142 state legal conclusions that require no response.

21   To the extent a response may be deemed required, these allegations are denied.

22        143.    The allegations in paragraph 143 state legal conclusions that require no response.

23   To the extent a response may be deemed required, these allegations are denied.

24        144.    The allegations in paragraph 144 state legal conclusions that require no response.

25   To the extent a response may be deemed required, these allegations are denied.

26        145.    The allegations in paragraph 145 state legal conclusions that require no response.

27   To the extent a response may be deemed required, these allegations are denied.

28

1      146.    The allegations in paragraph 146 state legal conclusions that require no response.

2  To the extent a response may be deemed required, these allegations are denied.

3      147.    The allegations in paragraph 147 state legal conclusions that require no response.

4  To the extent a response may be deemed required, these allegations are denied.

5      148.    The allegations in paragraph 148 state legal conclusions that require no response.

6  To the extent a response may be deemed required, these allegations are denied.

7                     **PRAYER FOR RELIEF**

8      149.    The remainder of the Amended Complaint consists of the request for relief, to

9  which no response is required. To the extent a response may be deemed required, the Defendant-

10  Intervenor States deny that Plaintiffs are entitled to the relief requested in the Request for Relief,

11  or to any relief at all.

12                     **GENERAL DENIAL**

13      150.    The Defendant-Intervenor States deny each and every allegation of the Amended

14  Complaint not expressly admitted or qualified herein.

15                 **AFFIRMATIVE DEFENSES**

16      151.    Plaintiffs lack standing.

17      152.    Plaintiffs have failed to state a claim upon which relief can be granted.

18      153.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver

19  and/or estoppel.

20      154.    Plaintiffs' claims are waived for failure to present them to the Services during

21  public comment on the challenged Rules.

22                 **RESERVATION OF DEFENSES**

23      155.    The Defendant-Intervenor States reserve the right to amend this Answer and to

24  assert additional defenses.

25      WHEREFORE, the Defendant-Intervenor States pray this Court deny Plaintiffs' request

26  for relief, dismiss the amended complaint with prejudice, and grant such further relief as the

27  Court deems appropriate.

28

1    DATED:  May 29, 2020                    Respectfully submitted,

2    STEVE MARSHALL                          TIMOTHY C. FOX
     Attorney General of Alabama             Attorney General of Montana
3

4    /s/ Edmund G. LaCour Jr.                /s/ Melissa Schlichting
     Edmund G. LaCour Jr. (*pro hac vice*)     Melissa Schlichting (SBN 220258)
5    *Solicitor General*                       *Deputy Attorney General*
     James W. Davis (*pro hac vice*)           Montana Department of Justice
     *Assistant Attorney General*              215 N. Sanders St., P.O. Box 201401
6    A. Barrett Bowdre (*pro hac vice*)        Helena, MT 59620-1401
     *Deputy Solicitor General*                Telephone: (406) 444-2026
7    Office of the Alabama Attorney General    Fax: (406) 444-3549
     501 Washington Ave.                       E-mail: MSchlichting@mt.gov
8    P.O. Box 300152
     Montgomery, AL 36130                    *Attorneys for Defendant-Intervenor State of*
9    Telephone: (334) 353-2196               *Montana*
     Fax: (334) 353-8400
10   E-mail: edmund.lacour@AlabamaAG.gov
     jim.davis@AlabamaAG.gov                 DOUGLAS J. PETERSON
11   barrett.bowdre@AlabamaAG.gov            Attorney General of Nebraska

12   /s/ Paul Beard II                       /s/ Justin D. Lavene
     Paul Beard II (SBN 210563)              Justin D. Lavene (*pro hac vice*)
13   FisherBroyles LLP                       *Assistant Attorney General*
     5670 Wilshire Blvd., Ste. 1800          Carlton Wiggam (*pro hac vice*)
14   Los Angeles, CA 90036-5653              *Assistant Attorney General*
     Telephone: (818) 216-3988               2115 State Capitol
15   Fax: (213) 402-5034                     Lincoln, NE 68509
     E-mail: paul.beard@fisherbroyles.com    Telephone: (402) 471-2682
16                                           E-mail: justin.lavene@nebraska.gov
     *Attorneys for Defendant-Intervenor State of*   carlton.wiggam@nebraska.gov
17   *Alabama*
                                             *Attorneys for Defendant-Intervenor State of*
18   /s/ L. John LeSueur                     *Nebraska*
     L. John LeSueur (*pro hac vice*)
19   Arizona State Bar No. 022556            DEREK SCHMIDT
     Assistant Attorney General              Attorney General of Kansas
20   Office of the Arizona Attorney General
     2005 N. Central Avenue                  /s/ Jeffrey A. Chanay
21   Phoenix, Arizona 85004                  Jeffrey A. Chanay (*pro hac vice*)
     Telephone: (602) 542-0640               *Chief Deputy Attorney General*
22   John.LeSueur@azag.gov                   Office of the Kansas Attorney General
                                             Memorial Hall
23   *Attorneys for Defendant-Intervenor State of*   120 SW Tenth Avenue
     *Arizona ex rel. Arizona Game and Fish*   Topeka, KS 66612-1597
24   *Commission*                             Telephone: (785) 296-2215
                                             Fax: (785) 291-3767
25                                           E-mail: jeff.chanay@ag.ks.gov
     * In compliance with Civil Local Rule 5-1(i),
26   the filer of this document attests that all   *Attorneys for Defendant-Intervenor State of*
     signatories listed have concurred in the filing   *Kansas*
27   of this document.
                                             *[Additional counsel listed on next page]*
28

                                  16
                                                          Answer of Defendant-Intervenor States,
                                                          Case No. 4:19-cv-06013-JST

KEVIN G. CLARKSON
Attorney General of Alaska

LESLIE RUTLEDGE
Attorney General of Arkansas

LAWRENCE G. WASDEN
Attorney General of Idaho

ERIC S. SCHMITT
Attorney General of Missouri

WAYNE STENEHJEM
Attorney General of North Dakota

SEAN REYES
Attorney General of Utah

PATRICK MORRISEY
Attorney General of West Virginia

BRIDGET HILL
Attorney General of Wyoming

Answer of Defendant-Intervenor States,
Case No. 4:19-cv-06013-JST

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

I HEREBY CERTIFY that on May 29, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system, which will send notification of such to the attorneys of record.

4

5

DATED:  May 29, 2020                    Respectfully submitted,

6

7

8

9

10

11

12

13

/s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr. (*pro hac vice*)
*Solicitor General*
Office of the Alabama Attorney General
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130
Telephone: (334) 353-2196
Fax: (334) 353-8400
E-mail: edmund.lacour@AlabamaAG.gov

*Attorney for Defendant-Intervenor State of Alabama*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28