JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Chief
COBY HOWELL, Senior Trial Attorney
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
1000 S.W. Third Avenue
Portland, OR 97204
Phone: (503) 727-1023
Fax: (503) 727-1117
Email: coby.howell@usdoj.gov

*Attorneys for Federal Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STATE OF CALIFORNIA, et al., | Case. No. 4:19-cv-06013-JST |
| Plaintiffs, | FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| vs. | |
| DAVID BERNHARDT, et al., | |
| Federal Defendants. | |

Federal Defendants, David Bernhardt, in his official capacity as Secretary of the U.S. Department of the Interior ("DOI"), the U.S. Fish and Wildlife Service ("FWS"), Wilbur Ross, in his official capacity as Secretary of the U.S. Department of Commerce (DOC), and the National Marine Fisheries Service ("NMFS"), provide the following Answer to Plaintiffs' Amended Complaint (ECF 28). Federal Defendants

1

deny any allegations in Plaintiffs' complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

1. The allegations in Paragraph 1 contain Plaintiffs' characterizations of this action to which no response is required. To the extent a response is required, the allegations are denied.

2. The allegations in Paragraph 2 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3. Federal Defendants admit only that Congress enacted the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 et seq., in 1973. The remaining allegations in Paragraph 3 characterize the ESA, and the court decision in *Tennessee Valley Auth. v. Hill*, 437 U.S. 153 (1978), a statute and court decision that speak for themselves and are the best evidence of their contents; any allegations contrary to the plain language, meaning, and context of the ESA and the referenced court decision are denied.

4. The allegations in Paragraph 4 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents; any allegations contrary to the plain language, meaning, and context of the ESA are denied.

5. Federal Defendants admit the allegations in the first sentence of Paragraph 5. With respect to the allegations in the second sentence, Federal Defendants admit only that the populations of the black footed ferret, California condor, whooping crane, and shortnose sturgeon have increased since they were

listed under the ESA. Due to vagueness and ambiguity with respect to the phrases "at the brink of extinction" and "dramatic population increases," Federal Defendants deny those allegations. Federal Defendants admit the remaining allegations in the second sentence.

6.    Federal Defendants deny the allegations in the first sentence of Paragraph 6, which also contains legal conclusions to which no response is required. The remainder of Paragraph 6's allegations characterize the ESA, a statute that speaks for itself and is the best evidence of its contents; any allegations contrary to the plain language, meaning, and context of the ESA are denied.

7.    The allegations in Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8.    Federal Defendants admit the allegations in Paragraph 8.

9.    The allegations in the first clause of Paragraph 9 characterize the rules published at 84 Fed. Reg. 45020 (Aug. 27, 2019) ("Final ESA Section 4 Rule"); 84 Fed. Reg. 44,976 (Aug. 27, 2019) ("Final ESA Section 7(a)(2) Rule"); and 84 Fed. Reg. 44,753 (Aug. 27, 2019) ("Final ESA Section 4(d) Rule") (collectively, "Final ESA Rules"); rules that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced Final Rules are denied. The allegations in the remainder of Paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

10.     The allegations in Paragraph 10 characterize the Final ESA Section 4 Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Final ESA Section 4 Rule is denied. The allegations in Paragraph 10 also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

11.     The allegations in Paragraph 11 characterize the Final ESA Section 7(a)(2) Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Final ESA Section 7(a)(2) Rule is denied. The allegations in Paragraph 10 also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12.     The allegations in Paragraph 12 characterize the Final ESA Section 4(d) Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Final ESA Section 4(d) Rule is denied. The allegations in Paragraph 12 also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

13.     The allegations in Paragraph 13 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

14.     Paragraph 14 describes Plaintiffs' request for relief, to which no response is required. To the extent a further response is required, the Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

15.     The allegations in Paragraph 15 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16.     The allegations in Paragraph 16 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

17.     The allegations in Paragraph 17 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18.     The allegations in the first two sentences of Paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the third sentence of Paragraph 18 and therefore deny the allegations.

19.     The allegations in Paragraph 19 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

20.    The allegations in the first and third sentences of Paragraph 20 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 20 characterize the California Endangered Species Act and unspecified other laws that speak for themselves and are the best evidence of their contents; any allegations contrary to the plain language, meaning, and context of the California Endangered Species Act and other laws is denied.

