DAMIEN M. SCHIFF, No. 235101
Email: dschiff@pacificlegal.org
CHARLES T. YATES, No. 327704
Email: cyates@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

JONATHAN WOOD, No. 285229
Email: jwood@pacificlegal.org
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 610
Arlington, Virginia 22201-5330
Telephone: (202) 888-6881
Facsimile: (916) 419-7747

Attorneys for Private Landowner Intervenors

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>                                   Plaintiffs,<br><br>          v.<br><br>DAVID BERNHARDT, U.S. Secretary of the Interior, et al.,<br><br>                                   Defendants,<br><br>and<br><br>KENNETH KLEMM; BEAVER CREEK BUFFALO CO.; WASHINGTON CATTLEMEN'S ASSOCIATION; and PACIFIC LEGAL FOUNDATION,<br><br>          Private Landowner Intervenors. | No. 4:19-cv-06013-JST<br><br>**ANSWER OF PRIVATE LANDOWNER INTERVENORS**<br><br><br>Judge: Honorable Jon S. Tigar |

For their answer to the complaint of State of California, Commonwealth of Massachusetts, State of Maryland, State of Colorado, State of Connecticut, State of Illinois, People of the State of Michigan, State of Minnesota, State of Nevada, State of New Jersey, State of New Mexico, State of New York, State of North Carolina, State of Oregon, Commonwealth of Pennsylvania, State of Rhode Island, State of Vermont, State of Washington, State of Wisconsin, District of Columbia, and City of New York (collectively "State Plaintiffs"), Defendant-Intervenors Kenneth Klemm, Beaver Creek Buffalo Co., Washington Cattlemen's Association, and Pacific Legal Foundation (collectively "Private Landowner Intervenors") admit, deny, and allege as follows:

**INTRODUCTION**

1.     The allegations in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2.     The allegations in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3.     The allegations in paragraph 3 constitute conclusions of law and Plaintiffs' characterization of the Endangered Species Act, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4.     The allegations in paragraph 4 purport to characterize 16 U.S.C. §§ 1531(b), (c), 1532(3), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

5.     Private Landowner Intervenors admit the allegations in the first sentence of paragraph 5. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 5, and on that basis deny the same.

///

6.      The allegations in paragraph 6 constitute conclusions of law and Plaintiffs' characterization of 16 U.S.C. §§ 1533, 1536, 1538, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Any allegations contrary to the plain language and meaning of these provisions are further denied.

7.      Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 7, and on that basis deny the same. The allegations in paragraph 7 also contain conclusions of law to which no answer is required.

8.      Private Landowner Intervenors admit the allegations in paragraph 8.

9.      The allegations in paragraph 9 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in paragraph 9 also purport to characterize the Final Rules which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the Rules are denied.

10.     The allegations in paragraph 10 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in paragraph 10 also purport to characterize Revision of the Regulations for Listing Species and Designating Critical Habitat, 84 Fed. Reg. 45,020 (Aug. 27, 2019) (the "Listing Rule"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

11.     The allegations in paragraph 11 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in paragraph 11 also purport to characterize Revision of Regulations for Interagency Cooperation, 84 Fed. Reg. 44,976 (Aug. 27, 2019) (the "Interagency Consultation Rule"), which speaks for itself and is the best evidence of

///

its contents. Any allegations contrary to the plain language and meaning of this document are denied.

12.     The allegations in paragraph 12 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations in paragraph 11 also purport to characterize Revision of the Regulations for Prohibitions to Threatened Wildlife and Plants, 84 Fed. Reg. 44,753 (Aug. 27, 2019) (the "4(d) Rule), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

13.     The allegations in paragraph 13 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14.     The allegations in paragraph 14 constitute Plaintiffs' characterization of their claim for relief, which requires no response. To the extent that a response may be deemed required, Private Landowner Intervenors deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## JURISDICTION AND VENUE

15.     The allegations in paragraph 15 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16.     The allegations in paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17.     The allegations in paragraph 17 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

///

**INTRADISTRICT ASSIGNMENT**

18.     The allegations in paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**PARTIES**

19.     The allegations in paragraph 19 constitute conclusions of law and Plaintiffs' characterization of Cal. Const. art. V, § 13, and Cal. Gov't Code §§ 12511, 12600–12612, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20.     The allegations in paragraph 19 constitute conclusions of law and Plaintiffs' characterization of the California Endangered Species Act, Cal. Water Code § 102 and Cal. Fish and Game Code §§ 711.7(a), 1802, 2050, 2051(c), 2052, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21.     Private Landowner Intervenors admit the allegations in the first sentence of paragraph 21. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 21, and on that basis deny the same. These allegations also contain conclusions of law to which no answer is required.

