JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief
COBY HOWELL, Senior Trial Attorney
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
1000 S.W. Third Avenue
Portland, OR 97204
Phone: (503) 727-1023
Fax: (503) 727-1117
Email: coby.howell@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (Oakland)

| | |
|---|---|
| STATE OF CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID BERNHARDT, et al., <br><br> Federal Defendants. | Case. No. 4:19-cv-06013-JST <br><br> **NOTICE AND SUPPLEMENTAL STATEMENT REGARDING THE PARTIES' CASE MANAGEMENT STATEMENT** <br><br> Judge: The Honorable Jon S. Tigar |

In view of the parties' competing statements in the case management statements[1] and the discussion with the Court at the case management conference, Federal Defendants respectfully submit this notice and accompanying declarations regarding the agencies' production of the administrative records and, if ordered, the date by which the agencies reasonably can produce a log of privileged documents that relate to the challenged rulemakings.

1. Federal Defendants identified July 23, 2020, as the deadline by which the U.S. Fish and Wildlife Service and the National Marine Fisheries Service can produce the

---

[1] *See* ECF 108 in 19-cv-6013, ECF 96 in 19-cv-5206, ECF 68 in 19-cv-6812.

administrative records for the three challenged regulations. ECF 108 at 7, in 19-cv-6013. This deadline is premised on the agencies producing administrative records comprised of the materials directly or indirectly considered by agency decision makers. Consistent with Department of Justice and agency guidance,[2] as well as the holdings of numerous courts, the administrative records would not contain predecisional deliberations among agency staff, nor a privilege log identifying the subset of predecisional deliberative documents that are privileged. *See, e.g., Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019); *Cook Inletkeeper v. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010); *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, No. 2:17-CV-3412, 2020 WL 858599, at *4 (D.S.C. Feb. 21, 2020); *ASSE Int' l, Inc. v. Kerry*, No. SACV 14-00534-CJC(JPRx), 2018 WL 3326687, at *2 -*3 (C.D. Cal. Jan. 3, 2018); *Carlsson v. U.S. Citizenship & Immigration Servs.*, No. 2:12-CV-07893-CAS, 2015 WL 1467174, at *7 (C.D. Cal. Mar. 23, 2015); *California v. U.S. Dep't of Labor*, No. 2:13-CV-02069-KJM, 2014 WL 1665290, at *13 (E.D. Cal. Apr. 24, 2014).

2.  Current estimates of the forthcoming administrative records are that they will comprise more than 200,000 documents spanning more than 425,000 pages of text. Federal Defendants believe that these records will comply with the requirements of the Administrative Procedure Act and are more than sufficient to allow for effective judicial review. *National Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 659 (2007) (federal courts ordinarily are empowered to review only the agency's final action, not its preliminary determinations): *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 156 F.3d 1279, 1279–80 (D.C. Cir. 1998) (agency action is to be reviewed based the agency's stated reasons, not its internal deliberations). This premise is particularly warranted here, where the agency regulations are the product of notice-and-comment rulemaking; the agencies issued regulations that adhered to formal procedures and included a defined public docket containing all

---

[2] The applicable guidance is discussed in the accompanying Declaration of Samuel D. Rauch and included as Attachments A and B to that declaration. The guidance confirms the view of the United States that "agency deliberative documents are not properly considered part of the administrative record and therefore generally should not be produced as part of the record filed with the court." Rauch Decl., Attach. B at 1.

information provided by the Plaintiffs and the public (favorable or adverse). *See, e.g.*, 5 U.S.C. § 553; https://www.regulations.gov/docket?D=FWS-HQ-ES-2018-0009 (last visited July 1, 2020). *See also Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.,* No. C 17-05211 WHA, 2018 WL 1210551, *2 (N.D. Cal. 2018) (distinguishing its case from those involving "notice-and-comment rulemaking" and a "defined record").

