UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| STATE OF CALIFORNIA, et al., | Case No. 19-cv-06013-JST |
|---|---|
| Plaintiffs, | |
| v. | **SCHEDULING ORDER AND ORDER REGARDING PRODUCTION OF PRIVILEGE LOG** |
| DAVID BERNHARDT, et al., | |
| Defendants. | |

The Court hereby sets the following case deadlines pursuant to the parties' stipulation, ECF No. 108, Federal Rule of Civil Procedure 16, and Civil Local Rule 16-10:

| Event | Deadline |
|---|---|
| Deadline to add parties or amend the pleadings[1] | July 10, 2020 |
| Deadline for Federal Defendants to file the administrative record(s) for the Final Rules | July 23, 2020 |
| Any motions challenging the completeness of the administrative record(s) due[2] | September 25, 2020 |
| Plaintiffs' Motions for Summary Judgment, which will not exceed 40 pages for each group of Plaintiffs | December 18, 2020 |
| Federal Defendants' Combined Oppositions to Motions for Summary Judgment and Cross-Motions for Summary Judgment, which will not exceed a total of 120 pages | February 19, 2021 |

---

[1] After this deadline, a party may still seek amendment, but must demonstrate good cause. Fed. R. Civ. P. 16(b)(4).

[2] The filing of such a motion shall toll the merits briefing schedule.

| Event | Deadline |
|---|---|
| Intervenor-Defendants' Combined Oppositions to Motions for Summary Judgment and Cross-Motions for Summary Judgment. State-Intervenors' Combined Opposition and Cross-Motion will not exceed 25 pages. Industry-Intervenors' Combined Opposition and Cross-Motion will not exceed 25 pages. Private-Landowner-Intervenors' Combined Opposition and Cross-Motion will not exceed 25 pages. | March 12, 2021 |
| Plaintiffs' Combined Replies in Support of Motions for Summary Judgment and Oppositions to Cross-Motions, which will not exceed 25 pages for each group of Plaintiffs | April 9, 2021 |
| Defendants' Replies in Support of Cross-Motion for Summary Judgment. Defendants shall file one brief, which will not exceed 65 pages. | May 7, 2021 |
| Intervenor-Defendants' Replies in Support of Cross-Motions for Summary Judgment. State-Intervenors' Reply will not exceed 15 pages. Industry-Intervenors' Reply will not exceed 15 pages. Private-Landowner-Intervenors' Reply will not exceed 15 pages. | May 21, 2021 |
| Motion hearing | June 24, 2021 at 2:00 p.m. |

The Court has adopted specific date deadlines rather than the "[X] days from" deadlines suggested by the parties to make enforcement of the deadlines easier. The Court assumes that Defendants have already started gathering documents in good faith without waiting for the issuance of this order.

The parties dispute whether Defendants must provide a privilege log. "Plaintiffs' position is that Defendants are required to provide a privilege log for any documents that are withheld based on an asserted privilege." ECF No. 108 at 8. Defendants' position is that "the administrative record consists of non-privileged, non-deliberative documents relating to the challenged final agency actions. A privilege log therefore is inapposite because no privileged documents are being 'withheld.'" *Id.* at 9 (citation omitted).

Plaintiffs have the better argument. As Judge Alsup has explained,

> Every court in this district to consider the issue . . . has required administrative agencies to provide a privilege log in withholding documents that otherwise belong in the administrative record. As a

2

> practical matter, if agencies were permitted to withhold materials from the administrative record on the basis of privilege, but were not required to submit a privilege log, their withholding based on privilege would never surface and would wholly evade review.

*Regents of the Univ. of California v. United States Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2018 WL 1210551, at *6 (N.D. Cal. Mar. 8, 2018) (citation omitted). And as Judge van Keulen has observed, "The Ninth Circuit has emphasized that '[t]he whole record includes everything that was *before the agency* pertaining to the merits of its decision.' Thus, '[t]he "whole record" . . . includes documents that "literally pass[ed] before the eyes of the final agency decision maker" as well as those considered and relied upon by subordinates who provided recommendations to the decisionmaker.'" *Oceana, Inc. v. Ross*, No. 19CV03809LHKSVK, 2020 WL 511899, at *6 (N.D. Cal. Jan. 31, 2020) (citations omitted). Defendants' position would arbitrarily remove documents from this universe and obscure the record before the agency decision-maker. It also would allow Defendants to assert a privilege even when the basis for it might be questionable. To state the obvious, "the only way to know if [a] privilege applies is to review the . . . documents in a privilege log." *Sierra Club v. Zinke*, No. 17-CV-07187-WHO, 2018 WL 3126401, at *5 (N.D. Cal. June 26, 2018).

Accordingly, this Court joins its colleagues in this district in ordering Defendants to provide a privilege log. The log is due simultaneously with the production of the administrative record.

At the case management conference, Defendants suggested for the first time that if the Court decided the privilege log issue against them, they would not be able to meet the deadline to which they stipulated in their own joint case management statement, even though the privilege log dispute was set forth in the same document. In other words, they took the position that they would meet the administrative record production deadline to which they had agreed only if the Court ruled in their favor on the parties' only open issue, even though that condition was not disclosed in the case management statement.

/ / /

/ / /

/ / /

The Court will adopt the deadlines to which the parties originally agreed. If Defendants want to seek relief from those deadlines, they must file a motion after meeting and conferring with all parties.[3]

**IT IS SO ORDERED.**

Dated: July 7, 2020



JON S. TIGAR
United States District Judge

---

[3] The statement of position contained in the Notice and Supplemental Statement Regarding The Parties' Case Management Statement that Defendants filed yesterday, ECF No. 111, does not constitute such a motion.