TODD KIM
Assistant Attorney General
MEREDITH L. FLAX, Assistant Section Chief
COBY HOWELL, Senior Trial Attorney
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
1000 S.W. Third Avenue
Portland, OR 97204
Phone: (503) 727-1023
Fax: (503) 727-1117
Email: coby.howell@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (Oakland)

| | |
|---|---|
| STATE OF CALIFORNIA, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>HAALAND, ET AL.,<br><br>Federal Defendants,<br><br>and<br><br>STATE OF ALABAMA, ET. AL.,<br><br>Defendant-Intervenors. | Case. No. 4:19-cv-06013-JST.<br><br>Related Cases: No. 4:19-cv-05206-JST<br>                              No. 4:19-cv-06812-JST<br><br>**FEDERAL DEFENDANTS' RESPONSE TO DEFENDANT-INTERVENORS' MOTION FOR STAY PENDING APPEAL**<br><br>Date: October 20, 2022<br>Time: 2:00 pm<br>Place: Courtroom 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar |

Fed. Defs.' Resp. Mot. for Stay Pending Appeal, 4:19-cv-06013-JST - 1

TABLE OF CONTENTS

PAGE

INTRODUCTION ...................................................................................................................1

BACKGROUND ................................................................................................................... 2

STANDARD OF REVIEW ................................................................................................... 7

DISCUSSION ........................................................................................................................ 7

CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

CASE                                                                                                    PAGE

*Al Otro Lado v. Wolf*,
    952 F.3d 999 (9th Cir. 2020) ................................................................................. 11

*Alsea Valley Alliance v. Dep't of Commerce*,
    358 F.3d 1181 (9th Cir. 2004) ................................................................................. 8

*Ctr. for Native Ecosystems v. Salazar*,
    795 F. Supp. 2d 1236 (D. Colo. 2011) ..................................................................... 6

*Diamond v. Charles*,
    476 U.S. 54 (1986) ................................................................................................. 9

*In re Clean Water Act Rulemaking*,
    568 F. Supp. 3d 1013 (N.D. Cal. 2021) ............................................................... 2, 6

*Louisiana v. Am. Rivers*,
    142 S. Ct. 1347 (2022) ........................................................................................... 2

*Nken v. Holder*,
    556 U.S. 418 (2009) ............................................................................................... 7

*Sierra Forest Legacy v. Sherman*,
    646 F.3d 1161 (9th Cir. 2011) ................................................................................ 8

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009) ............................................................................................... 9

*Town of Chester, N.Y. v. Laroe Ests.*, 137 S. Ct. 1645 (2017) ...................................... 9

*United States v. Mitchell*,
    971 F.3d 993 (9th Cir. 2020) .................................................................................. 7

*Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*,
    139 S. Ct. 361 (2018) ........................................................................................... 10

*Whole Woman's Health v. Jackson*,
    141 S. Ct. 2494 (2021) ............................................................................................ 8

FEDERAL REGULATIONS

81 Fed. Reg. 7414 (Feb. 11, 2016) ................................................................................. 10
81 Fed. Reg. 7214 (Feb. 11, 2016) ................................................................................. 10
84 Fed. Reg. 44976 ........................................................................................................... 1
84 Fed. Reg. 45020 ........................................................................................................... 1
84 Fed. Reg. 44753 ........................................................................................................... 1
86 Fed. Reg. 7037 ............................................................................................................. 3

# INTRODUCTION

On August 27, 2019, the U.S. Fish and Wildlife Service ("FWS") and the National Marine Fisheries Service ("NMFS") (collectively "Services") promulgated regulations implementing portions of Sections 4, 4(d), and 7(a)(2) of the Endangered Species Act ("ESA"). *See* 84 Fed. Reg. 45020 ("Section 4 Rule"); 84 Fed. Reg. 44753 ("Section 4(d) Rule"); 84 Fed. Reg. 44976 ("Section 7(a)(2) Rule") (collectively "2019 ESA Rules"). These related cases involve the Services' three separate rulemakings.[1]

Seventeen States, the District of Columbia, and the City of New York ("State Plaintiffs"), the Center for Biological Diversity and other non-governmental organizations ("CBD Plaintiffs"), and the Animal Legal Defense Fund ("ALDF") (collectively, "Plaintiffs") challenged the 2019 ESA Rules in three separate suits alleging violations of the Administrative Procedure Act ("APA"), National Environmental Policy Act ("NEPA"), and ESA. Following the denial of a motion for stay of proceedings, Federal Defendants sought voluntary remand without vacatur.

