1  CHARLES T. YATES, No. 327704
   cyates@pacificlegal.org
2  DAMIEN M. SCHIFF, No. 235101
   dschiff@pacificlegal.org
3  Pacific Legal Foundation
   555 Capitol Mall, Suite 1290
4  Sacramento, California 95814
   Telephone: (916) 419-7111
5  Facsimile: (916) 419-7747

6  *Counsel for Defendant Intervenors*
   *Washington Cattlemen's Association, et al.*

7
   [Additional counsel listed on signature page]
8

9

10              **IN THE UNITED STATES DISTRICT COURT**

11            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

13  STATE OF CALIFORNIA, et al.,                    No. 4:19-cv-06013-JST

14                              Plaintiffs,     Related Cases:   4:19-cv-05206-JST
                                                                 4:19-cv-06812-JST
15      v.
                                                **DEFENDANT INTERVENORS' JOINT**
16  DEB HAALAND, U.S. Secretary of the Interior,  **MEMORANDUM IN OPPOSITION TO**
    et al.,                                       **PLAINTIFFS' JOINT RULE 59(e)**
17                                                **MOTION TO ALTER OR AMEND**
                                Defendants,       **ORDER AND JUDGMENT**
18
    WASHINGTON CATTLEMEN'S                         Date:    October 20, 2022
19  ASSOCIATION, et al.,                           Time:    2:00 pm
                                                   Place:   Courtroom 6, 2nd Floor
20               Private Landowner Intervenors,    Judge:   The Hon. Jon S. Tigar

21  STATE OF ALABAMA, et al.,

22                        State Intervenors,

23  AMERICAN FARM BUREAU FEDERATION,
    et al.,
24
                       Industry Intervenors.
25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. iii

INTRODUCTION ............................................................................................................... 1

PROCEDURAL BACKGROUND ......................................................................................... 4

    I.      Pre-Judgment Proceedings .................................................................................. 4

           A.      Initial proceedings: August 2019–December 2021 ................................ 4

           B.      Initial briefing on the Federal Defendants' Motion for Remand
                  Without Vacatur: December 2021–January 2022 ................................ 5

           C.      Supplemental briefing on the Federal Defendants' Remand Motion:
                  February 2022–March 2022 ................................................................. 6

    II.     The Parallel Proceedings in *In re Clean Water Act Rulemaking*:
          October 2021–April 2022 ................................................................................... 8

    III.    This Court's Order and Final Judgment ............................................................... 9

    IV.   The Plaintiffs' Rule 59(e) Motion ...................................................................... 10

STANDARD OF REVIEW ................................................................................................. 11

ARGUMENT ..................................................................................................................... 12

    I.      The Plaintiffs Have Failed To Carry Their Heavy Burden To Demonstrate
          the Extraordinary Remedy of Rule 59(e) Relief Is Warranted ..................... 12

           A.      In arguing that Rule 59(e) relief is necessary to prevent "manifest injustice,"
                  the Plaintiffs refuse to identify any error in the Court's Vacatur Order ........... 13

           B.      The prejudice the Plaintiffs allege does not withstand scrutiny ........................ 15

           C.      The Plaintiffs' dubious argument that the Court has inflicted "manifest
                  injustice" upon them by not considering the procedural implications of
                  *American Rivers* is not properly raised in their Rule 59(e) Motion ................. 18

           D.      The Plaintiffs' request that this Court revisit their prior request for a
                  ruling on the merits of their NEPA claims is not properly raised in
                  their Rule 59(e) Motion ...................................................................... 19

           E.      The Plaintiffs' new request that this Court order that any remand
                  on the 2019 Rules be conducted according to a schedule is not
                  properly raised in their Rule 59(e) Motion ........................................ 19

1

II.    Any Briefing on the Plaintiffs' NEPA Claims Is Incomplete and Cannot
Serve As Grounds for a Determination of the Merits ......................................................21

CONCLUSION .................................................................................................................................23

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## Cases

*389 Orange St. Partners v. Arnold*,
   179 F.3d 656 (9th Cir. 1999).......................................................................... 11, 20

*AARP v. United States Equal Emp. Opportunity Comm'n*,
   292 F. Supp. 3d 238 (D.D.C. 2017) ...................................................................... 14

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*,
   99 F.R.D. 99 (E.D. Va. 1983) ................................................................... 3, 11, 18

*Al Otro Lado v. Wolf*,
   952 F.3d 999 (9th Cir. 2020)........................................................................... 15–16

*Alaska Wilderness League v. Jewell*,
   788 F.3d 1212 (9th Cir. 2015)................................................................................ 21

*Alaska Wildlife Alliance v. Haaland*,
   No. 3:20-CV-00209-SLG, 2022 WL 1553556 (D. Alaska May 17, 2022) ..................... 10, 18

*Alliance for Wild Rockies v. U.S. Forest Serv.*,
   No. 1:19-CV-00445-BLW, 2020 WL 7082687 (D. Idaho Dec. 3, 2020) ............................ 13

*Allstate Ins. Co. v. Herron*,
   634 F.3d 1101 (9th Cir. 2011).............................................................................. 11

*Animal Legal Def. Fund v. Haaland*,
   No. 19-cv-06812 (N.D. Cal. Oct. 21, 2019) ............................................................. 1

*Arizona Democratic Party v. Hobbs*,
   976 F.3d 1081 (9th Cir. 2020)............................................................................... 16

*Blakeney v. Ascension Servs., L.P.*,
   No. 15-CV-05544-LHK, 2016 WL 6804603 (N.D. Cal. Nov. 17, 2016)................ 2–3, 13–14

*California v. Haaland*,
   No. 19-cv-6013 (N.D. Cal. Sept. 25, 2019) ............................................................. 1

*Carroll v. Nakatani*,
   342 F.3d 934 (9th Cir. 2003)........................................................... 1, 3–4, 11, 13, 17, 20

*Center for Biological Diversity v. Haaland*,
   No. 19-cv-5206 (N.D. Cal. Aug. 21, 2019) .............................................................. 1

*Christopher v. Reaching Fourth Ministries*,
   No. 17-cv-00726-BAS-BLM, 2018 WL 2267186 (S.D. Cal. May 17, 2018) ...................... 13

*Defs. of Wildlife v. Browner*,
   909 F. Supp. 1342 (D. Ariz. 1995),
   *motion for reconsideration denied* (Dec. 21, 1995)................................................ 3, 11, 18–19

*Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*,
   445 U.S. 326 (1980) ....................................................................................... 16

*Drennon v. Vernon*,
   79 F. App'x 270 (9th Cir. 2003) ............................................................... 11–12, 18

*Endy v. Cnty. of Los Angeles*,
   No. CV-16-03344-RGK-SK, 2016 WL 11621296 (C.D. Cal. Sept. 14, 2016) ..................... 13

*Exxon Shipping Co. v. Baker*,
   554 U.S. 471 (2008) .......................................................................... 3, 11, 18–19

*Global Commodities Trading Group, Inc. v. Beneficio De Arroz Choloma, S.A.*,
   No. 2:16-cv-01045-TLN-CKD, 2018 WL 2117629 (E.D. Cal. May 8, 2018),
   *rev'd in part, vacated in part on other grounds*, 972 F.3d 1101 (9th Cir. 2020)................... 13

*Greenspan v. Fieldstone Fin. Mgmt. Group, LLC*,
   No. 3:17-CV-233-PK, 2018 WL 4945214 (D. Or. Aug. 22, 2018) ........................................ 13

*Guenther v. Lockheed Martin Corp.*,
   972 F.3d 1043 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2596 (2021) ......................... 11, 18–19

*Hollingsworth v. Perry*,
   558 U.S. 183 (2010) ............................................................................................. 9

*In re: Am. Rivers v. Arkansas*,
   Nos. 21-16961, 21-16960, 21-16958 (9th Cir. 2021) ............................................... 8

*In re Clean Water Act Rulemaking*,
   568 F. Supp. 3d 1013 (N.D. Cal. 2021), *appeals filed*, Nos. 21-16961,
   21- 16960, 21-16958 (9th Cir. Nov. 22, 2021), *stay granted*,
   *Louisiana v. Am. Rivers*, 142 S. Ct. 1347 (2022)................................... 8, 10, 17–18

*In re Oak Park Calabasas Condo. Ass'n*,
   302 B.R. 682 (Bankr. C.D. Cal. 2003) ................................................................ 3, 13

*Kona Enters., Inc. v. Est. of Bishop*,
   229 F.3d 877 (9th Cir. 2000).............................................................. 4, 11–12, 17, 20

*Louisiana v. Am. Rivers*, 142 S. Ct. 1347 (2022)..................................... 2, 8–10, 12, 18

*Marks v. Frauenheim*,
   No. 2:15-cv-0665 JAM DBP, 2018 WL 3641720 (E.D. Cal. July 31, 2018),
   *report and recommendation adopted*, No. 2:15-cv-0665-JAM DBP,
   2018 WL 5278835 (E.D. Cal. Oct. 24, 2018) .................................................. 12, 18

*McDowell v. Calderon*,
   197 F.3d 1253 (9th Cir. 1999)........................................................................... 11

*Mexichem Specialty Resins, Inc. v. EPA*,
   787 F.3d 544 (D.C. Cir. 2015) .......................................................................... 23