21.    The allegations in the first sentence of Paragraph 21 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In further response to the allegations in the first sentence of Paragraph 21, Federal Defendants admit that federally listed endangered or threatened species occur within the State of California or its waters. Federal Defendants admit the allegations in the second sentence of Paragraph 21. The allegations in the third sentence "are subject to the ESA's section 7 consultation requirements" are legal conclusions to which no response is required. With respect to the remaining allegations in the third sentence, Federal Defendants admit that there are federal public lands, federal water projects, and federal facilities within California, but Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations regarding the acreage of those lands and therefore deny the allegations. The allegations in the fourth sentence of Paragraph 21 regarding "countless acres of federal lands and numerous non-federal facilities and activities" are too vague and ambiguous to permit a response, and Federal

6

Defendants deny them on that basis. The remaining allegations in the fourth sentence of Paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

22. The allegations in Paragraph 22 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

23. The allegations in the first sentence of Paragraph 23 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In further response to the allegations in the first sentence of Paragraph 23, Federal Defendants admit that federally listed endangered or threatened species occur within the State of Massachusetts, including the piping plover, northern long-eared bat, shortnose sturgeon, and leatherback sea turtle. In response to the allegations in the second sentence of Paragraph 23, the phrases "significant resources" and "numerous laws" are too vague and ambiguous to permit a response, and Federal Defendants deny those portions of that sentence on that basis. The remaining allegations in the second sentence of Paragraph 23 characterize the Massachusetts Endangered Species Act and other laws that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws are denied. The allegations in the third sentence of Paragraph 23 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

24.     The allegations in Paragraph 24 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

25.     The first sentence of Paragraph 25 characterizes Maryland state laws including the Nongame and Endangered Species Act, statutes that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws are denied. The allegations in the second sentence of Paragraph 25 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In further response to the allegations in the second sentence of Paragraph 25, Federal Defendants admit that federally listed endangered or threatened species occur within the State of Maryland. Federal Defendants admit the allegations in the third and fourth sentences of Paragraph 25. The allegations in the fifth sentence of Paragraph 25 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

26.     The allegations in Paragraph 26 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

27.     Paragraph 27 characterizes Colorado state laws and legislative enactments that speak for themselves and are the best evidence of their contents.

Any allegations contrary to the plain language, meaning, and context of the referenced laws and legislative enactments are denied.

28.    Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the first sentence of Paragraph 28 and therefore deny the allegations. With respect to the allegations in the second sentence, Federal Defendants admit that the Arkansas darter, Gunnison's prairie dog, greater sage-grouse, and Rio Grande cutthroat trout are not listed under the ESA. Due to vagueness and ambiguity with respect to the phrase "conservation successes" Federal Defendants deny the remaining allegations in the second sentence. Federal Defendants admit the allegations in the third sentence of Paragraph 28.  The allegations in the fourth sentence of Paragraph 28 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

29.    With respect to the allegations in Paragraph 29, Federal Defendants admit that there are federal lands, including national parks, within Colorado, but Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations regarding the acreage of those lands and therefore deny the remaining allegations. The allegations in Paragraph 29 "subject to ESA's section 7 consultation requirements" are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

30.     The allegations in Paragraph 30 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

31.     Paragraph 31 characterizes Connecticut state laws and legislative enactments that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws and legislative enactments are denied.

32.     The allegations in the first sentence of Paragraph 32 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In further response to the allegations in the first sentence of Paragraph 32, Federal Defendants admit that federally listed endangered or threatened species occur within the State of Connecticut, including the Northern long-eared bat, Indiana bat, Kemp's Ridley sea turtle, Atlantic green turtle, loggerhead turtle, and Atlantic sturgeon. The allegations in the second sentence of Paragraph 32 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the second sentence of Paragraph 32 also characterize Connecticut state laws, including the Connecticut Endangered Species Act, laws that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws are denied. The allegations in the third sentence of Paragraph 32 state legal

conclusions to which no response is required. To the extent a response is required, the allegations are denied.

33.     The allegations in Paragraph 33 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

34.     The allegations in the first and second sentences of Paragraph 34 characterize Illinois state laws and the court decision *United Taxidermists Ass'n v. Illinois Dept. of Natural Resources*, 436 Fed. Appx. 692, 695 (7th Cir. 2011), laws and a court decision that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws and court decision are denied. The allegations in the third sentence of Paragraph 34 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

35.     The allegations in the first sentence of Paragraph 35 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In further response to the allegations in the first sentence of Paragraph 35, Federal Defendants admit only that federally listed endangered or threatened species occur within the State of Illinois and its waters. Federal Defendants admit the allegations in the second and third sentences of Paragraph 35. With respect to the allegations in the fourth sentence of Paragraph 35, the words "significant" and "numerous" are too vague and ambiguous to permit a response, and Federal Defendants deny the

11

fourth sentence on that basis, and aver that Illinois contains federally owned lands. The allegations in the fourth sentence of Paragraph 35 "all subject to ESA's section 7 consultation requirements" are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

36.   The allegations in Paragraph 36 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

37.   The allegations in Paragraph 37 characterizes Michigan state laws and legislative enactments that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws and legislative enactments are denied.