22.     The allegations in paragraph 22 constitute conclusions of law and Plaintiffs' characterization of Mass. Const. art. XCVII and Mass. Gen. Laws ch. 12, §§ 3, 11D, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23.     Private Landowner Intervenors admit the allegations in the first sentence of paragraph 23. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23, and on that basis deny the same. The remaining allegations also contain conclusions of law

///

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24.    The allegations in paragraph 24 constitute conclusions of law and Plaintiffs' characterization of Md. Const. art. V, § 3(a)(2) and Md. Code Ann., State Gov't § 6-106.1, to which no answer is required.

25.    The allegations in the first sentence of paragraph 25 constitute conclusions of law and Plaintiffs' characterization of Md. Code Ann., Nat. Res. §§ 10-2A, *et seq.*, to which no answer is required. Private Landowner Intervenors admit the allegations in the second, third, and fourth sentences of paragraph 25. The allegations in the final sentence of paragraph 25 contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26.    The allegations in paragraph 26 constitute conclusions of law and Plaintiffs' characterization of Colo. Rev. Stat. § 24-31-101, to which no answer is required.

27.    The allegations in paragraph 27 purport to characterize Colo. Rev. Stat. §§ 24-33-101, 24-33-111(1), (2), 33-1-101(2), 33-2-101 to -107, 33-2-102, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

28.    Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 28, and on that basis deny the same.

29.    The allegations in paragraph 29 constitute conclusions of law to which no answer is required.

30.    The allegations in paragraph 30 constitute conclusions of law and Plaintiffs' characterization of Conn. Gen. Stat. § 3-125, to which no answer is required.

31.    The allegations in paragraph 31 purport to characterize the Connecticut Endangered Species Act which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this statute are denied.

32.     Private Landowner Intervenors admit the allegations in the first sentence of paragraph 32. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32, and on that basis deny the same. To the extent the allegations purport to characterize the Connecticut Endangered Species Act and the Connecticut Environmental Protections Act, these statutes speaks for themselves and are the best evidence of their contents. The final sentence of paragraph 32 also contains conclusions of law to which no answer is required.

33.     The allegations in paragraph 33 constitute conclusions of law and Plaintiffs' characterization of Ill. Const., art V, § 15, to which no answer is required.

34.     The allegations in paragraph 34 purport to characterize 515 Ill. Comp. Stat. 5, 520 Ill. Comp. Stat. 5/2.1, 520 Ill. Comp. Stat. 10, 520 Ill. Comp. Stat. 20, 525 Ill. Comp. Stat. 5/6, and 525 Ill. Comp. Stat. 33, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. These allegations also contain conclusions of law to which no answer is required.

35.     Private Landowner Intervenors admit the allegations in the first sentence of paragraph 35. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35, and on that basis deny the same. The remaining allegations in Paragraph 35 also contain conclusions of law to which no answer is required.

36.     The allegations in paragraph 36 constitute conclusions of law and Plaintiffs' characterization of Mich. Const. art. 4, § 52, and Mich. Comp. Laws § 14.28, to which no answer is required. Any allegations contrary to the plain language and meaning of these provisions are denied.

37.     The allegations in paragraph 37 purport to characterize Mich. Comp. Laws §§ 324.36502, 324.40105, 324.48702(1), which speak for themselves and are the

///

best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

38.     Private Landowner Intervenors admit the allegations in the first sentence of paragraph 38. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 38, and on that basis deny the same. The fourth and fifth sentences of paragraph 38 contain conclusions of law to which no answer is required.