3.  Plaintiffs disagree with Federal Defendants' position and have demanded production of a privilege log. Federal Defendants continue to believe that the appropriate mechanism to address this dispute is for Federal Defendants to file the administrative records as planned on July 23, 2020. If, after reviewing the administrative records, Plaintiffs believe the records are incomplete and require supplementation or preparation of a privilege log, Plaintiffs should file a motion demonstrating the deficiency and specifying the specific relief they seek. The parties can then brief the issues in dispute. *See State v. U.S. Dep't of Homeland Sec.*, No. 19-CV-04975-PJH, 2020 WL 1557424, at *9 (N.D. Cal. Apr. 1, 2020) ("[A] court may order a privilege log and include non-privileged deliberative documents in the record but only after providing the federal government the opportunity to argue the issue."); *see also Sierra Club v. Zinke*, No. 17-CV-07187-WHO, 2018 WL 3126401, at *2 (N.D. Cal. June 26, 2018) ("An agency's designation of the record is presumed complete, but plaintiffs may overcome the presumption by 'identifying the allegedly omitted materials with sufficient specificity and identifying reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record.'") (quotation omitted); *San Luis & Delta-Mendota Water Auth. v. Jewell*, No. 15-CV01290-LJO, 2016 WL 3543203, at *19 (E.D. Cal. June 23, 2016) ("To require a privilege log as a matter of course in any administrative record case where a privilege appears to have been invoked would undermine the presumption of correctness."). Alternatively, if the Court prefers that the issue be resolved in advance of filing the record, Federal Defendants should be afforded an opportunity to fully brief their position on the proper scope of the administrative record.

4.  Our understanding from the case management conference on June 30, 2020, is that the Court tentatively agrees with Plaintiffs that Federal Defendants should produce a

Fed. Defendants' Notice, 4:19-cv-06013-JST                                                              3

privilege log, but the Court allowed for the filing of supplemental materials addressed to this issue. If the Court orders the agencies to produce a log identifying any privileged, predecisional deliberative documents relating to the challenged regulations, the Court should not order the agencies to produce the privilege log by July 23, 2020. As set forth in the attached declarations of Samuel D. Rauch III and Gina M. Shultz, the agencies lack the resources to physically compile all predecisional deliberative materials and perform necessary privilege reviews of those documents within that condensed time frame. Instead, the agencies anticipate that, absent unforeseen technological or public health difficulties, they will require 90 days to complete the tasks necessary to compile and log the predecisional deliberative materials and perform privilege reviews of those materials.

For the reasons set forth above, Federal Defendants request that the Court allow the agencies to designate an administrative record by July 23, 2020, and thereafter require Plaintiffs to meet their burden to demonstrate the record is inadequate for judicial review (if they believe the record produced is, in fact, inadequate). Alternatively, if the Court intends to order a date-certain for the agencies to produce a log of predecisional deliberative documents that are privileged, Federal Defendants respectfully request that it provide the agencies with 90 days from the date of the Court's order to compile and produce a log of privileged predecisional deliberative materials.

DATED: July 6, 2020.

JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

COBY HOWELL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

*/s/ Michael R. Eitel*
MICHAEL R. EITEL, Senior Trial Attorney

1
2
3
4
5

U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
1000 S.W. Third Avenue
Portland, OR 97204
Phone: (503) 727-1023
Fax: (503) 727-1117
Email: coby.howell@usdoj.gov

6

*Attorneys for Federal Defendants*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (Oakland)

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br>    Plaintiffs,<br>vs.<br>DAVID BERNHARDT, et al.,<br>    Federal Defendants. | Case. No. 4:19-cv-05206-JST<br><br>**CERTIFICATE OF SERVICE** |
| STATE OF CALIFORNIA, et al.,<br>    Plaintiffs,<br>vs.<br>DAVID BERNHARDT, et al.,<br>    Federal Defendants. | Case. No. 4:19-cv-06013-JST<br><br>**CERTIFICATE OF SERVICE** |
| ANIMAL LEGAL DEFENSE FUND,<br>    Plaintiff,<br>vs.<br>DAVID BERNHARDT, et al.,<br>    Federal Defendants. | Case. No. 4:19-cv-06812-JST<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                            */s/ Michael R. Eitel*
                            MICHAEL R. EITEL, Senior Attorney