---

[1] This Court has related the three cases: *Center for Biological Diversity v. Haaland*, 19-cv-5206 (N.D. Cal. Aug. 21, 2019); *California v. Haaland*, 19-cv-6013 (N.D. Cal., Sept. 25, 2019); *Animal Legal Def. Fund v. Haaland*, 19-cv-06812 (N.D. Cal., Oct. 21, 2019). Federal Defendants are filing an identical response in all three cases. For purposes of this response, the cases are referred to collectively in the singular form, and we use the ECF citations in 19-cv-5206, unless multiple citations are provided for specific reasons. The Court also related *California v. Haaland*, 21-cv-00440-JST (N.D. Cal.), which challenged the 2020 Critical Habitat Rules. The Court granted the parties' stipulated stay of proceedings in that case, and the Services have now complied with the terms of that stipulated stay by issuing final rules rescinding the 2020 Critical Habitat Rules. In accordance with the stipulated stay, the parties filed a status report and stipulation to stay the case until September 15, 2022, so the requisite approvals can be obtained from the Plaintiff-States for dismissal.

1
Fed. Defs.' Resp. Mot. for Stay Pending Appeal, 4:19-cv-06013-JST

ECF 146. On July 5, 2022, the Court granted Federal Defendants' motion in part, remanding and vacating the 2019 ESA Rules ("Remand Order"). ECF 168. The Clerk of Court entered Judgment the same day. ECF 169.

Defendant-Intervenors, a collection of industry, private landowners, and 13 States filed notices of appeal, ECF 170; ECF 172; ECF 175, and jointly requested a stay pending appeal of this Court's Remand Order and Judgment. ECF 171. Defendant-Intervenors largely argue in their motion that the proceedings and decisions in *In re Clean Water Act Rulemaking*, 568 F. Supp. 3d 1013, 1020 (N.D. Cal. 2021), *appeals filed*, Nos. 21-16958, -16961 (9th Cir. Nov. 22, 2021), *stay granted, Louisiana v. Am. Rivers*, 142 S. Ct. 1347 (2022) (*American Rivers*), counsel in favor of a stay pending appeal.

Federal Defendants disagree with the Court's Remand Order insofar as it vacates the 2019 ESA Rules. In a voluntary remand context where the agency does not confess error, vacatur should be ordered only after the Court has resolved the merits and carefully considered the appropriate scope of relief. Nevertheless, the Court should deny Defendant-Intervenors' motion for a stay pending appeal because they have not demonstrated entitlement to that extraordinary relief.

## BACKGROUND

Plaintiffs filed complaints in 2019 challenging the 2019 ESA Rules, and Federal Defendants moved to dismiss on Article III standing and ripeness grounds. ECF 46; ECF 33; ECF 21. Federal Defendants argued that Plaintiffs failed to allege specific facts demonstrating injury in fact. The Court granted the motions with

respect to the CBD Plaintiffs and ALDF, finding that those respective complaints failed to include sufficient factual allegations to demonstrate standing. ECF 87; ECF 60. The Court, however, denied Federal Defendants' motion to dismiss with respect to the State Plaintiffs. ECF 98.

Following the dismissals, the CBD Plaintiffs and ALDF filed amended complaints with additional factual allegations. ECF 90; ECF 62. Federal Defendants filed answers to all three complaints on June 1, 2020, and June 17, 2020, respectively. ECF 105; ECF 93; ECF 65. The Court entered a scheduling order for summary judgment motions.