*Nat'l Parks Conservation Ass'n v. Salazar*,
   660 F. Supp. 2d 3 (D.D.C. 2009) ....................................................................... 23

*Nken v. Holder*,
   556 U.S. 418 (2009) ..................................................................................... 15

*Norse v. City of Santa Cruz*,
    629 F.3d 966 (9th Cir. 2010) ................................................................................. 23

*Pac. Coast Fed'n of Fishermen's Ass'n v. Locke*,
    No. C 10-04790 CRB, 2011 WL 289927 (N.D. Cal. Jan. 27, 2011) ................................ 13–14

*Packwood v. Senate Select Comm. on Ethics*,
    510 U.S. 1319 (1994) ............................................................................................. 8

*Paulsen v. Daniels*,
    413 F.3d 999 (9th Cir. 2005) .................................................................................... 9

*Piper v. U.S. Dep't of Just.*,
    312 F. Supp. 2d 17 (D.D.C. 2004), *as amended* (May 13, 2004) ......................................... 14

*Rupert v. Bond*,
    No. 12-CV-05292-BLF, 2015 WL 78739 (N.D. Cal. Jan. 6, 2015),
    *aff'd*, 771 F. App'x 777 (9th Cir. 2019) ...................................................................... 13–14

*Servants of Paraclete v. Does*,
    204 F.3d 1005 (10th Cir. 2000) ................................................................................ 12

*Sierra Club v. Babbitt*,
    65 F.3d 1502 (9th Cir. 1995) .................................................................................... 21

*Vega v. Comm'r of Soc. Sec. Admin.*,
    472 F. App'x 827 (9th Cir. 2012) .............................................................................. 20–21

*Weeks v. Bayer*,
    246 F.3d 1231 (9th Cir. 2001) .................................................................................. 11

*Zeitler v. Berryhill*,
    No. 5:16-CV-00862-EJD, 2017 WL 6017853 (N.D. Cal. Dec. 5, 2017) ............... 3, 13–14, 20

**Statutes**

5 U.S.C. § 706(2) ..................................................................................................... 8

5 U.S.C. § 706(2)(A) ............................................................................................... 1–2, 6

**Regulations**

50 C.F.R. § 17.31 .................................................................................................... 21

50 C.F.R. § 424.11(e) (2019) ..................................................................................... 22

50 C.F.R. § 424.12(b)(2) (2019) .................................................................................. 22

**Rules**

Civil L.R. 7, 56 ...................................................................................................... 22

Fed. R. App. P. 3(a) ................................................................................................ 16

Fed. R. App. P. 8 .................................................................................................... 16

Fed. R. Civ. P. 56 ................................................................................................ 22

Fed. R. Civ. P. 59(e) ........................................................................................... 11

**Other Authorities**

11 C. Wright & A. Miller, Fed. Practice and Procedure § 2810.1 (2d ed. 1995) ................... 3, 11

12 James Wm. Moore, et al., Moore's Fed. Practice § 59.30[4] (3d ed. 2000) ....................... 1, 11

84 Fed. Reg. 44,753 (Aug. 27, 2019), *codified at* 50 C.F.R. §§ 17.31, 17.71 (2019) ................... 4

84 Fed. Reg. 44,976 (Aug. 27, 2019), *codified at* 50 C.F.R. §§ 402.02, 402.13,
402.14, 402.16, 402.17, 402.40 (2019) ................................................................. 4–5

84 Fed. Reg. 45,020 (Aug. 27, 2019), *codified at*
50 C.F.R. §§ 424.02, 424.11, 424.12 (2019) ........................................................... 4

Application for Stay Pending Appeal, *Louisiana v. Am. Rivers*, No. 21A539 (U.S.
Mar. 21, 2022) ............................................................................................. 8

Docket, *Louisiana v. Am. Rivers*, U.S. No. 21A539, *available at*
https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html
/public/21a539.html ....................................................................................... 9

Executive Order 13990 of January 20, 2021, 86 Fed. Reg. 7037 (Jan. 25, 2021) ........................ 5

Fed. Respondents' Mem. in Opp., *Louisiana v. Am. Rivers*, No. 21A539
(U.S. Mar. 28, 2022) ..................................................................................... 2, 9

*Manifest Injustice*, Black's Law Dictionary (11th ed. 2019) ........................................... 13

Respondent Am. Rivers Response to Application, *Louisiana v. Am. Rivers*, No.
21A539 (U.S. Mar. 21, 2022) ............................................................................... 9

Suppl. Br. for State Respondent-Intervenors,
*North Dakota v. EPA*, No. 15-1381 (D.C. Cir. May 15, 2017) .......................................... 2, 23

**INTRODUCTION**

Washington Cattlemen's Association, *et al.* (the "Private Landowner Intervenors"); State of Alabama, *et al.* (the "State Intervenors"); and American Farm Bureau Federation, *et al.* (the "Industry Intervenors") (together, the "Defendant Intervenors"), respectfully offer the following Joint Memorandum in Opposition to the Plaintiffs' Joint Rule 59(e) Motion to Alter or Amend Order and Judgment, ECF No. 180 (the "Rule 59(e) Motion").[1] The Plaintiffs have failed to carry their heavy burden to demonstrate entitlement to the "extraordinary remedy," *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore, et al., Moore's Fed. Practice § 59.30[4] (3d ed. 2000)), of Rule 59(e) relief.

This case centers on the United States Fish and Wildlife Service (FWS) and the National Marine Fisheries Service's (NMFS) (together, the "Federal Defendants"), revised regulations for implementing the Endangered Species Act (ESA), finalized on August 27, 2019 (together, the "2019 Rules"). In late 2019, the Plaintiffs[2] challenged the 2019 Rules in three separate lawsuits.

On July 5, 2022, in response to a motion for voluntary remand filed by the Federal Defendants and a request by the Plaintiffs that remand be accompanied by vacatur, this Court remanded and vacated the 2019 Rules and entered Final Judgment without adjudicating the merits of the Plaintiffs' claims. *See* ECF Nos. 168 (the "Vacatur Order"); 169 (the "Final Judgment"). In doing so, the Court granted the Plaintiffs complete relief and reinstated the regulatory regime that was previously in effect. It did so over the Defendant Intervenors' objection that to do so would violate the requirements of the Administrative Procedure Act (APA) by "set[ting] aside" agency action when that action had *not* been "found" to be unlawful, *see* ECF Nos. 151–153 (citing 5

---

[1] The Defendant Intervenors are filing an identical joint response in each of the three related cases. *See Center for Biological Diversity (CBD) v. Haaland*, No. 19-cv-5206 (N.D. Cal. Aug. 21, 2019); *California v. Haaland*, No. 19-cv-6013 (N.D. Cal. Sept. 25, 2019); *Animal Legal Def. Fund (ALDF) v. Haaland*, No. 19-cv-06812 (N.D. Cal. Oct. 21, 2019). Except where noted, reference will be made to the ECF numbers in the lowest-numbered case: *CBD*.

[2] The Plaintiffs are 19 state and local government jurisdictions (the "State Plaintiffs"), a group of nonprofit organizations (the "CBD Plaintiffs"), and the Animal Legal Defense Fund (ALDF).

U.S.C. § 706(2)(A))—a position with which the United States has concurred in parallel litigation,[3] and with which many of the State Plaintiffs have previously concurred in other litigation.[4] Between July 21, 2022, and July 22, 2022, the Defendant Intervenors each timely appealed this Court's Vacatur Order and Final Judgment, *see* ECF Nos. 170, 172, 174–175, and jointly moved for a stay of the Vacatur Order, pending the outcome of their appeals, *see* ECF No. 171 (the "Stay Motion").

The parties now find themselves in an unusual situation. The Plaintiffs—apparently dissatisfied with the complete relief that they have been given or perhaps simply sensing the Vacatur Order's vulnerability on appeal—now request relief pursuant to Federal Rule of Civil Procedure 59(e). *See* ECF No. 180. They ask that this Court revisit their prior request, *see* ECF No. 160 at 8, 21, that it find on the merits that the 2019 Rules were promulgated in violation of the National Environmental Policy Act (NEPA). *See* ECF No. 180 at 8–15. And they request that the remand of the 2019 Rules be conducted according to a schedule and one-year deadline. *Id.* at 16.

The Plaintiffs' Motion is predicated upon two apparent contentions. First, that a recent order of the United States Supreme Court staying a similar vacatur order from a court in this District has created "legal uncertainty" by demonstrating the "prospect" the Defendant Intervenors will secure an appellate stay of the Vacatur Order. *See* ECF No. 180 at 5–6, 10–14 (citing *Louisiana v. Am. Rivers*, 142 S. Ct. 1347 (2022)). And second, that this Court's purported failure to consider the possibility that a similar outcome in this litigation could lead to suspension of the Vacatur Order has caused the Plaintiffs "significant prejudice." *See id.* at 6, 10 n.4, 11–14. In the Plaintiffs' view, these two contentions demonstrate that the Court has inflicted "manifest injustice" upon them, sufficient to warrant the extraordinary remedy of Rule 59(e) relief. *See* ECF No. 180 at 5–15.