38.   The allegations in the first sentence of Paragraph 38 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In further response to the allegations in the first sentence of Paragraph 38, Federal Defendants admit only that federally listed endangered or threatened species occur within the State of Michigan. Federal Defendants admit the allegations in the second sentence. The allegations in the third sentence of Paragraph 38 are vague and ambiguous, and Federal Defendants deny them on that basis. The allegations in the fourth third sentence of Paragraph 38 "making them subject to the ESA's section 7 consultation requirements" is a legal conclusion to which no response is required. To the extent a response is required, the allegations

are denied. With respect to the remaining allegations in the fourth sentence, Federal Defendants admit only that there are federal lands within Michigan, but Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations regarding the acreage of those lands and therefore deny the allegations. Federal Defendants admit the allegations in the fifth sentence.

39.    The allegations in Paragraph 39 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

40.    The allegations in the first, second, third, fourth, tenth, and twelfth sentences of Paragraph 40 state conclusions of law to which no response is required, and characterize Minnesota state laws and legislative enactments that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws and legislative enactments are denied. The allegations in the fifth sentence of Paragraph 40 characterizes Minnesota state laws and the federal ESA, laws that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws and legislative enactments are denied. The allegations in the sixth, seventh, and eighth sentences of Paragraph 40 characterize the Minnesota List of Endangered, Threatened, and Special Concern Species, a list that speaks for itself and is the best evidence of its

contents. Any allegations contrary to the plain language, meaning, and context of that List are denied. In further response to the allegations in the sixth, seventh, and eighth sentences of Paragraph 40, Federal Defendants admit only that the Topeka shiner, Higgins eye pearlymussel, winged mapleleaf mussel, and rusty-patched bumble bee are federally listed as endangered, and the Canada lynx and prairie fringed orchid are federally listed as threatened.  In response to the allegations in the ninth sentence of Paragraph 40, Federal Defendants admit that the rusty-patched bumble bee is listed as endangered under the Federal definition. The remaining allegations in the ninth sentence of Paragraph 40 characterize the Minnesota List of Endangered, Threatened, and Special Concern Species, a list that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of that List are denied. Federal Defendants admit the allegations in the tenth sentence of Paragraph 40. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the eleventh sentence and therefore deny the allegations. With respect to the allegations in the twelfth sentence, Federal Defendants admit only that many of the species defined under federal regulations occur in other states.  Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the twelfth sentence and therefore deny the allegations. The allegations in the thirteenth sentence of Paragraph 40 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

41.     The allegations in Paragraph 41 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

42.     The allegations in the first, second, and third sentences of Paragraph 42 characterize court decisions and Nevada state laws that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws and court decisions are denied. The allegations in the fourth sentence of Paragraph 42 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

43.     With respect to the allegations in the first sentence of Paragraph 43, Federal Defendants admit only that there are federal lands within Nevada, but Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations regarding the acreage and percentage of those lands and therefore deny the allegations. The allegations in the second sentence "are subject to the ESA's section 7 consultation requirements" are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the third sentence are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the fourth sentence of Paragraph 43 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that

basis. In further response to the allegations in the fourth sentence of Paragraph 43, Federal Defendants admit only that federally listed endangered or threatened species occur within the State of Nevada. Federal Defendants admit the allegations in the fifth sentence of Paragraph 43.

44.     The allegations in Paragraph 44 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

45.     The allegations in the first sentence of Paragraph 45 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In further response to the allegations in the first sentence of Paragraph 45, Federal Defendants admit only that federally listed endangered or threatened species occur within the State of New Jersey, including the piping plover, red knot, Northern long-eared bat, Indiana bat, and dwarf wedgemussel. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the second sentence of Paragraph 45 and therefore deny the allegations. The allegations in the third and fourth sentences of Paragraph 45 characterize state laws that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws and court decisions are denied.

46.     The allegations in the first, second, and fifth sentences of Paragraph 46 are too vague and ambiguous to permit a response, and Federal Defendants deny

them on that basis. Federal Defendants admit the allegations in the third sentence, and aver that some red knots migrate annually between North American wintering grounds and the Arctic. Federal Defendants admit the allegations in the fourth sentence of Paragraph 46.

47.     The allegations in Paragraph 47 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

48.     Federal Defendants deny the allegations in the first sentence of Paragraph 48, and aver that FWS lists 41 federally listed animal species and 13 federally listed plant species that are believed to occur in New Mexico. Federal Defendants admit the allegations in the second sentence of Paragraph 48.

49.     The allegations in the first and second sentences of Paragraph 49 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the third sentence of Paragraph 49 and therefore deny the allegations. Federal Defendants admit the allegations in the fourth sentence of Paragraph 49. With respect to the allegations in the fifth sentence of Paragraph 49, Federal Defendants admit only that eight additional national wildlife refuges are located within New Mexico. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the fifth sentence and therefore deny the allegations.

Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the sixth and seventh sentences of Paragraph 49 and therefore deny the allegations.

50.     The allegations in Paragraph 50 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

51.     The allegations in the first sentence of Paragraph 51 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In further response to the allegations in the first sentence of Paragraph 51, Federal Defendants admit only that federally listed endangered or threatened species occur within the State of New York and its waters. Federal Defendants admit the allegations in the second and third sentences of Paragraph 51. The allegations in the fourth sentence of Paragraph 51 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

52.     The allegations in the first, third, fourth and eighth sentences of Paragraph 52 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. With respect to the allegations in the second sentence, Federal Defendants admit only that there are ten National Wildlife Refuges in New York that are home to federally protected species including piping plover, and dozens of other federal sites. The allegations "subject to ESA Section 7 consultation requirements" are legal conclusions to which no response is required.

18

To the extent a response is required, the allegations are denied. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the second sentence and therefore deny the allegations. The allegations in the fifth sentence of Paragraph 52 are too vague and ambiguous to permit a response and NMFS denies them on that basis. Federal Defendants admit the allegations in the sixth sentence. With respect to the allegations in the seventh sentence, due to vagueness with respect to the phrase "one of the greatest endangered species success stories," Federal Defendants deny that allegation. With respect to the remaining allegations in the seventh sentence, Federal Defendants deny that critical habitat was designated for the bald eagle. The allegations in the eighth sentence of Paragraph 52 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required.

53.     The allegations in Paragraph 53 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

54.     The allegations in the first sentence of Paragraph 54 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second and third sentences of Paragraph 54 characterize state laws that speak for themselves and are the best

evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws are denied.

55.     Federal Defendants deny the allegations in the first sentence of Paragraph 55 regarding the number of listed species, and aver that there are 40 animals and 26 plants listed by FWS that are believed to occur in North Carolina. With respect to the allegations in the second sentence of Paragraph 55, the allegations "subject to ESA Section 7 consultation requirements" are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants admit only that there are FWS and National Park Service-managed lands in North Carolina. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the second sentence and therefore deny the allegations.

56.     The allegations in Paragraph 56 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

57.     The allegations in the first and fourth sentences of Paragraph 57 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second and third sentences of Paragraph 57 characterize state laws that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws are denied.

58.     The allegations in the first, second, third, and fourth sentences of Paragraph 58 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In further response to the allegations in the first and second sentences, Federal Defendants aver that species of fish, land animals, and plants listed as endangered or threatened by the Services occur in the State of Oregon; and that some of these species have been affected by Federal projects or Federal land management actions subject to ESA section 7 consultation. Federal Defendants admit the allegations in the third sentence of Paragraph 58.

59.     With respect to the allegations in the first sentence of Paragraph 59, Federal Defendants admit only that there are federal lands within Oregon, including DOI lands such as Crater Lake National Park and 18 national wildlife refuges, but Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations regarding the acreage of those lands and therefore deny the allegations. With respect to the remaining allegations in the first sentence, Federal Defendants deny that the Borax Lake Chub is found on federal land, aver that the Foskett speckled dace was delisted on October 15, 2019, and admit the remaining allegations. Federal Defendants deny the allegations in the second sentence of Paragraph 59.

60.     The allegations in Paragraph 60 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

61.     The allegations in Paragraph 61 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. In addition, the allegations in Paragraph 61 characterize state laws, constitutional provisions, and a court decision that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws, constitution, and court decision, are denied.

62.     The allegations in the first sentence of Paragraph 62 are too vague and ambiguous to permit a response as to the number of listed species "known to occur in Pennsylvania," and Federal Defendants deny them on that basis. In further response to the allegations in the first sentence of Paragraph 62, Federal Defendants admit only that federally listed endangered or threatened species occur within the State of Pennsylvania, including the rusty patched bumble bee, piping plover, and long-eared bat. The allegations in the second, third, and fourth sentences of Paragraph 62 characterize state laws that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws are denied. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the fifth sentence of Paragraph 62 and therefore deny the allegations.

63.     The allegations in Paragraph 63 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to

which no response is required. To the extent a response is required, the allegations are denied.

64.     The allegations in the first and third sentences of Paragraph 64 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 64 characterize state laws that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws are denied.