39.     The allegations in paragraph 39 constitute conclusions of law to which no answer is required.

40.     The allegations in the first eight sentences of paragraph 40 purport to characterize Minn. Stat. §§ 84.0895, 84.941, 97A.501, and Minn. R. 6212.1800–2300, 6134.0200, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 40, and on that basis deny the same.

41.     The allegations in the first three sentences of paragraph 41 purport to characterize Nev. Const. art. V, § 19, and Nev. Rev. Stat. § 228.180, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 41, and on that basis deny the same.

42.     The allegations in paragraph 42 constitute conclusions of law and Plaintiffs' characterization of Nev. Rev. Stat. § 501.100, to which no answer is required.

43.     Private Landowner Intervenors admit the allegations in the first and fourth sentences of paragraph 43. The allegations in the second and third sentences of paragraph 43 constitute conclusions of law to which no answer is required. Private

Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 43, and on that basis deny the same.

44.     The allegations in paragraph 44 constitute conclusions of law and Plaintiffs' characterization of N.J. Stat. Ann. § 23:2A-2, to which no answer is required.

45.     Private Landowner Intervenors admit the allegations in the first and second sentences of paragraph 45. The remainder of the allegations in paragraph 45 purport to characterize the Endangered Non-Game Species Conservation Act, the Endangered Plant Species List Act, the Freshwater Wetlands Protection Act, the Highlands Water Protection and Planning Act, the Pinelands Comprehensive Management Plan, and the Coastal Zone Management Rules, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

46.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 46, and on that basis deny the same.

47.     The allegations in paragraph 47 constitute conclusions of law and Plaintiffs' characterization of N.M. Const. art. XX, § 21, and N.M. Stat. §§ 8-5-2, 17-1-5.1, 75-6-1, to which no answer is required

48.     Private Landowner Intervenors admit the allegations in paragraph 48.

49.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the first four sentences of paragraph 49, and on that basis deny the same. Private Landowner Intervenors admit the allegations in the fifth, sixth, and seventh sentences of paragraph 49.

50.     The allegations in paragraph 50 constitute conclusions of law and Plaintiffs' characterization of N.Y. Const. art. XIV, § 3, and N.Y. Envtl. Conserv. Law §§ 11-0105, 11-0535, to which no answer is required.

///

51.     Private Landowner Intervenors admit the allegations in the first sentence of paragraph 51. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51, and on that basis deny the same.

52.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 52, and on that basis deny the same.

53.     The allegations in paragraph 53 constitute conclusions of law and Plaintiffs' characterization of N.C. Gen. Stat. §§ (8)(a), 114-2(1), to which no answer is required.

54.     The allegations in paragraph 54 constitute conclusions of law and Plaintiffs' characterization of N.C. Gen. Stat. § 113-131(a), 113-331 to -337, to which no answer is required.

55.     Private Landowner Intervenors admit the allegations in the first sentence of paragraph 55. The allegations in the second sentence of paragraph 55 constitute conclusions of law to which no answer is required.

56.     The allegations in the first two sentences of paragraph 56 constitute conclusions of law and Plaintiffs' characterization of Ore. Rev. Stat. § 180.060(1), to which no answer is required. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 56, and on that basis deny the same.

57.     The allegations in paragraph 57 constitute conclusions of law and Plaintiffs' characterization of Or. Rev. Stat. §§ 496.171–496.192, 498.002, 498.026, and Or. Admin. R. 635-415-0000, 660-15-00000(5), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

58.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 58, and on that basis deny the same.

59.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 59, and on that basis deny the same.

60.     The allegations in paragraph 60 constitute conclusions of law and Plaintiffs' characterization of Pa. Const. art. IV, § 4.1, and 71 Pa. Cons. Stat. § 732.204, to which no answer is required.

61.     The allegations in paragraph 61 constitute conclusions of law and Plaintiffs' characterization of Pa. Const. art. I, § 27, to which no answer is required.