On January 18 and 19, 2021, Plaintiffs filed their motions for summary judgment asserting challenges to the merits of the 2019 ESA Rules. ECF 86; ECF 116; ECF 130. The next day, President Biden issued Executive Order 13990. 86 Fed. Reg. 7037. The Order directed all federal agencies to "immediately review and, as appropriate and consistent with applicable law, take action to address the promulgation of Federal regulations and other actions during the last 4 years that conflict with these important national objectives . . .." *Id.* On the same day it issued Executive Order 13990, the White House also published a fact sheet which directed the Services to review the 2019 ESA Rules.[2]

---

[2] *See* The White House, Fact Sheet: List of Agency Actions for Review, https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-sheet-list-of-agency-actions-for-review/ (last visited Aug. 3, 2022) ("White House Fact Sheet").

In compliance with Executive Order 13990, the Services reviewed various rules promulgated over the preceding four years, including the 2019 ESA Rules. On June 4, 2021, the Services publicly announced FWS's intent to propose rulemaking to rescind the Section 4(d) Rule and the Services' intent to revise the other two rules at issue in this case (the Section 4 and 7(a)(2) Rules).[3]

In light of the Services' intention to rescind and revise the 2019 ESA Rules, the parties jointly requested, and the Court granted, a series of stays to allow the parties time to determine how to proceed in these cases. *See, e.g.,* ECF 124. When the last short-term stay expired, the parties had not reached agreement on how the cases should proceed and Federal Defendants filed opposed motions to stay. *See, e.g.,* ECF 132, ECF 132-1 ("Second Frazer Decl."), ECF 132-2 ("Third Rauch Decl."). The Court subsequently terminated Plaintiffs' motions for summary judgment pending resolution of Federal Defendants' motion to stay. ECF 86; ECF 116; ECF 130.

Given the pending litigation and in support of the motions to stay, the Services developed a schedule for rulemaking to revise and rescind the 2019 ESA Rules consistent with the requirements of the APA and other procedural agency rulemaking requirements. Second Frazer Decl. ¶¶ 6-7. This rulemaking schedule,

---

[3] *See* Press Release: U.S. Fish and Wildlife Service and NOAA Fisheries to Propose Regulatory Revisions to Endangered Species Act, https://www.fws.gov/news/ShowNews.cfm?ref=u.s.-fish-and-wildlife-service-and-noaa-fisheries-to-propose-regulatory-&_ID=36925 (last visited Aug. 3, 2022) ("Services' Press Release").

however, hinged on the Court granting the Services' motions for stay, which would have allowed the agencies to work on these rulemakings free of the uncertainty created by pending litigation. The Court, however, denied Federal Defendants' motions to stay proceedings. *See, e.g.,* ECF 138. In light of the resumption of the litigation, the Services paused the rulemaking schedule set forth in the Second Frazer Declaration and Third Rauch Declaration. *See* Third Declaration of Gary Frazer ("Third Frazer Decl.") ¶ 14; Fourth Declaration of Samuel Rauch ("Fourth Rauch Decl.") ¶ 11.

Following the Court's denial of the motions for stay, the Court issued a briefing schedule. ECF 141. The following day, Plaintiffs refiled their motions for summary judgment. ECF 162; ECF 142; ECF 107. Plaintiffs again argued that the 2019 ESA Rules violated the APA, ESA, and NEPA, and sought vacatur of the Rules.

In response to the motions for summary judgment, Federal Defendants moved for voluntary remand without vacatur. ECF 146. Defendant-Intervenors moved to stay summary judgment briefing pending resolution of Federal Defendants' motion for voluntary remand. ECF 147. The Court granted Defendant-Intervenors' request for a stay of summary judgment briefing. ECF 150.

On July 5, 2022, the Court granted Federal Defendants' motion for remand in part. ECF 168 at 11. It recognized that "[n]o party argues that the Services' request for remand in this case is frivolous or in bad faith" and thus granted the request for voluntary remand. ECF 168 at 6. However, the Court vacated the 2019

ESA Rules, finding that it had the equitable authority to do so without first resolving the merits of Plaintiffs' claims. ECF 168 at 7 ("this order agrees with the foregoing opinions from district judges within our circuit that, when an agency requests voluntary remand, a district court may vacate an agency's action without first making a determination on the merits") (quoting *In re Clean Water Act Rulemaking*, 568 F. Supp. 3d at 1022; *Ctr. for Native Ecosystems v. Salazar,* 795 F. Supp. 2d 1236, 1241-42 (D. Colo. 2011)).