The Plaintiffs' Rule 59(e) Motion is not meritorious, for six reasons. ***First***, courts in this District have made clear that to demonstrate "manifest injustice" the movant must make a "showing

---

[3] *See* Fed. Respondents' Mem. in Opp. at 13, *Louisiana v. Am. Rivers*, No. 21A539 (U.S. Mar. 28, 2022) ("agree[ing] with applicants that the district court lacked authority to vacate the 2020 Rule without first determining that the Rule was invalid").

[4] *See* Suppl. Br. for State Respondent-Intervenors at 5 n.5, *North Dakota v. EPA*, No. 15-1381 (D.C. Cir. May 15, 2017) ("Vacatur would be improper here when this Court has issued no ruling on the merits at all—let alone a decision finding the Rule to be invalid." (citations omitted)).

1  that the court made an error that is 'direct, obvious, and observable.'" *Blakeney v. Ascension Servs.,*

2  *L.P.*, No. 15-CV-05544-LHK, 2016 WL 6804603, at *6 (N.D. Cal. Nov. 17, 2016) (quoting *In re*

3  *Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003)). *See infra* 13–15.

4  Yet the Plaintiffs remain steadfast in their position that the Vacatur Order contains no error

5  whatsoever. *See* ECF No. 180 at 8. **Second**, the Plaintiffs' dubious claim of "significant prejudice"

6  based only upon the potential outcome in the Defendant Intervenors' appeals cannot meet the

7  stringent requirements for demonstrating "manifest injustice" under Rule 59(e). *See infra* 15–17.

8  **Third**, the Plaintiffs' contention that the Court did not consider *American Rivers* and its procedural

9  implications is contradicted by the Vacatur Order itself and is barred by the principle that a Rule

10  59(e) motion "may not be used to relitigate old matters," *see Exxon Shipping Co. v. Baker*, 554

11  U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Fed. Practice and Procedure § 2810.1,

12  pp. 127–28 (2d ed. 1995)), or revisit matters previously addressed, *see Defs. of Wildlife v. Browner*,

13  909 F. Supp. 1342, 1351 (D. Ariz. 1995), *motion for reconsideration denied* (Dec. 21, 1995) ("A

14  motion for reconsideration should not be used to ask a court 'to rethink what the court had already

15  thought through—rightly or wrongly.'" (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing,*

16  *Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983))). *See infra* 18–19.[5]

17       **Fourth**, the Plaintiffs' request that this Court revisit their prior request that it find the 2019

18  Rules were promulgated in violation of NEPA is similarly barred by the principle that a Rule 59(e)

19  motion may not be used to relitigate old matters or revisit matters previously addressed. *See infra*

20  19. **Fifth**, the Plaintiffs' new request that the Court require any remand be conducted according to

21  a schedule and time limitations is not properly raised in light of the axiomatic principle that "[a]

22  Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when

23

24  _____

[5] The Defendant Intervenors contend that this Court erred when it granted the Plaintiffs' requested
25  remedy and vacated the 2019 Rules without an adjudication of the merits—a position they
respectfully consider is strengthened by this Court having considered the proceedings in *American*
26  *Rivers*. *See* ECF No. 171 at 9–11, 17–20. But the Defendant Intervenors also recognize that, at this
juncture, such concerns are not properly raised via a Rule 59(e) motion. *Zeitler v. Berryhill*, No.
27  5:16-CV-00862-EJD, 2017 WL 6017853, at *1 (N.D. Cal. Dec. 5, 2017) ("Arguments that a court
was in error on the issues it considered should be directed to the court of appeals." (quoting *Defs.*
28  *of Wildlife*, 909 F. Supp. at 1351)). *See also infra* 18–19.

they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945 (citing *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). *See infra* 19–21. **Finally**, the Plaintiffs' request that this Court enter a decision on the merits of their NEPA claims—based upon incomplete briefing—is impracticable and improper. *See infra* 21–23.

This Court should deny the Plaintiffs' Joint Rule 59(e) Motion to Alter or Amend Order and Judgment, ECF No. 180. And it should do so expeditiously to avoid any unnecessary delay of the Defendant Intervenors' appeals or prejudice to their interests.

## PROCEDURAL BACKGROUND

This litigation is procedurally complex—having spanned three years and two presidential administrations. As such, some recitation of the relevant procedural history is necessary to provide context for the Plaintiffs' extraordinary request for relief under Rule 59(e).

### I.  Pre-Judgment Proceedings

#### A.  Initial proceedings: August 2019–December 2021

This case centers on the Federal Defendants' revised regulations for implementing the Endangered Species Act, finalized on August 27, 2019. *See* 84 Fed. Reg. 44,753, *codified at* 50 C.F.R. §§ 17.31, 17.71 (2019) (the "Section 4(d) Rule"); 84 Fed. Reg. 44,976, *codified at* 50 C.F.R. §§ 402.02, 402.13, 402.14, 402.16, 402.17, 402.40 (2019) (the "Section 7 Rules"); 84 Fed. Reg. 45,020, *codified at* 50 C.F.R. §§ 424.02, 424.11, 424.12 (2019) (the "Section 4 Rules"). In late 2019, the Plaintiffs brought challenge to the Federal Defendants' adoption of the 2019 Rules. ECF No. 1 in *CBD*; ECF No. 1 in *California*; ECF No. 1 in *ALDF*. They alleged the 2019 Rules violate the ESA and that in promulgating the 2019 Rules the Federal Defendants violated various procedural requirements of the APA, ESA, and NEPA. *See* ECF No. 90 in *CBD*; ECF No. 28 in *California*; ECF No. 62 in *ALDF*. They requested that the Court grant relief in their favor by vacating the 2019 Rules and reinstating the pre-2019 regulatory regime. *See* ECF No. 90 at 52 in *CBD*; ECF No. 28 at 53 in *California*; ECF No. 62 at 36 in *ALDF* (Plaintiffs' operative complaints).

Between December 13, 2019, and January 7, 2020, each group of Defendant Intervenors moved for leave to intervene in this litigation, citing the significant harm to their interests that would occur should the Plaintiffs prevail. *See* ECF Nos. 36, 41, 47. These motions to intervene were granted on May 18, 2020. *See* ECF No. 89.

On July 7, 2020, the Court entered its first scheduling order. *See* ECF No. 101. That scheduling order was later modified several times. *See* ECF Nos. 102, 108, 111. Under that modified schedule the Plaintiffs moved for summary judgment on January 18 and 19, 2021. *See* ECF No. 116 in *CBD*; ECF No. 130 in *California*; ECF No. 86 in *ALDF*. The next day, President Biden issued Executive Order 13990 directing all federal agencies to review certain actions taken by the prior administration. *See* Executive Order 13990 of January 20, 2021, 86 Fed. Reg. 7037 (Jan. 25, 2021). The Court then entered a series of stays to permit the Federal Defendants to review the 2019 Regulations. *See* ECF Nos. 123, 127. On June 4, 2021, FWS publicly announced its intent to rescind the Section 4(d) Rule, and both FWS and NMFS announced their intent to revise the Section 4 and Section 7 Rules. ECF No. 129 at 3. Following this announcement, the Federal Defendants moved for an extended stay to permit the completion of these announced rulemakings. ECF No. 132. The Court terminated the Plaintiffs' summary judgment motions pending resolution of that stay motion. ECF No. 131. On October 7, 2021, the Court denied the Federal Defendants' stay motion, *see* ECF 138, and on October 15, 2021, it entered a stipulated scheduling order to restart summary judgment briefing, *see* ECF No. 141. The Plaintiffs re-filed their motions for summary judgment that same day. *See* ECF No. 142 in *CBD*; ECF No. 162 in *California*; ECF No. 107 in *ALDF*.

**B.**   **Initial briefing on the Federal Defendants' Motion for Remand Without Vacatur: December 2021–January 2022**

Under the Court's October 15, 2021, scheduling order, the Federal Defendants' combined responses to summary judgment and cross-motions for summary judgment were due on December 10, 2021. *See* ECF No. 141. And the Defendant Intervenors' combined responses to summary judgment and cross-motions for summary judgment were to be filed on January 7, 2022. *See id*. In lieu of moving for summary judgment and filing substantive responses to the Plaintiffs'

summary judgment motions, the Federal Defendants filed a motion for voluntary remand without vacatur. *See* ECF 146 (the "Remand Motion"). In that motion, the Federal Defendants requested that this Court remand the 2019 Rules for the agencies to conduct a new rulemaking. *See* ECF No. 146 at 9–10. On December 26, 2021, this Court suspended summary judgment briefing pending its ruling on the Federal Defendants' Remand Motion. ECF No. 150.

The Plaintiffs responded to the Federal Defendants' Remand Motion by arguing that any remand should be accompanied by vacatur. *See* ECF No. 149. Alternatively, they argued that the Court should deny the Remand Motion and adjudicate the merits of their claims. *See id.*

The Defendant Intervenors—in the main[6]—did not oppose the Remand Motion. *See* ECF Nos. 151–153. The Defendant Intervenors, did however, oppose the Plaintiffs' request that remand be accompanied by vacatur. *See* ECF Nos. 151–153. They argued that in the absence of a finding on the merits that the 2019 Rules are unlawful this Court does not possess the authority to enter an order of vacatur. *See* ECF Nos. 151–153 (citing 5 U.S.C. 706(2)(A)).