65.     The allegations in the first sentence of Paragraph 65 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In further response to the allegations in the first sentence of Paragraph 65, Federal Defendants admit only that federally listed endangered or threatened species occur within the State of Rhode Island and its waters. With respect to the allegations in the second sentence, Federal Defendants deny that the New England cottontail is federally listed, and aver that they are without knowledge or information sufficient to ascertain the truth or falsity of the allegations regarding the New England cottontail and therefore deny the allegations. Federal Defendants further deny that the American burying beetle lives in four states, and admit the remaining allegations in the second sentence of Paragraph 65. With respect to the allegations in the third sentence of Paragraph 65, Federal Defendants admit only that there are federal lands within Rhode Island, including federal wildlife refuges, but Federal Defendants are without knowledge or information sufficient to ascertain

the truth or falsity of the allegations regarding the acreage of those lands and therefore deny the remaining allegations. The remaining allegations in the third sentence are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the fourth sentence of Paragraph 65 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

66.     The allegations in Paragraph 66 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

67.     The allegations in the first, second, and third sentences of Paragraph 67 characterize state laws that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws are denied. The allegations in the fourth sentence of Paragraph 67 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

68.     With respect to the allegations in the first sentence of Paragraph 68, Federal Defendants admit only that federal lands, including those identified by Plaintiffs, are located within Vermont, but Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations regarding the acreage of those lands and therefore deny the allegations. The allegations in the second sentence of Paragraph 68 are legal conclusions to

which no response is required. To the extent a response is required, the allegations are denied.

69.     The allegations in Paragraph 69 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

70.     The allegations in Paragraph 70 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

71.     Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the first two sentences of Paragraph 71 and therefore deny the allegations. In further response to the allegations in the first and second sentences, Federal Defendants admit only that federally listed species occur in the State of Washington, including the southern resident killer whales, pygmy rabbits, streaked horned larks, and green sea turtles. The allegations in the third sentence purport to characterize Washington's list of state candidate species, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation that is inconsistent with the plain language and meaning of the State candidate list. The allegations in the fourth sentence of Paragraph 71 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In further response to the allegations in the fourth sentence of Paragraph 71, Federal Defendants admit only that federally listed endangered or threatened

species occur within the State of Washington. Federal Defendants deny the allegations in the fifth sentences of Paragraph 71, and aver that FWS proposed the wolverine for listing, but it is not on the candidate list; that the island marble butterfly was recently listed (85 FR 26786); and that the Southern Sierra Nevada Distinct Population Segment of fisher was recently listed (85 FR 29532).

72.     The allegations in the first sentence of Paragraph 72 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. With respect to the allegations in the second sentence of Paragraph 72, Federal Defendants admit only that the Taylor's checkerspot butterfly is native to the Pacific Northwest and is restricted to eleven known populations, with eight of those populations occurring in Washington State. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the second sentence of Paragraph 72 and therefore deny the remaining allegations.

73.     With respect to the allegations in the first sentence of Paragraph 73, Federal Defendants admit only that federal lands, including those identified by Plaintiffs, are located within Washington, but Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations regarding the acreage of those lands and therefore deny the allegations. The allegations in the second sentence of Paragraph 73 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

74.     The allegations in Paragraph 74 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

75.     The allegations in Paragraph 75 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

76.     The allegations in the second and third sentences of Paragraph 76 characterize state laws and legislative enactments that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced laws and legislative enactments are denied. The allegations in the first and fourth sentences of Paragraph 76 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

77.     The allegations in the first sentence of Paragraph 77 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. Federal Defendants deny the allegations in the second sentence, and aver that there are 24 species listed by FWS as threatened or endangered that are believed to occur in Wisconsin. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the third sentence of Paragraph 77 and therefore deny the allegations. With respect to the allegations in the fourth

27

and fifth sentences of Paragraph 77, Federal Defendants admit only that FWS has partnered with Wisconsin to work on piping plover recovery through habitat restoration and protection. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the fourth and fifth sentences and therefore deny the allegations. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the sixth and seventh sentences of Paragraph 77 and therefore deny the allegations. With respect to the allegations in the eight sentence, Federal Defendants aver that the Kirtland's warbler was delisted (84 FR 54436). Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the eighth sentence and therefore deny the allegations.

78.     Federal Defendants admit the allegations in the first sentence of Paragraph 78. The allegations in the second sentence of Paragraph 78 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the third sentence "are thus subject to the ESA's section 7 consultation requirements" are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. With respect to the remaining allegations in the third sentence, Federal Defendants admit that federal lands are located within Wisconsin, but Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations regarding

the acreage of those lands and therefore deny the allegations. Federal Defendants admit the allegations in the fourth sentence of Paragraph 78.

79.    The allegations in the first, second, third, and seventh sentences of Paragraph 79 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants admit the allegations in the fourth and fifth sentences of Paragraph 79. With respect to the allegations in the sixth sentence of Paragraph 79, Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations regarding the historic range of the bog turtle and therefore deny the allegations.