62.     Private Landowner Intervenors admit the allegations in the first sentence of paragraph 62. The remaining allegations in paragraph 62 constitute conclusions of law and Plaintiffs' characterization of 34 Pa. Cons. Stat. § 2167, 30 Pa. Cons. Stat. §§ 102, 2305, and 17 Pa. Code ch. 45, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

63.     The allegations in paragraph 63 constitute conclusions of law and Plaintiffs' characterization of R.I. Const. art. I, § 17 and R.I. Gen. Laws § 10-20-1, *et seq.*, to which no answer is required.

64.     The allegations in paragraph 64 constitute conclusions of law and Plaintiffs' characterization of R.I. Const. art. I, § 17; to the extent they may be deemed allegations of fact, they are denied.

65.     Private Landowner Intervenors admit the allegations in the first sentence of paragraph 65. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 65, and on that basis deny the same. The remaining allegations also contain conclusions of law to which no answer is required.

66.     The allegations in paragraph 66 constitute conclusions of law and Plaintiffs' characterization of Vt. Stat. Ann. tit. 3, § 152, to which no answer is required.

///

67.     The allegations in paragraph 67 constitute conclusions of law and Plaintiffs' characterization of Vt. Stat. Ann. tit. 10, §§ 4081(a)(1), 5401, to which no answer is required.

68.     Private Landowner Intervenors admit the allegations in the first sentence of paragraph 68. The allegations in the second sentence of paragraph 68 contain conclusions of law to which no answer is required.

69.     The allegations in paragraph 69 constitute conclusions of law to which no answer is required.

70.     The allegations in paragraph 70 constitute conclusions of law and Plaintiffs' characterization of Wash. Rev. Code §§ 77.04.012, 77.04.055, 77.110.030, to which no answer is required.

71.     The allegations in paragraph 71 purport to characterize Wash. Admin. Code 220-610-010, 220-200-100, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. Private Landowner Intervenors admit the remaining allegations in paragraph 71.

72.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 72, and on that basis deny the same.

73.     Private Landowner Intervenors admit the allegations in the first sentence of paragraph 73. The allegations in the second sentence of paragraph 73 constitute conclusions of law to which no answer is required.

74.     The allegations in paragraph 74 constitute conclusions of law and Plaintiffs' characterization of Wis. Stat. § 165.25(1m) to which no answer is required.

75.     The allegations in paragraph 75 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

76.     The allegations in paragraph 76 constitute conclusions of law and Plaintiffs' characterization of Wis. Stat. §§ 29.011(1), 29.604, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

77.     Private Landowner Intervenors admit the allegations in the second sentence of paragraph 77. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77, and on that basis deny the same.

78.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 78, and on that basis deny the same. The remaining allegations in paragraph 78 constitute conclusions of law to which no answer is required.

79.     The allegations in the first three sentences of paragraph 79 constitute conclusions of law and Plaintiffs' characterization of D.C. Code § 1-301.81(a)(1) to which no answer is required. Private Landowner Intervenors admit the allegations in the fourth and fifth sentences of paragraph 79. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79, and on that basis deny the same.

80.     The allegations in paragraph 80 constitute conclusions of law and Plaintiffs' characterization of N.Y. City, N.Y., Charter, Chap. 17, § 394, to which no answer is required.

81.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 81, and on that basis deny the same.

82.     The allegations in the first two sentences of paragraph 82 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Private Landowner Intervenors admit the allegations in the final sentence of paragraph 82.

///

83.     The allegations in the first two sentences of paragraph 83 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Private Landowner Intervenors admit the allegations in the final sentence of paragraph 83.

84.     The allegations in paragraph 84 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

85.     The allegations in paragraph 85 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## STATUTORY BACKGROUND

### I.     ENDANGERED SPECIES ACT.

86.     The allegations in paragraph 86 purport to characterize 16 U.S.C. § 1531(b) which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied. These allegations also contain conclusions of law to which no answer is required.