Applying the *Allied-Signal* factors, the Court found it was "unlikely that the same rules would be adopted on remand," and the disruptive consequences from vacatur would not result in "serious and irremediable harms." ECF 168 at 9. Thus, the Court concluded, "[b]ecause neither of the *Allied-Signal* factors weighs against vacatur, this is not the 'rare circumstance' in which remand without vacatur would be appropriate." ECF 168 at 10. The Clerk entered Judgment consistent with the Remand Order on the same day. ECF 169.

After Defendant-Intervenors filed their motion for stay pending appeal, Plaintiffs jointly filed a Rule 59(e) motion to alter or amend judgment requesting that the Court "resolve a key, overarching legal issue raised in the complaints and summary judgment motions, and briefed by all parties in supplemental briefs: whether the Services failed to comply with the requirements of the National Environmental Policy Act ('NEPA') in promulgating the 2019 ESA Rules" and vacate the 2019 ESA Rules. ECF 180 at 6. Plaintiffs also requested that the Court "alter or amend the Order and Judgment to require the Services to complete the

6
Fed. Defs.' Resp. Mot. for Stay Pending Appeal, 4:19-cv-06013-JST

rulemaking process on remand within one year and require them to provide quarterly reports to the Court and the parties." ECF 180 at 7. Federal Defendants will respond to Plaintiffs' Rule 59(e) motion on August 11, 2022.

## STANDARD OF REVIEW

A stay pending appeal is an "extraordinary remedy." *United States v. Mitchell*, 971 F.3d 993, 999 (9th Cir. 2020) (*quoting Nken v. Holder*, 556 U.S. 418, 428 (2009)). In *Nken*, the Supreme Court set forth the four factors courts consider in deciding whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 556 U.S. at 434. "The party seeking the stay bears the burden of showing that these factors favor a stay." *Mitchell*, 971 F.3d at 996.

## DISCUSSION

Federal Defendants sought voluntary remand without vacatur and thus disagree with the Court's vacatur of the 2019 ESA Rules. Nevertheless, the Court should deny Defendant-Intervenors' motion for stay pending appeal.

As an initial matter, Federal Defendants generally agree with the proposition that, in a voluntary remand context where the agency does not confess error, vacatur should be ordered only after the court has resolved the merits and carefully

considered the appropriate scope of relief.[4]  However, even though the Court erred in vacating, Defendant-Intervenors have not met their burden for stay pending appeal for at least three reasons.

First, Defendant-Intervenors cannot at present make a "strong showing that [they are] likely to succeed on the merits," *Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021), because Ninth Circuit precedent provides that the Remand Order is not appealable as to them.  Federal Defendants have not yet decided whether to appeal this Court's Judgment, and if Federal Defendants do not appeal, remand orders ordinarily are not appealable by non-government parties.  *See, e.g., Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1174 (9th Cir. 2011); *Alsea Valley Alliance v. Dep't of Commerce*, 358 F.3d 1181, 1184 (9th Cir. 2004).  Indeed, in light of Plaintiffs' timely-filed Rule 59(e) motion to amend the judgment, the merits have yet to be conclusively decided in this Court.  The Court's ruling on that motion could moot the Defendant-Intervenors' appeal or at minimum, may inform the nature of any appeal.  Until the final contours of the Court's decision are determined, and a decision is made by the United States on whether to appeal, Defendant-Intervenors cannot show that they are likely to succeed on the merits.