C.   **Supplemental briefing on the Federal Defendants' Remand Motion: February 2022–March 2022**

On February 24, 2022, this Court entered an order requesting supplemental briefing on the Federal Defendants' Remand Motion. ECF No. 155. In briefing their Remand Motion, the Federal Defendants had alluded to unspecified "concerns" with their NEPA reviews for the 2019 Rules. ECF No. 155 (citing ECF Nos. 146, 154). The Court explained that because "the Services' briefs neither specify what these concerns are nor what in the record animates them," supplemental briefing would be of assistance in deciding the Remand Motion. *Id.* The Court's order requested supplemental briefing from the Federal Defendants and granted the Plaintiffs and the Defendant Intervenors the opportunity to respond to the Federal Defendants' supplemental briefing, but not to the briefing of any other party. *See* ECF No. 155.

---

[6] The Private Landowner Intervenors partially opposed the Remand Motion to the extent it sought remand of the Section 4(d) Rule and certain aspects of the Section 4 Rules. *See* ECF No. 152 at 19–24. The Private Landowner Intervenors argued that because they intended to raise colorable arguments that the Section 4(d) Rule and the Section 4 Rules were statutorily compelled, the Court should accept responsive merits briefing to determine whether the Federal Defendants have the authority to revisit those rules on remand. *Id.*

The Federal Defendants submitted a supplemental brief and two additional declarations on March 4, 2022, clarifying that although they "believe that they could have provided a fuller explanation" for their NEPA determinations, their "concerns" do not "rise to the level of identifying a legal violation that warrants vacatur of the challenged regulations." *See* ECF No. 156 at 5–6.

The Defendant Intervenors responded to the Federal Defendants' supplemental brief on March 12, 2022. *See* ECF Nos. 157–159.[7] The Defendant Intervenors restated their argument that vacatur without an adjudication of the merits would be illegal under the APA, ECF No. 157 at 6–7; ECF No. 158 at 4–5; ECF No. 159 at 8, and that in any event the Federal Defendants' "concerns" could not justify vacatur under any circumstances, ECF No. 157 at 7–20; ECF No. 158 at 5–10; ECF No. 159 at 9–20. They also explained that a partial merits adjudication based only on the Plaintiffs' NEPA claims would be improper given that the Defendant Intervenors had not been afforded the opportunity to submit merits briefing on those claims and because the structure of the schedule for supplemental briefing did not afford them an opportunity to respond to the Plaintiffs' supplemental briefing. *See* ECF Nos. 157 at 6–7, 158 at 4, 159 at 8. The Defendant Intervenors requested an opportunity to respond to the Plaintiffs' NEPA arguments, on the merits, in the event the Court were inclined to vacate the 2019 Rules. ECF No. 157 at 6–7 & n.2; ECF No. 159 at 20.

The Plaintiffs also responded to the Federal Defendants' supplemental brief on March 12, 2022. *See* ECF No. 160 (the "Plaintiffs' Joint Supplemental Brief"). In their Joint Supplemental Brief, the Plaintiffs seized on the Federal Defendants' NEPA "concerns" and argued that these "concerns" justified the Plaintiffs' request for vacatur. *See* ECF No. 160. The Plaintiffs also advanced a number of arguments on the merits of their NEPA claims. *See id.* They specifically requested that this Court "find that the Services violated NEPA in promulgating the Final Rules." *See id.* at 8, 21.

---

[7] The Defendant Intervenors' supplemental briefs were submitted one day late due to an outage in the Court's ECF system. *See* ECF Nos. 161, 163.

## II.     The Parallel Proceedings in *In re Clean Water Act Rulemaking*: October 2021–April 2022

While the instant litigation was unfolding, a parallel proceeding addressing the very same issue—the propriety of pre-merits vacatur—was winding its way through the courts. *See In re Clean Water Act Rulemaking*, 568 F. Supp. 3d 1013, 1020 (N.D. Cal. 2021), *appeal filed*, Nos. 21-16961, 21-16958 (9th Cir. Nov. 22, 2021), *stay granted*, *Am. Rivers*, 142 S. Ct. 1347. In that proceeding the plaintiffs challenged federal environmental regulations promulgated by the previous administration—the 2020 Clean Water Act 401 Certification Rule. *See In re Clean Water Act Rulemaking*, 568 F. Supp. 3d at 1020. Following the change in presidential administration—and before full briefing and a merits determination could occur—the federal defendants in that litigation moved to remand the 2020 401 Certification Rule without vacatur. *Id.* The plaintiffs responded by arguing that any remand should be accompanied by vacatur. *Id.* at 1020–21. The district court then granted the plaintiffs complete relief by setting aside the 2020 401 Certification Rule, but without first determining whether that action was unlawful. *Id.* at 1028. In doing so the district court took the position "that, when an agency requests voluntary remand, a district court may vacate an agency's action without first making a determination on the merits." *Id.* at 1022.

After the district court ruled, the defendant intervenors in that litigation appealed. *See In re: Am. Rivers v. Arkansas*, Nos. 21-16961, 21-16960, 21-16958 (9th Cir. 2021). They then sought a stay of the district court's vacatur order, pending their appeals—first from the district court, then from the Ninth Circuit, and then from the Supreme Court. The first two courts denied the stay, which meant that the defendant intervenors had an "especially heavy burden" when they sought relief from the Supreme Court. *Packwood v. Senate Select Comm. on Ethics*, 510 U.S. 1319, 1320 (1994) (Rehnquist, C.J., opinion in chambers). To carry it, they contended that the district court violated the APA and the federal government's sovereign immunity when it "set aside" agency action without making any finding of illegality. *See* Application for Stay Pending Appeal at 17, *Louisiana v. Am. Rivers*, No. 21A539 (U.S. Mar. 21, 2022) (quoting 5 U.S.C. § 706(2)).

On March 23, 2022, Justice Kagan requested a response to the defendant intervenors' application for stay. *See* Docket, *Am. Rivers*, U.S. No. 21A539.[8] And on March 28, 2022, both the plaintiffs and the federal defendants submitted their responses. *See* Respondent Am. Rivers Response to Application, *Am. Rivers*, U.S. No. 21A539; Fed. Respondents' Mem. in Opp., *Am. Rivers*, U.S. No. 21A539. The plaintiffs argued that the defendant intervenors were "wrong on the merits" because "the court has inherent power to vacate or retain that rule on remand . . ." *See* Respondent Am. Rivers Response to Application at 2, 10, *Am. Rivers*, U.S. No. 21A539. The Solicitor General, however, "agree[d] with applicants that the district court lacked authority to vacate the 2020 Rule without first determining that the Rule was invalid." Fed. Respondents' Mem. in Opp. at 13, *Am. Rivers*, U.S. No. 21A539.

On April 6, 2022, the Supreme Court granted the stay. 142 S. Ct. 1347. In doing so it necessarily determined that the defendant intervenors are likely to succeed on the merits of their appeal. *Cf. Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (discussing factors an applicant "must" meet for the Supreme Court to issue a stay).

After the Supreme Court granted its stay, the Federal Defendants and the Defendant Intervenors in this case filed Statements of Recent Decision alerting this Court to the Supreme Court's order. *See* ECF Nos. 164–166 (citing *Am. Rivers*, 142 S. Ct. 1347).

## III.     This Court's Order and Final Judgment

On July 5, 2022, this Court entered its Vacatur Order. ECF No. 168. It entered Final Judgment that same day. ECF No. 169. In doing so, the Court granted the Plaintiffs complete relief, vacating the challenged 2019 Rules and reinstating the regulatory regime that was previously in effect. *See Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir. 2005) ("The effect of invalidating an agency rule is to reinstate the rule previously in force."). *See also* ECF No. 90 at 52 in *CBD*; ECF No. 28 at 53 in *California*; ECF No. 62 at 36 in *ALDF* (requesting that the Court grant the Plaintiffs' relief by vacating the 2019 Rules and reinstating the pre-2019 regulatory regime). The Court took

---

[8] *Available at*
https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21a539.html.

this step—over the objections of the Defendant Intervenors—without adjudicating the merits of the Plaintiffs' claims. *See* ECF No. 168 at 6–7. Addressing the Defendant Intervenors' argument, the Court determined that "a district court may vacate an agency's action without first making a determination on the merits." ECF No. 168 at 7 (quoting *In re Clean Water Act Rulemaking*, 568 F. Supp. 3d at 1022). The Court supported its conclusion by relying upon the stayed vacatur order in *In re Clean Water Rulemaking*. *See id*. But it also acknowledged the Supreme Court's stay, *see id.* at 6 (citing *Am. Rivers*, 142 S. Ct. 1347), as well as a district court decision that relied on *American Rivers* to decline to vacate agency action "absent a merits determination," ECF No. 168 at 7 (quoting *Alaska Wildlife Alliance v. Haaland*, No. 3:20-CV-00209-SLG, 2022 WL 1553556, at *3 (D. Alaska May 17, 2022)).

The Defendant Intervenors timely appealed this Court's Vacatur Order and Final Judgment, ECF Nos. 170, 172, 174–175, and jointly moved for a stay pending resolution of their appeals, ECF No. 171.