80.    The allegations in Paragraph 80 contain Plaintiffs' characterizations of this action to which no response is required, and also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

81.    The allegations in the first sentence of Paragraph 81 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. Federal Defendants admit the allegations in the second sentence of Paragraph 81. The allegations in the third sentence of Paragraph 81 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

82.    In response to the allegations in Paragraph 82, Federal Defendants admit only that David Bernhardt is the Secretary of the United States Department

of the Interior; that he has responsibility for implementing and fulfilling certain duties of the Department, including the administration of the ESA with regard to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species; and that he signed the Final ESA Rules at issue in Plaintiffs' Complaint. The remaining allegations in Paragraph 82 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

83.     In response to the allegations in Paragraph 83, Federal Defendants admit only that Wilbur Ross is the Secretary of the United States Department of Commerce, and has responsibility for implementing and fulfilling certain duties of the Department, including the administration of the ESA with regard to endangered and threatened marine and anadromous species. In further response to the allegations in Paragraph 83, Federal Defendants admit only that Secretary Ross signed the Final ESA Section 7(a)(2) Rule and Final ESA Section 4 Rule at issue in Plaintiffs' Complaint, and deny that Secretary Ross signed the Final ESA Section 4(d) Rule. The remaining allegations in Paragraph 83 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

84.     In response to the allegations in Paragraph 84, Federal Defendants admit only that the United States Fish and Wildlife Service is an agency within the United States Department of the Interior to which the Secretary of the Interior has delegated authority to administer the ESA with regard to endangered and

threatened terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in Paragraph 84 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

85.     In response to the allegations in Paragraph 85, Federal Defendants admit only that the National Marine Fisheries Service is an agency within the United States Department of Commerce to which the Secretary of Commerce has delegated authority to administer the ESA with respect to endangered and threatened marine and anadromous species. The remaining allegations in Paragraph 85 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

86.     The allegations in Paragraph 86 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

87.     The allegations in Paragraph 87 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

88.     The allegations in Paragraph 88 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

89.     The allegations in Paragraph 89 characterize the ESA and regulations thereunder, as well as the court decision *Cal ex. rel. v. Lockyer v. U.S. Dep't of*

31

*Agric.*, 575 F.3d 999 (9th Cir. 2009), a statute, regulations, and court decision that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced statute, regulations, and court decision are denied.

90. The allegations in Paragraph 90 characterize the ESA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute and regulations are denied.

91. The allegations in Paragraph 91 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

92. The allegations in Paragraph 92 characterize the ESA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute and regulations are denied.

93. The allegations in Paragraph 93 characterize the Administrative Procedure Act ("APA"), as well as the court decisions in *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983) and *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837 (1984); a statute and court decisions that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced statute and court decisions are denied.

94.     The allegations in Paragraph 94 characterize the court decisions in *Encino Motorcars, LLC v. Navarro*, 136 S. Ct 2117 (2016); *National Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005) and *Federal Commc'ns. Comm'n v. Fox Television Stations, Inc.,* 556 U.S. 502 (2009); court decisions that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced court decision are denied.

95.     The allegations in Paragraph 95 characterize the APA and court decisions in *Connecticut Light & Power Co. v. Nuclear Regulatory Comm'n*, 673 F.2d 525 (D.C. Cir. 1982); *Home Box Office v. Federal Commc'ns Comm'n*, 567 F.2d 9 (D.C. Cir. 1977); and *Natural Res. Def. Council v. Environmental Prot. Agency*, 279 F.3d 1180 (9th Cir. 2002); a statute and court decisions that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced statute and court decision are denied.

96.     The allegations in Paragraph 96 characterize the National Environmental Policy Act ("NEPA"), a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

97.     The allegations in Paragraph 97 characterize NEPA and regulations thereunder, as well as court decisions in *National Parks & Conservation Ass'n v. Babbitt*, 241 F.3d 722 (9th Cir. 2001) and *Idaho Sporting Cong. v. Thomas*, 137 F.3d

1146 (9th Cir. 1998); a statute, regulations, and court decisions that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced statute, regulations, and court decisions are denied.

98.     The allegations in Paragraph 98 characterize NEPA and regulations thereunder, as well as the court decisions in *Advocates v. U.S. Army Corps of Eng'rs*, 402 F.3d 846 (9th Cir. 2005); a statute, regulations, and court decision that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced statute, regulations, and court decision are denied.

99.     The allegations in Paragraph 99 characterize NEPA and regulations thereunder, as well as NOAA Administrative Order 216-6A and the court decisions in *Coalition of Concerned Citizens to Make Art Smart v. Federal Transit Admin. of U.S. Dep't of Transp.*, 843 F.3d 886  (10th Cir. 2016); a statute, regulations, administrative order and court decision that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced statute, regulations, administrative order and court decision are denied.