87.     The allegations in paragraph 87 purport to characterize 16 U.S.C. §§ 1532(6), (20), 1533, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

88.     The allegations in paragraph 88 purport to characterize 16 U.S.C. §§ 1532(5)(A), 1533(a)(3)(A)(i), (b)(6)(C), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

89.     The allegations in paragraph 89 purport to characterize 16 U.S.C. § 1536(a)(1), (a)(2), (b)(3), (c)(1), 50 C.F.R. §§ 402.12(c)–(e), 402.14(a), (b)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The

allegations in paragraph 89 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

90. The allegations in paragraph 90 purport to characterize 16 U.S.C. § 1536(b)(3)(A) and 50 C.F.R. § 402.14(b)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

91. The allegations in paragraph 91 purport to characterize 16 U.S.C. § 1536(b)(3)(A), (b)(4), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

92. The allegations in paragraph 92 purport to characterize 16 U.S.C. §§ 1532(19), 1533(d) 1536(b)(4), 1538(a)(1)(B), (G), (a)(2), 1539(a)(1)(B), 50 C.F.R. §§ 17.31, 17.71, 40 Fed. Reg. 44, 412 (Sept. 26, 1975), and 42 Fed. Reg. 32,374, 32,380 (June 24, 1977), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

## II. ADMINISTRATIVE PROCEDURE ACT.

93. The allegations in paragraph 93 purport to characterize the APA and 5 U.S.C. § 706(2), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

94. The allegations in paragraph 94 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

95. The allegations in paragraph 95 purport to characterize 5 U.S.C. §§ 551(5), 553(b), (c), which speak for themselves and are the best evidence of their

contents. Any allegations contrary to the plain language and meaning of these provisions are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**III.     NATIONAL ENVIRONMENTAL POLICY ACT.**

96.     The allegations in paragraph 96 purport to characterize NEPA and 40 C.F.R. § 1500.1(a)–(c), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

97.     The allegations in paragraph 97 purport to characterize 42 U.S.C. § 4332(2)(C) and 40 C.F.R. §§ 1508.18(a), 1508.9, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

98.     The allegations in paragraph 98 purport to characterize 40 C.F.R. §§ 1508.9, 1508.27(a), (b)(9), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

99.     The allegations in paragraph 99 purport to characterize 40 C.F.R. §§ 1508.4, 1507.3(b)(2)(ii) and 43 C.F.R. § 46.210(i), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

1

**FACTUAL AND PROCEDURAL BACKGROUND**

2

**I.      SPECIES PROTECTION UNDER THE ESA.**

3

100.      Private Landowner Intervenors admit the allegations in paragraph 100.

4

101.      Private Landowner Intervenors lack information sufficient to form a

5

belief as to the truth of the allegations in paragraph 101, and on that basis deny the

6

same.

7

102.      Private Landowner Intervenors lack information sufficient to form a

8

belief as to the truth of the allegations in paragraph 102, and on that basis deny the

9

same.

10

103.      Private Landowner Intervenors lack information sufficient to form a

11

belief as to the truth of the allegations in paragraph 103, and on that basis deny the

12

same.

13

104.      Private Landowner Intervenors lack information sufficient to form a

14

belief as to the truth of the allegations in paragraph 104, and on that basis deny the

15

same.

16

**II.     THE ESA'S IMPLEMENTING REGULATIONS AND THE FINAL RULES.**

17

105.      The allegations in paragraph 105 constitute conclusions of law and

18

Plaintiffs' characterization of the Endangered Species Act to which no answer is

19

required; to the extent they may be deemed allegations of fact, they are denied.

20

106.      The allegations in paragraph 106 purport to characterize 45 Fed. Reg.

21

13,010 (Feb. 27, 1980), 48 Fed. Reg. 38,900 (Oct. 1, 1984), 51 Fed. Reg. 19,926 (June 3,

22

1986), 80 Fed. Reg. 26,832 (May 11, 2015), 81 Fed. Reg. 7,214 (Feb. 11, 2016), and 81

23

Fed. Reg. 7,439 (Feb. 11, 2016), which speak for themselves and are the best evidence

24

of their contents. Any allegations contrary to the plain language and meaning of these

25

documents are denied.