Second, Defendant-Intervenors have not established standing in this case, and they would have to do so in order to pursue both the relief sought here and

---

[4] The Court characterized our position as making "substantial concessions regarding the infirmity of the 2019 ESA Rules."  ECF 168 at 7 n.8.  To be clear, Federal Defendants expressed substantial concerns, but did not confess error on any aspect of the 2019 ESA Rules.  ECF 154 at 12.

their appeal. As argued in earlier proceedings in this case as to Plaintiffs, any alleged injury largely turns on future administrative processes that are far from imminent and may not even occur. ECF 58 at 8 ("The revised regulations, standing alone, do not require or prohibit any action on the part of Plaintiffs. And any tangible effect will not occur until after the revised regulations are applied to a species or habitat in a subsequent administrative process."). This applies equally to Defendant-Intervenors, albeit conversely. And in the absence of a decision to appeal by the government, Defendant-Intervenors must establish their standing to do so. *See Town of Chester, N.Y. v. Laroe Ests.*, 137 S. Ct. 1645, 1651 (2017) ("[A]n intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing."); *Diamond v. Charles*, 476 U.S. 54, 68 (1986) ("[A]n intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III."); *see also* ECF 154 at 11 n.5 (previously raising Defendant-Intervenors' standing). Defendant-Intervenors' previously-filed standing declarations fail to provide the requisite specificity and imminence required to demonstrate injury in fact. *See, e.g.,* ECF 47-3 through 47-11. Moreover, Defendant-Intervenors' procedural concerns alone, ECF 171 at 24-25, are not enough to establish injury in fact. *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009). And without standing, Defendant-Intervenors cannot succeed on the merits in their appeal.

Third, even if they had established standing, Defendant-Intervenors' showing on irreparable harm is, at best, speculative. Their argument largely centers on the Services' 2016 regulatory revisions involving critical habitat designations and a subsequent settlement. ECF 171 at 23; 81 Fed. Reg. 7414 (Feb. 11, 2016); 81 Fed. Reg. 7214 (Feb. 11, 2016); *Alabama ex rel. Steven T. Marshall v. National Marine Fisheries Service*, No. 1:16-cv-00593-CG-MU (S.D. Ala. Compl. Filed Nov. 29, 2016). Defendant-Intervenors contend that because the Court vacated the 2019 ESA Rules, future critical habitat designations will now necessarily run afoul of the Supreme Court's decision in *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.,* 139 S. Ct. 361, 362 (2018), because of application of the 2016 revisions. ECF 171 at 24 ("Resurrecting these unlawful rules would fly in the face of the Supreme Court's holding in *Weyerhaeuser*, 139 S. Ct. at 368."). But this contention, and those like it, are far too speculative to support a finding of irreparable harm. Defendant-Intervenors' argument assumes that any critical designation the Services may issue will undoubtedly affect and injure their interests. However, for reasons similar to why they lack standing, without knowing at this time the species involved, the location, or the size and parameters of any yet-to-be issued designation, Defendant-Intervenors have no way of knowing whether they will be affected, much less harmed. In any event, the Services are well aware of the Supreme Court's *Weyerhaeuser* decision and will take it into account in any future critical habitat designation.

To assume application of the 2016 revisions would irreparably harm Defendant-Intervenors at this point in time, the Court would have to rely on multiple layers of conjecture. Moreover, Defendant-Intervenors fail to demonstrate that their unlikely hypotheticals will come to pass prior to disposition of the appeal, as they must. *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020) ("The minimum threshold showing for a stay pending appeal requires that irreparable injury is likely to occur during the period before the appeal is likely to be decided."); *see* ECF 171 at 12 (Defendant-Intervenors' hypothetical: "a desert cannot be unoccupied 'critical habitat' for an alligator if there is no water available for the alligator to live in."). Like Plaintiffs, Defendant-Intervenors' concerns with the Services' future designations of critical habitat are too speculative to support a finding of irreparable harm.

## CONCLUSION

Defendant-Intervenors have not met the standard necessary for the Court to grant their motion for stay pending appeal, and accordingly, their request should be denied.

DATED: August 4, 2022.

                                          TODD KIM
                                          Assistant Attorney General
                                          MEREDITH L. FLAX, Assistant Chief

                                          */s/ Coby Howell.*
                                          COBY HOWELL, Senior Trial Attorney
                                          U.S. Department of Justice

Environment & Natural Resources Division
Wildlife & Marine Resources Section
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
1000 S.W. Third Avenue
Portland, OR 97204
Phone: (503) 727-1023
Fax: (503) 727-1117
Email: coby.howell@usdoj.gov

*Attorneys for Federal Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Coby Howell*
COBY HOWELL, Senior Attorney