**IV.     The Plaintiffs' Rule 59(e) Motion**

On July 28, 2022, the Plaintiffs filed the Rule 59(e) Motion to which this Memorandum responds. ECF No. 180. The Plaintiffs ask that this Court revisit their prior request that it find the 2019 Rules were promulgated in violation of NEPA and enter a merits decision as to their NEPA claims. ECF No. 180 at 13–15 (citing *see* ECF No. 160). The Plaintiffs additionally—and for the first time—request that any remand to the Federal Defendants be conducted according to a court-enforced schedule and one-year deadline. ECF No. 180 at 16–17.

The Plaintiffs' request is remarkable. Notwithstanding this Court having now granted them complete relief and entered Final Judgment in their favor, the Plaintiffs are apparently dissatisfied. And even while moving for the extraordinary relief contemplated by Rule 59(e), the Plaintiffs remain steadfast in their position that the Vacatur Order contains no error and that the relief this Court granted them was proper. ECF No. 180 at 8. *See also* ECF No. 181 No. at 7 (arguing that the Defendant Intervenors cannot "show that the Court's well-founded order was erroneous"). This Court should reject the Plaintiffs' extraordinary request.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) provides that a party may move "to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll*, 342 F.3d at 945 (quoting Moore, et al., *supra*, § 59.30[4]). The Ninth Circuit has held that "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *Kona Enters.*, 229 F.3d at 890); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (same). *See also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

Although "specific grounds" for entry of the extraordinary remedy of Rule 59(e) relief are "not listed in the rule," the Ninth Circuit has recognized "four basic grounds upon which a Rule 59(e) motion may be granted." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). First, "if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests[.]" *Id.* Second, "if such motion is necessary to present newly discovered or previously unavailable evidence[.]" *Id.* Third, "if such motion is necessary to prevent manifest injustice[.]" *Id.* And fourth, "if the amendment is justified by an intervening change in controlling law[.]" *Id.*

In addition to setting forth these four basic grounds for Rule 59(e) relief, Ninth Circuit courts have imposed two significant limitations on the availability of such relief.

First, a Rule 59(e) motion "may not be used to relitigate old matters . . .," *Exxon Shipping*, 554 U.S. at 485 n.5 (quoting Wright & Miller, *supra*, § 2810.1, pp. 127–128); *Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1058 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2596 (2021) (same), or "to ask a court 'to rethink what the court had already thought through—rightly or wrongly,'" *Defs. of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt*, 99 F.R.D. at 101); *Drennon v. Vernon*,

79 F. App'x 270, 270 (9th Cir. 2003) (holding that the district court's denial of a Rule 59(e) motion was proper where it "raised only issues that the court already had considered"); *Marks v. Frauenheim*, No. 2:15-cv-0665 JAM DBP, 2018 WL 3641720, at *2 (E.D. Cal. July 31, 2018), *report and recommendation adopted*, No. 2:15-cv-0665 JAM DBP, 2018 WL 5278835 (E.D. Cal. Oct. 24, 2018) ("Nor is a Rule 59(e) motion an appropriate vehicle to ask the court to revisit issues already addressed." (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000))).

Second, "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945 (citing *Kona Enters.*, 229 F.3d at 890)).

## ARGUMENT

### I.   The Plaintiffs Have Failed To Carry Their Heavy Burden To Demonstrate the Extraordinary Remedy of Rule 59(e) Relief Is Warranted

In support of their request for Rule 59(e) relief the Plaintiffs invoke the third ground under which the Ninth Circuit has recognized Rule 59(e) relief can be warranted—where such relief is necessary to prevent "manifest injustice." ECF No. 180 at 8–9, 11–14. The Plaintiffs' Rule 59(e) Motion is predicated upon two apparent contentions. First, that a recent order of the United States Supreme Court staying a similar vacatur order from a court in this District has created legal "uncertainty" by demonstrating the "prospect" that the Defendant Intervenors will secure an appellate stay of the Vacatur Order. *See* ECF No. 180 at 6, 14 (citing *Am. Rivers*, 142 S. Ct. 1347). And second, that the Plaintiffs are "significantly prejudice[d]" by this Court's purported failure to consider the possibility that a similar outcome in this litigation could lead to a temporary suspension of the relief granted in the Vacatur Order. *See id.* at 6–7 (citing ECF No. 171). To rectify the purported "manifest injustice" this Court has inflicted upon them, the Plaintiffs ask it to revisit their prior request, *see* ECF No. 160 at 8, 21, that it find on the merits that the 2019 Rules were promulgated in violation of NEPA. ECF No. 180 at 5–7. Additionally—and for the first time—the Plaintiffs request that any remand to the Federal Defendants be conducted according to a court-enforced schedule and one-year deadline. ECF No. 180 at 16–17.

The Plaintiffs fail to carry their burden to demonstrate that they are entitled to the "extraordinary remedy," *Carroll*, 342 F.3d at 945, of Rule 59(e) relief.

### A. In arguing that Rule 59(e) relief is necessary to prevent "manifest injustice," the Plaintiffs refuse to identify any error in the Court's Vacatur Order

Black's Law Dictionary defines "manifest injustice" as a "a direct, obvious, and observable error in a trial court such as a defendant's guilty plea that is involuntary or is based on a plea agreement that the prosecution has rescinded." *Manifest Injustice*, Black's Law Dictionary (11th ed. 2019). In considering requests for Rule 59(e) relief, courts in this District have favorably cited Black's definition and made clear that, in "address[ing] whether the unintended legal consequences of [an] order creates 'manifest injustice,'" the movant must make a "showing that the court made an error that is 'direct, obvious, and observable.'" *Blakeney*, 2016 WL 6804603, at *6 (quoting *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. at 683). *See also Zeitler*, 2017 WL 6017853, at *2 ("district courts have defined 'manifest injustice' as 'an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds.'" (citations omitted)); *Rupert v. Bond*, No. 12-CV-05292-BLF, 2015 WL 78739, at *4 (N.D. Cal. Jan. 6, 2015), *aff'd*, 771 F. App'x 777 (9th Cir. 2019) (same); *Pac. Coast Fed'n of Fishermen's Ass'n v. Locke*, No. C 10-04790 CRB, 2011 WL 289927, at *2 (N.D. Cal. Jan. 27, 2011) (same).[9]

---

[9] This definition of "manifest injustice" for purposes of Rule 59(e) has also been adopted by other district courts within the Ninth Circuit. *See Alliance for Wild Rockies v. U.S. Forest Serv.*, No. 1:19-CV-00445-BLW, 2020 WL 7082687, at *2 (D. Idaho Dec. 3, 2020) ("Courts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error,' defining manifest injustice as any 'error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary.'" (quoting *Greenspan v. Fieldstone Fin. Mgmt. Group, LLC*, No. 3:17-CV-233-PK, 2018 WL 4945214, at *6 (D. Or. Aug. 22, 2018))); *Global Commodities Trading Group, Inc. v. Beneficio De Arroz Choloma, S.A.*, No. 2:16-cv-01045-TLN-CKD, 2018 WL 2117629, at *2 (E.D. Cal. May 8, 2018), *rev'd in part, vacated in part on other grounds*, 972 F.3d 1101 (9th Cir. 2020) ("Plaintiffs' [manifest injustice] argument . . . is meritless because Plaintiffs have not shown this Court committed an error that is 'direct, obvious, and observable.'" (citation omitted)). *See also Christopher v. Reaching Fourth Ministries*, No. 17-cv-00726-BAS-BLM, 2018 WL 2267186, at *3 (S.D. Cal. May 17, 2018) ("A manifest injustice is any 'error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary.'" (citation omitted)); *Endy v. Cnty. of Los Angeles*, No. CV-16-03344-RGK-SK, 2016 WL 11621296, at *3 (C.D. Cal. Sept. 14, 2016) (same).

The Plaintiffs, however, carefully avoid any suggestion that the Court erred by vacating the 2019 Rules without an adjudication of the merits. *See* ECF No. 180 at 8. Instead, even while moving for the extraordinary relief contemplated by Rule 59(e), the Plaintiffs remain steadfast in their position that the Vacatur Order contains no error whatsoever. ECF No. 180 at 12 ("Importantly, Plaintiffs agree with the Court that, under applicable Ninth Circuit case law, it has inherent equitable authority to remand and vacate the 2019 ESA Rules . . . without first ruling on the merits of Plaintiffs' claims."). By trying to thread the needle so carefully as not to disturb the complete relief this Court has already granted them, the Plaintiffs betray their lack of grounds for Rule 59(e) relief. This might be strategically wise in the longer term, given the Plaintiffs' stated intention to oppose the merits of the Defendant Intervenors' appeals. *See* ECF No. 180 at 6. But it puts them squarely at odds with the cases in this District—and other district courts within the Ninth Circuit— which have required such a showing to demonstrate "manifest injustice." *See Blakeney*, 2016 WL 6804603, at *6; *Zeitler*, 2017 WL 6017853, at *2; *Rupert*, 2015 WL 78739, at *4; *Pac. Coast Fed'n of Fishermen's Ass'n*, 2011 WL 289927, at *2. *See also supra* note 9.