100.    Federal Defendants admit the allegations in Paragraph 100.

101.    The allegations in the first sentence of Paragraph 101 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. With respect to the allegations in the second sentence of Paragraph 101, the

34

allegations "and thus subject to FWS's longstanding regulation prohibiting take of threatened species" are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the third and fourth sentences of Paragraph 101 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

102.    Federal Defendants admit the allegations in Paragraph 102.

103.    Federal Defendants admit the allegations in the first, second, and third sentences of Paragraph 103. With respect to the allegations in the fourth sentence of Paragraph 103, the allegations "promising evidence of a growing population" are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the fifth sentence of Paragraph 103 and therefore deny the allegations.

104.    Federal Defendants admit the allegations in Paragraph 104.

105.    The allegations in Paragraph 105 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

106.    Federal Defendants admit the allegations in the first sentence of Paragraph 106. In response to the allegations in the second sentence of Paragraph 106, Federal Defendants admit only that the Services revised the ESA section 4 and 7 implementing regulations in 81 Fed. Reg. 7439 (Feb. 11, 2016); 81 Fed. Reg. 7214 (Feb. 11, 2016); and 80 Fed. Reg. 26,832 (May 11, 2015). The remaining allegations

in the second sentence of Paragraph 106 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

107.    Federal Defendants admit the allegations in the first sentence of Paragraph 107. The remaining allegations in Paragraph 107 characterize the proposed ESA Section 4(d), Section 7(a)(2) and Section 4 rules published at 83 Fed. Reg. 35,174 (July 25, 2018); 83 Fed. Reg. 35,178 (July 25, 2018); and 83 Fed. Reg. 35,193 (July 25, 2018) ("proposed rules"); Proposed Rules that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rules are denied.

108.    In response to the allegations in Paragraph 108, Federal Defendants admit only that some of the State Plaintiffs submitted comments on the Proposed Rules. The remaining allegations in Paragraph 108 characterize the State Plaintiffs' comments on the Proposed Rules, comments that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of these comments are denied.

109.    Federal Defendants admit the allegations in the first sentence of Paragraph 109. The allegations in the second sentence of Paragraph 109 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

110.    The allegations in Paragraph 110 characterize the Final ESA Section 4 Rule, a rule that speaks for speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Final

ESA Section 4 Rule are denied. The allegations in Paragraph 110 also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

111.    The allegations in Paragraph 110 characterize the Final ESA Section 7(a)(2) Rule, a rule that speaks for speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Final ESA Section 7(a)(2) Rule are denied. The allegations in Paragraph 111 also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

112.    The allegations in Paragraph 112 characterize the Final ESA Section 4(d) Rule, a rule that speaks for speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Final ESA Section 7(a)(2) Rule are denied. The allegations in Paragraph 112 also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

113.    The allegations in Paragraph 113 characterize the Final ESA Rules, rules that speak for themselves and are the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Final ESA Rules are denied. The allegations in Paragraph 113 also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

114.    The allegations in Paragraph 114 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

115.    The allegations in Paragraph 115 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

116.    The allegations in Paragraph 116 characterize the ESA, a statute that speaks for speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

117.    The allegations in the first two sentences of Paragraph 117 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the third sentence of Paragraph 117 characterize the Final ESA Rules, rules that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the Final ESA Rules are denied. The allegations in the fourth sentence of Paragraph 117 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

118.    The allegations in Paragraph 118 characterize the ESA, as well as the court decisions in *National Ass'n of Home Builders v. Babbitt*, 130 F.3d 1041 (D.C. Cir. 1997); *San Luis & Delta–Mendota Water Auth. v. Salazar,* 638 F.3d 1163 (9th Cir. 2011); and *Tennessee Valley Auth. v. Hill*, 437 U.S. 153 (1978); a statute and court decisions that speak for themselves and are the best evidence of their

contents. Any allegations contrary to the plain language, meaning, and context of the statute and referenced court decisions are denied.

119.    The allegations in the first and third sentences of Paragraph 119 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 119 characterize the Final ESA Rules, rules that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the Final ESA Rules are denied. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the fourth sentence of Paragraph 119 and therefore deny the allegations. The allegations in the fifth sentence of Paragraph 119 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis, and aver that State Plaintiffs and the Services often take account of each other's efforts to conserve rare species and often work cooperatively to conserve such species.

120.    The allegations in Paragraph 120 characterize the ESA, the Final ESA Rules, and the court decision in *Air Alliance Hous. v. U.S. Envtl. Prot. Agency*, 906 F.3d 1049 (D.C. Cir. 2018), a statute, rules and court decision that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute, the ESA Final Rules, and referenced court decision are denied.  The remaining allegations Paragraph 120

state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

121.   The allegations in the first sentence of Paragraph 121 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 121 are vague and ambiguous, and Federal Defendants deny them on that basis. The allegations in the second sentence of Paragraph 121 also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

122.   The allegations in Paragraph 122 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

123.   The allegations in Paragraph 123 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

124.   Federal Defendants' responses to Paragraphs 1 through 123 are reasserted and incorporated herein by reference.

125.   The allegations in Paragraph 125 characterize the APA and the court decisions in *Babbitt v. Sweet Home Chapter of Cmtys. for a Great Oregon*, 515 U.S. 687 (1995) and *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984); a statute and court decisions that speak for themselves and are the best

evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced statute and court decision are denied.