26

107.      Private Landowner Intervenors admit the allegations in the first

27

sentence of paragraph 107 to the extent that the notices were published in the Federal

28

Register on July 25, 2018. To the extent the allegations in paragraph 107 purport to

characterize 83 Fed. Reg. 35,174 (July 25, 2018) (the "Proposed 4(d) Rule"), 83 Fed. Reg. 35,178 (July 25, 2018) (the "Proposed Interagency Consultation Rule"), and 83 Fed. Reg. 35,193 (July 25, 2018) (the "Proposed Listing Rule"), these documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

108.     Private Landowner Intervenors admit the allegations in paragraph 108 to the extent that many of the State Plaintiffs submitted comments on September 24, 2018. To the extent that the allegations in paragraph 108 purport to characterize these documents, the documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. Plaintiffs' characterization of the documents also contains conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

109.     Private Landowner Intervenors admit the allegations in the first sentence of paragraph 109. The remainder of the allegations in paragraph 109 constitute conclusions of law and Plaintiffs' characterization of the Final Rules to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

110.     The allegations in paragraph 110 purport to characterize the Listing Rule which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

111.     The allegations in paragraph 111 purport to characterize the Interagency Consultation Rule which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

112.     The allegations in paragraph 112 purport to characterize the 4(d) Rule which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

113.     The allegations in paragraph 113 constitute conclusions of law and Plaintiffs' characterization of the Final Rules to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

III.     **IMPACTS OF THE FINAL RULES ON STATE PLAINTIFFS.**

114.     The allegations in paragraph 114 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

115.     The allegations in paragraph 115 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

116.     The allegations in paragraph 116 purport to characterize 16 U.S.C. § 1535(a), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

117.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 117, and on that basis deny the same. These allegations also contain conclusions of law to which no answer is required.

118.     The allegations in the first sentence of paragraph 118 purport to characterize 16 U.S.C. § 1531(a)(3), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied. The remaining allegations constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

119.    Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 119, and on that basis deny the same. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

120.    Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 120, and on that basis deny the same. These allegations also contain conclusions of law to which no answer is required.

121.    Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 121, and on that basis deny the same.

122.    The allegations in paragraph 122 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

123.    The allegations in paragraph 123 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**FIRST CAUSE OF ACTION**
**(Violations of the ESA and APA,**
**16 U.S.C. §§ 1532, 1533, 1536; 5 U.S.C. § 706)**

124.    Private Landowner Intervenors' responses to paragraphs 1 to 123 are incorporated herein by reference.

125.    The allegations in the first sentence of paragraph 125 purport to characterize 5 U.S.C. § 706(A), (C), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. The allegations in the second sentence of paragraph 125 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

126.     The allegations in paragraph 126 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

127.     The allegations in paragraph 127 purport to characterize the Listing Rule, the ESA, and the APA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

a.     The allegations in paragraph 127(a) purport to characterize the Listing Rule, 50 C.F.R. § 424.11(b), and 16 U.S.C. §§ 1531(b), (c), 1533(b)(1)(A), 1536(a)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

b.     The allegations in paragraph 127(b) purport to characterize the Listing Rule, 50 C.F.R. § 424.11(d), and 16 U.S.C. §§ 1531(b), (c), 1532(20), 1533(b)(1)(A), 1536(a)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

c.     The allegations in paragraph 127(c) purport to characterize the Listing Rule, 50 C.F.R. § 424.11(d), and 16 U.S.C. §§ 1531(b), (c), 1532(3), 1533(f), 1536(a)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

d.     The allegations in paragraph 127(d) purport to characterize the Listing Rule, 50 C.F.R. § 424.12, and 16 U.S.C. §§ 1531(b), (c), 1533(a)(3)(A), 1536(a)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

e.     The allegations in paragraph 127(e) purport to characterize the Listing Rule, 50 C.F.R. § 424.12(b)(2), and 16 U.S.C. §§ 1531(b)-(c), 1532(5)(A), 1533(a)(3)(A), 1536(a)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

f.     The allegations in paragraph 127(f) purport to characterize the Listing Rule, 50 C.F.R. § 424.12(b)(2), and 16 U.S.C. §§ 1531(b)-(c), 1532(5)(A), 1536(a)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