The Plaintiffs cite out-of-circuit district court authority for the proposition that, notwithstanding the definition of "manifest injustice" set forth in this District (and other districts within the Ninth Circuit), "[o]ther courts have noted that there is no precise definition of what constitutes 'manifest injustice.'" ECF No. 180 at 8. But one of these cases—citing the heavy burden a party must carry to demonstrate that Rule 59(e) relief is warranted—involved the *denial* of Rule 59(e) relief. *See Piper v. U.S. Dep't of Just.*, 312 F. Supp. 2d 17, 23 (D.D.C. 2004), *as amended* (May 13, 2004). And the other granted Rule 59(e) relief only because the court had no opportunity to consider the question of remedy before entering judgment *denying* the movants' requested relief. *See AARP v. United States Equal Emp. Opportunity Comm'n*, 292 F. Supp. 3d 238, 245 (D.D.C. 2017). This Court had ample opportunity to consider the question of remedy prior to *granting* the Plaintiffs' requested remedy. *See* ECF No. 168. Indeed, the question of remedy in this case was the subject of no fewer than thirteen filings. *See* ECF Nos. 146, 149, 151–160, 164–66.

By refusing to assert that the Court erred in any way whatsoever, the Plaintiffs fail to make the necessary showing for "manifest injustice" required in this District.

### B.   The prejudice the Plaintiffs allege does not withstand scrutiny

Even were this Court to entertain the Plaintiffs' improperly asserted claim of "manifest injustice," their arguments should not be credited. As noted, the Plaintiffs' Rule 59(e) Motion is predicated on the "prospect" that the Defendant Intervenors will secure an appellate stay of the Vacatur Order—as the intervenors in *American Rivers* did—and that this will cause the Plaintiffs "significant prejudice" by leading to a temporary suspension of the relief they have been granted. *See* ECF No. 180 at 5–7, 13–14. But by studiously avoiding any suggestion that the Court erred, the Plaintiffs undercut any claim of potential prejudice.

The Plaintiffs have indicated their intention to oppose any request for a stay made by the Defendant Intervenors. ECF No. 180 at 6. *See also* ECF No. 181 (opposing the Defendant Intervenors' request for a stay pending appeal). And if the Plaintiffs are correct in their position that this Court "has inherent equitable authority to remand and vacate the 2019 ESA Rules . . . without first ruling on the merits of Plaintiffs' claims[,]" ECF No. 180 at 12, they will be successful in doing so. To obtain a stay pending appeal the Defendant Intervenors must demonstrate that they are likely to succeed on the merits of their argument that this Court did not possess the authority to vacate the 2019 Rules without an adjudication of the merits. *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1010 (9th Cir. 2020) ("An applicant for a stay pending appeal must make 'a strong showing that he is likely to succeed on the merits.'" (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009))). If the Plaintiffs are correct that this Court did not err in vacating the 2019 Rules, then the Defendant Intervenors will be unable to demonstrate that necessary predicate for a stay pending appeal.[10] The Plaintiffs would be successful in opposing the Defendant Intervenors' Stay Motion and the potential harm they allege in their Rule 59(e) Motion—reinstatement of the 2019 Rules during the pendency

---

[10] Indeed, this is precisely what the Plaintiffs have argued in opposing the Defendant Intervenors' Joint Stay Motion. *See* ECF No. 181 at 7, 11–23 ("Intervenors cannot establish a likelihood of success on appeal. . . . Intervenors fail to show that the Court's well-founded order was erroneous.").

of the Defendant Intervenors' appeals—would not, and could not, eventuate. *See Al Otro Lado*, 952 F.3d at 1014 (denying a request for stay pending appeal where the movant failed to meet "its burden to make a sufficiently strong showing of a likelihood of success on the merits").

If, on the other hand, the Defendant Intervenors are correct on the merits and this Court did overstep its authority by vacating the 2019 Rules without finding them unlawful, *see* ECF No. 171 at 9–11, 17–20, then the Plaintiffs cannot legitimately claim the existence of "manifest injustice" resulting from entry of a stay pending appeal. The Plaintiffs have no legitimate claim to an interest in unlawful relief to which they were never entitled in the first place.

Moreover, the Plaintiffs cannot claim that merely having to litigate the Defendant Intervenors' appeals and Stay Motion amounts to "manifest injustice." *See* ECF No. 180 at 11 (asserting that Plaintiffs wish to "avoid" the "procedural path" set in motion by the Defendant Intervenors' notices of appeal); *id.* at 13 (lamenting that the Court's Vacatur Order has "raised issues of litigation over a stay"); *id.* at 14 (observing that "the Order vacating the 2019 ESA Rules has already led to three appeals challenging the Court's authority to do so"). The Defendant Intervenors are entitled to appeal this Court's adverse Final Judgment. *See Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 333 (1980) ("[A] party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom."). *See also* Fed. R. App. P. 3(a) ("An appeal permitted by law as of right from a district court to a court of appeals may be taken . . . by filing a notice of appeal with the district clerk within the time allowed by Rule 4."). And the Defendant Intervenors are permitted to seek a stay pending resolution of any such appeal. *See* Fed. R. App. P. 8. *See also Arizona Democratic Party v. Hobbs*, 976 F.3d 1081, 1085 (9th Cir. 2020). The Defendant Intervenors' timely appeals and Stay Motion are simply additional—and foreseeable—steps in the litigation process which the Plaintiffs themselves initiated. *See Deposit Guar. Nat'l Bank, Jackson, Miss.*, 445 U.S. at 333; *Arizona Democratic Party*, 976 F.3d at 1085; Fed. R. App. P. 3(a), 8. The mere requirement that a party participate in the appellate process and respond to colorable arguments that there exist grounds for a stay pending appeal could not possibly amount to the "manifest injustice" contemplated by the Ninth Circuit under Rule 59(e).

Perhaps the careful way in which the Plaintiffs have argued that this Court's Vacatur Order will inflict "manifest injustice" upon them—notwithstanding their refusal to assert that it contains any error—betrays their true motivation for seeking Rule 59(e) Relief. They are concerned with the Vacatur Order's vulnerability on appeal. *See* ECF No. 180 at 14 (acknowledging "the prospect that a court may subsequently determine that vacatur is unavailable unless accompanied by a determination on the merits . . . ").

The Plaintiffs should have considered that in December 2021 when they made the extraordinary request for this Court to vacate the 2019 Rules without adjudicating the merits of their claims, ECF No. 149, even in the absence of definitive Circuit authority providing that this Court has the authority to do so, *see In re Clean Water Act Rulemaking*, 568 F. Supp. 3d at 1022 (noting that "[c]ontrasting policy implications have led to a split in authority regarding whether a court may order vacatur without first reaching a determination on the merits of the agency's action" and that "[o]ur court of appeals has not had the opportunity to address this question directly . . ."). Or they should have raised their concern with the Court when both the Federal Defendants and the Defendant Intervenors apprised the Court of the Supreme Court's stay in *American Rivers* in April of this year. ECF Nos. 164, 166. Instead, they sat on their hands, waited for the Court to grant them full relief, and now seek to prejudice the Defendant Intervenors by filing a novel Rule 59(e) motion complaining about "manifest injustice" caused by the order they requested. But the Plaintiffs cannot now utilize Rule 59(e) to remedy the "prospect," ECF No. 180 at 14, that the Defendant Intervenors will obtain appellate relief. *Cf. Carroll*, 342 F.3d at 945 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (citing *Kona Enters.*, 229 F.3d at 890)).

The Plaintiffs have been given the relief they asked for. *See* ECF No. 149. And mere concern that there exist meritorious grounds for this Court or the Court of Appeals to disturb that relief cannot justify the extraordinary remedy contemplated by Rule 59(e). The Vacatur Order does not inflict "manifest injustice" upon the Plaintiffs.

1

2

**C.    The Plaintiffs' dubious argument that the Court has inflicted "manifest injustice" upon them by not considering the procedural implications of *American Rivers* is not properly raised in their Rule 59(e) Motion**

3    A Rule 59(e) motion "may not be used to relitigate old matters . . . ," *Exxon Shipping*, 554

4  U.S. at 486 n.5; *Guenther*, 972 F.3d at 1058, or "to ask a court 'to rethink what the court had already

5  thought through—rightly or wrongly,'" *Defs. of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the

6  Belt*, 99 F.R.D. at 101). *See also Drennon*, 79 F. App'x 270; *Marks*, 2018 WL 3641720, at *2. But

7  this is precisely what the Plaintiffs seek in their Rule 59(e) Motion. Again, the Plaintiffs' Rule 59(e)

8  Motion is predicated on the apparent contention that, because *American Rivers* heightens the

9  possibility that the Defendant Intervenors will secure an appellate stay of the Vacatur Order, *see

10  ECF No. 180 at 14, they are prejudiced by this Court having not purportedly considered the

11  procedural implications of vacating the 2019 Rules without an adjudication of the merits.

12    The Supreme Court's stay order in *American Rivers* was the subject of two Statements of

13  Recent Decision. *See* ECF Nos. 164–166. And this Court expressly acknowledged the appellate

14  proceedings in *American Rivers* when it granted the Plaintiffs their requested relief. *See* ECF No.

15  168 at 6 (citing *Am. Rivers*, 142 S. Ct. 1347); *id.* at 7 (quoting *Alaska Wildlife Alliance*, 2022 WL

16  1553556, at *3). As such, notwithstanding its consideration of the appellate proceedings in

17  *American Rivers* the Court concluded that *American Rivers* casts no doubt on its claimed authority

18  to "vacate an agency's action without first making a determination on the merits." *Id.* (quoting *In

19  re Clean Water Act Rulemaking*, 568 F. Supp. 3d at 1022).