126.    The allegations in Paragraph 126 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

127.    The allegations in Paragraph 127 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 127 also characterize the Final ESA Section 4 Rule, the ESA, and regulations thereunder, a rule, statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the ESA, regulations, and Final ESA Section 4 Rule are denied.

128.    The allegations in Paragraph 128 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 128 also characterize the Final ESA Section 7(a)(2) Rule, the ESA, and regulations thereunder, a rule, statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the ESA, regulations, and Final ESA Section 7(a)(2) Rule are denied.

129.    The allegations in Paragraph 129 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 128 also characterizes the Final ESA Section

4(d) Rule and the ESA, a rule and statute that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the ESA and the Final ESA Section 4(d) Rule are denied.

130.    The allegations in Paragraph 130 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

131.    Federal Defendants' responses to Paragraphs 1 through 130 are reasserted and incorporated herein by reference.

132.    The allegations in Paragraph 132 characterize the APA and the court decision in *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983); a statute and court decision that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced statute and court decision are denied.

133.    The allegations in Paragraph 133 characterize the APA and the court decisions in *Air for Everyone v. U.S. Envtl. Prot. Agency*, 488 F.3d 1088 (9th Cir. 2007); *Connecticut Light & Power Co. v. Nuclear Regulatory Comm'n,* 673 F.2d 525 (D.C. Cir. 1982); and *Prometheus Radio Project v. Federal Commc'ns. Comm'n*, 652 F.3d 431 (3d Cir. 2011); a statute and court decision that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced statute and court decision are denied.

134.    The allegations in Paragraph 134 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

135.    The allegations in Paragraph 135 state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied. The allegations in Paragraph 135 also characterize the Final ESA Section 4 Rule, the ESA, and regulations thereunder, a rule, statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the ESA, regulations, and Final ESA Section 4 Rule are denied.

136.    The allegations in Paragraph 136 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 136 also characterize the Final ESA Section 7(a)(2) Rule, the ESA, and regulations thereunder, a rule, statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the ESA, regulations, and Final ESA Section 7(a)(2) Rule are denied.

137.    The allegations in Paragraph 137 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 137 also characterize the Final ESA Section 4(d) Rule and the ESA, a rule and statute that speak for themselves and are the

best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the ESA and Final ESA Section 4(d) Rule are denied.

138.   The allegations in Paragraph 138 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 138 also characterize the Final ESA Rules, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the Final ESA Rules are denied.

139.   The allegations in Paragraph 139 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

140.   Federal Defendants' responses to Paragraphs 1 through 139 are reasserted and incorporated herein by reference.

141.   The allegations in Paragraph 141 characterize NEPA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of NEPA and its regulations are denied.

142.   The allegations in Paragraph 142 characterize NEPA implementing regulations and the court decision in *Friends of the Wild Swan v. Weber*, 767 F.3d 936 (9th Cir. 2014), regulations and a court decision that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain

language, meaning, and context of the referenced regulations and court decision are denied.

143.   The allegations in Paragraph 143 characterize a comment letter by State Plaintiffs and the Final ESA Rules, a letter and rules that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced comment letter and the Final ESA Rules are denied.

144.   The allegations in Paragraph 144 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

145.   The allegations in Paragraph 145 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 145 also characterize the ESA Final Section 7(a)(2) Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Final ESA Section 7(a)(2) Rule is denied.

146.   The allegations in Paragraph 146 characterize regulations under NEPA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the NEPA regulations are denied.

147.   The allegations in Paragraph 147 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

148.   The allegations in Paragraph 148 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

<u>Prayer for Relief</u>

The remainder of Plaintiffs' complaint constitutes their requests for relief, to which no response is required. To the extent a further response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

<u>General Denial</u>

Federal Defendants deny any allegations in the Amended Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

<u>Defenses</u>

1.   The Court lacks subject matter jurisdiction

DATED: June 1, 2020.

Respectfully submitted,

JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief

46

MEREDITH FLAX, Assistant Chief
COBY HOWELL, Senior Trial Attorney

*/s/ Michael Eitel*
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
1000 S.W. Third Avenue
Portland, OR 97204
Phone: (503) 727-1023
Fax: (503) 727-1117
Email: coby.howell@usdoj.gov

*Attorneys for Federal Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.


*/s/ Michael Eitel*
MICHAEL EITEL, Senior Attorney