128.     The allegations in paragraph 128 purport to characterize the Interagency Consultation Rule, the ESA, and the APA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

a.     The allegations in paragraph 128(a) purport to characterize the Interagency Consultation Rule, 50 C.F.R. § 402.02, and 16 U.S.C. §§ 1531(b), (c), 1532(5)(A), 1536(a)(1), (2), which speak for themselves and are the best evidence of

their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

b.     The allegations in paragraph 128(b) purport to characterize the Interagency Consultation Rule, 50 C.F.R. §§ 402.02, 402.17, and 16 U.S.C. §§ 1531(b), (c) 1536(a)(1), (a)(2), (b), (c), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

c.     The allegations in paragraph 128(c) purport to characterize the Interagency Consultation Rule, 50 C.F.R. §§ 402.02, 402.17, and 16 U.S.C. §§ 1531(b), (c) 1536(a)(1) (a)(2), (b), (c), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

d.     The allegations in paragraph 128(d) purport to characterize the Interagency Consultation Rule, 50 C.F.R. §§ 402.14(g)(8), and 16 U.S.C. §§ 1531(b), (c) 1536(a)(1), (a)(2), (b)(4), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

e.     The allegations in paragraph 128(e) purport to characterize the Interagency Consultation Rule, 50 C.F.R. §§ 402.14(h), and 16 U.S.C. §§ 1531(b), (c) 1536(a)(1), (a)(2), (b)(3)(A), which speak for themselves and are the best evidence of

1   their contents. Any allegations contrary to the plain language and meaning of these

2   provisions are denied. These allegations also contain conclusions of law to which no

3   answer is required; to the extent they may be deemed allegations of fact, they are

4   denied.

5           f.      The allegations in paragraph 128(f) purport to characterize the

6   Interagency Consultation Rule, 50 C.F.R. §§ 402.02, and 16 U.S.C. §§ 1531(b), (c),

7   1536(a)(1), (a)(2), (b), which speak for themselves and are the best evidence of their

8   contents. Any allegations contrary to the plain language and meaning of these

9   documents are denied. These allegations also contain conclusions of law to which no

10  answer is required; to the extent they may be deemed allegations of fact, they are

11  denied.

12          g.      The allegations in paragraph 128(g) purport to characterize the

13  Interagency Consultation Rule, 50 C.F.R. §§ 402.14(l), and 16 U.S.C. §§ 1531(b), (c)

14  1536(a)(1), (a)(2), (b), which speak for themselves and are the best evidence of their

15  contents. Any allegations contrary to the plain language and meaning of these

16  provisions are denied. These allegations also contain conclusions of law to which no

17  answer is required; to the extent they may be deemed allegations of fact, they are

18  denied.

19          h.      The allegations in paragraph 128(h) purport to characterize the

20  Interagency Consultation Rule, 50 C.F.R. § 402.16(b), and 16 U.S.C. §§ 1531(b), (c),

21  1536(a)(1), (a)(2), (b), which speak for themselves and are the best evidence of their

22  contents. Any allegations contrary to the plain language and meaning of these

23  provisions are denied. These allegations also contain conclusions of law to which no

24  answer is required; to the extent they may be deemed allegations of fact, they are

25  denied.

26          129.    The allegations in paragraph 129 purport to characterize the 4(d) Rule

27  and 16 U.S.C. §§ 1531(b), (c), 1536(a)(1), (a)(2), (b), which speak for themselves and

28  are the best evidence of their contents. Any allegations contrary to the plain language

and meaning of these documents and provisions are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

130.    The allegations in paragraph 130 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## SECOND CAUSE OF ACTION
### (Violations of the APA, 5 U.S.C. §§ 553, 706)

131.    Private Landowner Intervenors' responses to paragraphs 1 to 130 are incorporated herein by reference.

132.    The allegations in paragraph 132 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

133.    The allegations in paragraph 133 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

134.    The allegations in paragraph 134 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

135.    The allegations in paragraph 135 purport to characterize the Listing Rule which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

a.    The allegations in paragraph 135(a) purport to characterize the Listing Rule and 50 C.F.R. § 424.11(b), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of

law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

b.      The allegations in paragraph 135(b) purport to characterize the Listing Rule and 50 C.F.R. § 424.11(d), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

c.      The allegations in paragraph 135(c) purport to characterize the Listing Rule and 50 C.F.R. § 424.11(d), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