20    The Plaintiffs' contention that the Court did not consider the procedural implications of

21  *American Rivers* is therefore contradicted by the Vacatur Order, *see* ECF No. 168 at 6–7, and is

22  barred by the principle that a Rule 59(e) motion "may not be used to relitigate old matters . . . ,"

23  *Exxon Shipping*, 554 U.S. at 485 n.5; *Guenther*, 972 F.3d at 1058, or to ask a court to revisit matters

24  previously considered, *see Defs. of Wildlife*, 909 F. Supp. at 1351; *Drennon*, 79 F. App'x 270;

25  *Marks*, 2018 WL 3641720, at *2. As such, even if the Plaintiffs could legitimately contend that this

26  Court has inflicted "manifest injustice" upon them by vacating the 2019 Rules without considering

27  the procedural implications of *American Rivers*—even while maintaining that the Court's Vacatur

28

Order contains no error—, *but see supra* 13–15, this concern is not properly raised in a Rule 59(e) motion.

**D.    The Plaintiffs' request that this Court revisit their prior request for a ruling on the merits of their NEPA claims is not properly raised in their Rule 59(e) Motion**

To remedy the purported "injustice" this Court has inflicted upon them, the Plaintiffs ask it to revisit their prior request for a determination that the 2019 Rules were promulgated in violation of NEPA. *See* ECF No. 180 at 13–16 (citing ECF No. 160). This request is similarly barred by the principle that a Rule 59(e) motion "may not be used to relitigate old matters . . . " *see Exxon Shipping*, 554 U.S. at 485 n.5; *Guenther*, 972 F.3d at 1058, or to ask a court to revisit matters previously considered, *see Defs. of Wildlife*, 909 F. Supp. at 1351.

In their Joint Supplemental Brief, the Plaintiffs set forth various arguments on the merits of their NEPA claims and specifically requested that this Court "find that the Services violated NEPA in promulgating the Final Rules." *See* ECF No. 160 at 8, 21. By vacating the 2019 Rules without determining the merits of the Plaintiffs' NEPA claims, *see* ECF No. 168 at 6–7, this Court necessarily rejected that request. But now, in their Rule 59(e) Motion, the Plaintiffs rehash these same arguments and again ask this Court to rule that the Federal Defendants violated NEPA in promulgating the 2019 Rules. *Compare* ECF No. 180 at 13–16 *with* ECF No. 160. Indeed, the Plaintiffs do not even attempt to conceal the nature of their request. *See* ECF No. 180 at 15 ("As more fully described in Plaintiffs' Joint Supplemental Brief, ECF No. 160, the 2019 regulations were issued in violation of NEPA." (citing ECF No. 160 at 1, 4, 5–6, 7–10)).

The Plaintiffs plainly may not utilize Rule 59(e) to ask that this Court revisit their previous request for a determination on the merits of their NEPA arguments. *See Exxon Shipping*, 554 U.S. at 485 n.5; *Guenther*, 972 F.3d at 1058.

**E.    The Plaintiffs' new request that this Court order that any remand on the 2019 Rules be conducted according to a schedule is not properly raised in their Rule 59(e) Motion**

For the first time, the Plaintiffs request in their motion that any remand to the Federal Defendants be conducted according to a court-enforced schedule and one-year deadline. ECF No. 180 at 16–17. The basis for this request is that, although "the Services publicly announced their

intent to revise the 2019 ESA Rules in June 2021, almost six months later they informed Plaintiffs and the Court that they had ceased work on revised rules entirely." *Id.* at 16 (citing ECF No. 146-1, ¶¶ 12–13; ECF No. 146-2, ¶¶ 9–10). This newfound request is not properly raised in the Plaintiffs' Rule 59(e) Motion. It is axiomatic that "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945 (citing *Kona Enters.*, 229 F.3d at 890)).

The Plaintiffs' request for time limits could have been raised in their response to the Federal Defendants' Remand Motion, ECF No. 149. This would, in fact, have been the most logical place to make such a request. The Plaintiffs did not oppose the Federal Defendants' request for remand. ECF No. 149 at 8. Rather, they partially opposed on the grounds that the condition of vacatur should be attached to any such remand. *Id.* The Plaintiffs could have easily requested that an additional condition be attached to the remand—time limitations and a court-enforced schedule. Indeed, in their response to the Federal Defendants' Remand Motion, the Plaintiffs bemoaned the very same fact that now animates their new request for a schedule on remand. *Compare* ECF No. 180 at 16 ("While the Services publicly announced their intent to revise the 2019 ESA Rules in June 2021, almost six months later they informed Plaintiffs and the Court that they had ceased work on revised rules entirely." (citing ECF No. 146-1, ¶¶ 12–13; ECF No. 146-2, ¶¶ 9–10)) *with* ECF No. 149 at 7 ("the Services now inform the Court and the parties that they have ceased work entirely on any proposed new rulemakings . . . (citing ECF 146-1, ¶¶ 12–13; ECF 146-2, ¶¶ 9–10)).

The Plaintiffs cannot now seek to remedy their failure to timely request a remand schedule, through the extraordinary remedy of Rule 59(e) relief. *See Zeitler*, 2017 WL 6017853, at *2 (denying Rule 59(e) relief where it was "plain that Plaintiff had adequate opportunity to make his . . . arguments prior to the court's decision on whether and how the case should be remanded"). *See also Carroll*, 342 F.3d at 945 (upholding district court's denial of Rule 59(e) relief where movant had "failed to advance . . . arguments in a timely manner."); *389 Orange St. Partners*, 179 F.3d at 665 ("Our abuse of discretion review precludes reversing the district court for declining to address an issue raised for the first time in a motion for reconsideration."); *Vega v. Comm'r of Soc. Sec.*

1    *Admin.*, 472 F. App'x 827, 827 (9th Cir. 2012) (upholding district court's denial of Rule 59(e) relief

2    where movant "could have included the argument" in prior briefing).

3    **II.    Any Briefing on the Plaintiffs' NEPA Claims Is Incomplete and Cannot Serve As Grounds for a Determination of the Merits**

4

5            Even were this Court inclined to entertain the Plaintiffs' non-meritorious Rule 59(e)

6    Motion, the Plaintiffs' requested relief would be improper and impracticable. Rather than

7    requesting that the Court set aside the Vacatur Order and Final Judgment altogether and begin

8    merits briefing anew, the Plaintiffs request that this Court simply amend its Vacatur Order and Final

9    Judgment to find that the Federal Defendants violated NEPA in promulgating the 2019 Rules. ECF

10   No. 180. This request is based only upon the incomplete briefing that has occurred on the merits of

11   the Plaintiffs' NEPA claims, and purported "concessions" made by the Federal Defendants. ECF

12   No. 180 at 10 n.4. This request must fail, for three reasons.

13           ***First***, this Court cannot adjudicate the merits of the Plaintiffs' NEPA claims without first

14   resolving the threshold question of whether the 2019 Rules were even subject to NEPA's

15   requirements. Yet, this question is directly raised by the Defendant Intervenors' intended arguments

16   on the merits of the Plaintiffs' remaining *ESA claims*.

17           It is well established that only discretionary federal action is subject to the requirements of

18   NEPA. *See Sierra Club v. Babbitt*, 65 F.3d 1502, 1512 (9th Cir. 1995) (concluding that the "case

19   law is . . . forceful in excusing nondiscretionary agency action or agency 'inaction' from the

20   operation of NEPA" (collecting cases)). *See also Alaska Wilderness League v. Jewell*, 788 F.3d

21   1212, 1226 (9th Cir. 2015) (finding NEPA inapplicable where agency discretion was limited by a

22   statutory mandate). In their summary judgment briefing the Plaintiffs argue that, in promulgating

23   the Section 4(d) Rule and the Section 4 Rules the Federal Defendants abused their discretion and

24   violated the ESA. *See* ECF No. 142 at 24–30 in *CBD*; ECF No. 162 at 32–34, 40–41, 45–46 in

25   *California*; ECF No. 107 25–30, 37–39 in *ALDF*. The Defendant Intervenors have, however,

26   indicated that they intend to respond to the Plaintiffs' substantive ESA claims by raising colorable

27   arguments that the 4(d) Rule, codified at 50 C.F.R. § 17.31, and the provisions of the Section 4

28   Rules pertaining to the delisting of species and designation of unoccupied critical habitat, codified

at 50 C.F.R. §§ 424.11(e), 424.12(b)(2) (2019), were statutorily compelled and therefore *nondiscretionary. See* ECF No. 151 at 12–13, 16–17; ECF No. 152 at 14–15; ECF No. 159 at 9–21. If the Defendant Intervenors are correct in this intended argument on the Plaintiffs' remaining claims, then NEPA is inapplicable, and necessarily there could have been no NEPA violation when the Federal Defendants promulgated the Section 4(d) Rule and the provisions of the 2019 Section 4 Rules pertaining to the delisting of species and designation of unoccupied critical habitat. But due to the current procedural posture of this litigation, the Defendant Intervenors have not had the opportunity to respond to the Plaintiffs' ESA claims on the merits. *See* ECF No. 150.