d.      The allegations in paragraph 135(d) purport to characterize the Listing Rule and 50 C.F.R. § 424.12(a)(1), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

e.      The allegations in paragraph 135(e) purport to characterize the Listing Rule and 50 C.F.R. § 424.12(b)(2), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

f.      The allegations in paragraph 135(f) purport to characterize the Listing Rule and 50 C.F.R. § 424.12, which speak for themselves and are the best

evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

136.    The allegations in paragraph 136 purport to characterize the Interagency Consultation Rule which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

a.    The allegations in paragraph 136(a) purport to characterize the Interagency Consultation Rule and 50 C.F.R. § 402.02, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

b.    The allegations in paragraph 136(b) purport to characterize the Interagency Consultation Rule and 50 C.F.R. §§ 402.02, 402.17, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the Rule are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

c.    The allegations in paragraph 136(c) purport to characterize the Interagency Consultation Rule and 50 C.F.R. § 402.02, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

d.      The allegations in paragraph 136(d) purport to characterize the Interagency Consultation Rule and 50 C.F.R. § 402.13(c), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

e.      The allegations in paragraph 136(e) purport to characterize the Interagency Consultation Rule and 50 C.F.R. § 402.14(g)(8), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

f.      The allegations in paragraph 136(f) purport to characterize the Interagency Consultation Rule and 50 C.F.R. §§ 402.14(h), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

g.      The allegations in paragraph 136(g) purport to characterize the Interagency Consultation Rule and 50 C.F.R. §§ 402.02, 402.16, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

h.      The allegations in paragraph 136(h) purport to characterize the Interagency Consultation Rule and 50 C.F.R. §§ 402.14(l), 402.16, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also

contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

   i.    The allegations in paragraph 136(i) purport to characterize the Interagency Consultation Rule and 50 C.F.R. § 402.16, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

   137.    The allegations in paragraph 137 purport to characterize the 4(d) Rule which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the Rule are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

   138.    The allegations in paragraph 138 purport to characterize the Listing Rule and the Interagency Consultation Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these Rules are denied. These allegations also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

   139.    The allegations in paragraph 139 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## THIRD CAUSE OF ACTION
### (Violation of NEPA and the APA;
### 42 U.S.C. § 4332(2)(C); 5 U.S.C. § 706)

   140.    Private Landowner Intervenors' responses to paragraphs 1 to 139 are incorporated herein by reference.

   141.    The allegations in paragraph 141 purport to characterize 42 U.S.C. § 4332(2)(C) and 40 C.F.R. § 1502.3, which speak for themselves and are the best

evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

142.     The allegations in paragraph 142 purport to characterize 40 C.F.R. § 1508.27, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied. These allegations also contain conclusions of law to which no answer is required.

143.     Private Landowner Intervenors deny the allegations in paragraph 143. The allegations in paragraph 143 also purport to characterize the Final Rules which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are further denied.

144.     The allegations in paragraph 144 constitute conclusions of law and Plaintiffs' characterization of 40 C.F.R. § 1508.4 to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

145.     The allegations in paragraph 145 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

146.     The allegations in paragraph 146 constitute conclusions of law and Plaintiffs' characterization of 43 C.F.R. § 46.215 to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

147.     The allegations in paragraph 147 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

148.     The allegations in paragraph 148 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**PRAYER FOR RELIEF**

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Prayer for Relief, which requires no response. To the extent that a response may be deemed required,

1   Private Landowner Intervenors deny that Plaintiffs are entitled to the relief requested

2   or to any relief whatsoever.

3                           **GENERAL DENIAL**

4          Private Landowner Intervenors hereby deny any allegations of Plaintiffs'

5   Complaint, whether express or implied, that are not otherwise specifically admitted

6   or qualified herein.

7          DATED: June 1, 2020.

8                                          Respectfully submitted,

9                                          DAMIEN M. SCHIFF
                                           JONATHAN WOOD
10                                         CHARLES T. YATES

11
                                           By s/ Jonathan Wood
12                                                  JONATHAN WOOD

13                                         Attorneys for Private Landowner
                                           Intervenors
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28