As such, a partial merits adjudication limited to the Plaintiffs' NEPA claims is not possible at this juncture. Until this Court accepts responsive briefing from the Defendant Intervenors and resolves the threshold question raised by their intended arguments on the merits of Plaintiffs' ESA claims—that the Section 4(d) Rule and the Section 4 Rules were nondiscretionary—it cannot practically adjudicate whether the Plaintiffs' NEPA claims are meritorious. *See* ECF No. 159.

***Second***, even setting aside the threshold question of NEPA's applicability raised by the Plaintiffs' substantive ESA claims, basic principles of fairness counsel against an adjudication of the Plaintiffs' NEPA claims based only upon the briefing before this Court. The Court's original schedule anticipated that the parties would file cross-motions for summary judgment, with each party being given the opportunity to file a motion for summary judgment, an opposition to summary judgment, and a reply in support of summary judgment. ECF Nos. 102, 108, 111, 141. *See also* Fed. R. Civ. P. 56; Civil L.R. 7, 56. However, as of the filing of the Plaintiffs' Rule 59(e) Motion, only the Plaintiffs and the Federal Defendants have had the opportunity to file merits briefing under that schedule. *See* ECF No. 142 in *CBD*; ECF No. 162 in *California*; ECF No. 107 in *ALDF*. *See also* ECF No. 150. The Plaintiffs contend that "reaching the NEPA issues will not prejudice any party as these issues have been briefed by all parties to this case." ECF No. 180 at 10. This is not true. The Defendant Intervenors have not submitted merits responses to the Plaintiffs' voluminous motions for summary judgment. *See* ECF No. 150. Nor have they been given the opportunity to file a cross-motion for summary judgment and reply. And by requiring that the Defendant Intervenors' supplemental briefs be submitted simultaneously with the Plaintiffs' Joint

Supplemental Brief, the Court's February 24, 2022, supplemental briefing schedule, *see* ECF No. 155, provided no opportunity for the Defendant Intervenors to respond to adverse arguments made in the Plaintiffs' supplemental briefing. *Cf. Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) ("Before ordering summary judgment in a case, a district court must . . . provide the parties with notice and an opportunity to respond to adverse arguments . . . .").

   *Third*—and contrary to the Plaintiffs' characterizations, ECF No. 180 at 10 n.4—the Federal Defendants have made clear that they do not concede the merits of the Plaintiffs' NEPA claims. On March 4, 2022, the Federal Defendants filed a supplemental brief clarifying that their NEPA "concerns" could not "rise to the level of identifying a legal violation that warrants vacatur of the challenged regulations." *See* ECF No. 156 at 5–6. In any event, even had the Federal Defendants conceded the merits of the Plaintiffs' NEPA claims, that fact could not justify vacatur without the Court first accepting responsive merits briefing from the Defendant Intervenors. *See Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 557 (D.C. Cir. 2015) ("The court is not bound to accept, and indeed generally should not uncritically accept, an agency's concession of a significant merits issue. . . . If an agency could engage in rescission by concession, the doctrine requiring agencies to give reasons before they rescind rules would be a dead letter." (internal citations omitted)); *Nat'l Parks Conservation Ass'n v. Salazar*, 660 F. Supp. 2d 3, 5 (D.D.C. 2009) ("[G]ranting vacatur [where a federal defendant has disclaimed its prior position] would allow the Federal defendants to do what they cannot do under the APA, repeal a rule without public notice and comment, without judicial consideration of the merits."). *See also* Suppl. Br. for State Respondent-Intervenors at 5 n.5, *North Dakota*, No. 15-1381 ("Even if EPA disclaims its previous positions, vacatur is not permissible." (internal citations omitted)).

   The Plaintiffs' request that this Court amend its Vacatur Order and Final Judgment to find that the Federal Defendants violated NEPA is improper and impracticable.

## CONCLUSION

   This Court should deny the Plaintiffs' Joint Rule 59(e) Motion to Alter or Amend Order and Judgment, ECF No. 180. And it should do so expeditiously to avoid any unnecessary delay of the Defendant Intervenors' appeals and prejudice to the interests they seek to protect on appeal.

DATED: August 11, 2022.

In compliance with Local Rule 5-1, the filer of this document attests that all signatories listed have concurred in the filing of this document.

Respectfully submitted,

CHARLES T. YATES
DAMIEN M. SCHIFF

By _____ /s/ Charles T. Yates _____
        CHARLES T. YATES

*Counsel for Defendant Intervenors Washington Cattlemen's Association, Pacific Legal Foundation, Ken Klemm, and Beaver Creek Buffalo Company*

*[Additional counsel listed on next page]*

| | | |
|---|---|---|
| 1 | STEVE MARSHALL<br>Attorney General of Alabama | s/ Christopher J. Carr<br>Christopher J. Carr, No. 184076 |
| 2 | | Navi Singh Dhillon, No. 279537 |
| 3 | s/ A. Barrett Bowdre<br>Edmund G. LaCour Jr. (*pro hac vice*) | Paul Hastings LLP<br>101 California Street, 48th Floor |
| | *Solicitor General* | San Francisco, California 94111 |
| 4 | James W. Davis (*pro hac vice*)<br>*Deputy Attorney General* | Telephone: (415) 856-7000<br>chriscarr@paulhastings.com |
| 5 | A. Barrett Bowdre (*pro hac vice*)<br>*Deputy Solicitor General* | navidhillon@paulhaustings.com |
| 6 | Office of the Alabama Attorney General<br>501 Washington Ave. | *Counsel for Defendant Intervenors American<br>Farm Bureau, American Forest Resource* |
| 7 | Montgomery, Alabama 36130<br>Telephone: (334) 353-2196 | *Council, American Petroleum Institute,<br>Federal Forest Resource Coalition, National* |
| 8 | Facsimile: (334) 353-8400<br>edmund.lacour@AlabamaAG.gov | *Alliance of Forest Owners, National<br>Association of Home Builders, National* |
| 9 | jim.davis@AlabamaAG.gov<br>barrett.bowdre@AlabamaAG.gov | *Cattlemen's Beef Association, and Public<br>Lands Council* |
| 10 | | |
| 11 | *Counsel for Defendant Intervenor<br>State of Alabama* | |
| 12 | s/ Paul J. Beard II | *[Additional counsel listed on next page]* |
| 13 | Paul J. Beard II, No. 210563<br>FisherBroyles LLP | |
| 14 | 5670 Wilshire Blvd., Suite 1800<br>Los Angeles, California 90036-5653 | |
| 15 | Telephone: (818) 216-3988<br>Facsimile: (213) 402-5034 | |
| 16 | paul.beard@fisherbroyles.com | |
| 17 | *Counsel for State Intervenors* | |
| 18 | MARK BRNOVICH<br>Attorney General of Arizona | |
| 19 | s/ L. John LeSueur | |
| 20 | L. John LeSueur (*pro hac vice*)<br>Assistant Attorney General | |
| 21 | Office of the Arizona Attorney General<br>2005 N. Central Avenue | |
| 22 | Phoenix, Arizona 85004<br>Telephone: (602) 542-0640 | |
| 23 | John.LeSueur@azag.gov | |
| 24 | *Counsel for Defendant Intervenor<br>State of Arizona ex rel. Ariz. Game & Fish* | |
| 25 | *Commission* | |
| 26 | | |
| 27 | | |
| 28 | | |

1
2

DEREK SCHMIDT
Attorney General of Kansas

s/ Jeffrey A. Chanay
3
Jeffrey A. Chanay (*pro hac vice*)
*Chief Deputy Attorney General*
4
Office of the Kansas Attorney General
120 SW Tenth Avenue
5
Topeka, Kansas 66612-1597
Telephone: (785) 296-2215
6
Facsimile: (785) 291-3767
jeff.chanay@ag.ks.gov
7
8
*Counsel for Defendant Intervenor*
*State of Kansas*

9
DOUGLAS J. PETERSON
Attorney General of Nebraska
10
s/ Justin D. Lavene
11
Justin D. Lavene (*pro hac vice*)
*Assistant Attorney General*
12
Carlton Wiggam (*pro hac vice*)
*Assistant Attorney General*
13
Nebraska Attorney General's Office
2115 State Capitol
14
Lincoln, Nebraska 68509
Telephone: (402) 471-2682
15
justin.lavene@nebraska.gov
carlton.wiggam@nebraska.gov
16
17
*Counsel for Defendant Intervenor*
*State of Nebraska*

18

19

20

AUSTIN KNUDSEN
Attorney General of Montana

s/ David Dewhirst
David Dewhirst (*pro hac vice*)
*Solicitor General*
Montana Department of Justice
215 N. Sanders St., P.O. Box 201401
Helena, MT 59620-1401
Telephone: (406) 444-3602
Facsimile: (406) 444-2026
david.dewhirst@mt.gov

*Counsel for Defendant Intervenor*
*State of Montana*

TREG. R. TAYLOR
Attorney General of Alaska

LESLIE RUTLEDGE
Attorney General of Arkansas

LAWRENCE G. WASDEN
Attorney General of Idaho

ERIC S. SCHMITT
Attorney General of Missouri

DREW H. WRIGLEY
Attorney General of North Dakota

SEAN D. REYES
Attorney General of Utah

PATRICK MORRISEY
Attorney General of West Virginia

BRIDGET HILL
Attorney General of Wyoming

21

22

23

24

25

26

27

28