TODD KIM
Assistant Attorney General
MEREDITH L. FLAX, Assistant Section Chief
COBY HOWELL, Senior Trial Attorney
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
1000 S.W. Third Avenue
Portland, OR 97204
Phone: (503) 727-1023
Fax: (503) 727-1117
Email: coby.howell@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (Oakland)

| | |
|---|---|
| STATE OF CALIFORNIA, ET AL., | Case. No. 4:19-cv-06013-JST |
| Plaintiffs, | Related Cases: No. 4:19-cv-05206-JST |
| vs. | No. 4:19-cv-06812-JST |
| HAALAND, ET AL., | **FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' JOINT RULE 59(e) MOTION TO ALTER OR AMEND ORDER AND JUDGMENT** |
| Federal Defendants, and | |
| STATE OF ALABAMA, ET. AL., | Date: October 20, 2022 |
| Defendant-Intervenors. | Time: 2:00 pm |
| | Place: Courtroom 6, 2nd Floor |
| | Judge: Hon. Jon S. Tigar |

# TABLE OF CONTENTS

PAGE

INTRODUCTION ................................................................................................................................1

BACKGROUND.................................................................................................................................2

STANDARD OF REVIEW.................................................................................................................3

DISCUSSION .....................................................................................................................................3

    I.    The Court Should Not Vacate The 2019 ESA Rules On The Basis Of A NEPA Violation. .............................................................................................................................4

    II.   Plaintiffs' Additional Request For A Schedule For The Services To Reconsider Their Prior Regulations Is Unwarranted. ................................................................................6

CONCLUSION ...................................................................................................................................9

# TABLE OF AUTHORITIES

**CASES**                                                                                                              **PAGE**

*Alaska Ctr. for Env't v. Browner*,
  20 F.3d 981 (9th Cir. 1994) ............................................................................................ 7

*Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*,
  988 F.2d 146 (D.C. Cir. 1993) ..................................................................................... 4, 5

*Allstate Ins. Co. v. Herron*,
  634 F.3d 1101 (9th Cir. 2011) ........................................................................................ 3

*Holmes v. Harris*,
  No. CV 18-3739 PSG, 2021 WL 2272395 (C.D. Cal. May 19, 2021) ........................... 3

*In re Matter of Seizure of Approximately 28 Grams of Marijuana*,
  No. 3-01-M 30204 MHP, 2004 WL 29155286 (N.D. Cal. Dec. 17, 2004) ................ 3

*Los Padres ForestWatch v. U.S. Forest Serv.*,
  25 F.4th 649 (9th Cir. 2022) ........................................................................................... 5

*Louisiana v. American Rivers*,
  142 S. Ct. 1347 (2022) .................................................................................................... 2

*Mountain Cmtys. for Fire Safety v. Elliott*,
  25 F.4th 667 (9th Cir. 2022) ........................................................................................... 5

*Nat'l Fam. Farm Coal. v. EPA*,
  966 F.3d 893 (9th Cir. 2020) .......................................................................................... 5

*Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*,
  524 F.3d 917 (9th Cir. 2008) ...................................................................................... 6, 7

*Niantic, Inc. v. Global++*,
  No. 19-cv-03425-JST, 2020 WL 12175723 (N.D. Cal. Jan. 29, 2020) ......................... 9

*Nutrition Distrib. LLC v. IronMag Lab'ys, LLC*,
  978 F.3d 1068 (9th Cir. 2020) ........................................................................................ 3

*NWF v. NMFS,*
  NO. CV 01-640-RE,
  2005 WL 2488447 (D. Or. Oct. 7, 2005) .................................................................. 6, 7

*Pac. Rivers Council v. U.S. Forest Serv.,*
  942 F. Supp. 2d 1014 (E.D. Cal. 2013) ....................................................................... 6

*San Luis & Delta-Mendota Water Auth. v. Jewell,*
  747 F.3d 581 (9th Cir. 2014) ....................................................................................... 8

*Sierra Forest Legacy v. Sherman,*
  951 F. Supp. 2d 1100 (E.D. Cal. 2013) ....................................................................... 5

**RULES**

Federal Rule of Civil Procedure 59(e) ................................................................................ 1, 3

iii
Fed. Defs.' Resp. to Pls.' Rule 59(e) Mot., 4:19-cv-06013-JST

# INTRODUCTION

Seventeen States, the District of Columbia, and the City of New York ("State Plaintiffs"), the Center for Biological Diversity and other non-governmental organizations ("CBD Plaintiffs"), and the Animal Legal Defense Fund ("ALDF") (collectively, "Plaintiffs") seek to alter or amend the Court's Remand Order (ECF 168) and Judgment (ECF 169) under Federal Rule of Civil Procedure 59(e). Plaintiffs argue that the Court should amend the Remand Order by finding a violation of the National Environmental Policy Act ("NEPA"), vacate on that basis, and order the completion of any remand within one year with quarterly status reports. *See* Plaintiffs' Joint Motion to Alter or Amend Order and Judgment ("Pls.' Mot.") (ECF 180).[1]

Federal Defendants agree that the Court should alter or amend its Remand Order and Judgment because, under the circumstances here, the Court erred in vacating the 2019 Endangered Species Act Rules ("2019 ESA Rules"). However, Federal Defendants disagree with Plaintiffs that the solution is for the Court to reach the merits of the NEPA claim and vacate on that basis. Instead, the Court should alter or amend its Remand Order and Judgment by remanding the 2019 ESA Rules to the U.S. Fish and Wildlife Service ("FWS") and National Marine Fisheries Service ("NMFS") (collectively, "Services") without vacatur for the reasons

---

[1] Federal Defendants are filing an identical response in all three related cases. As with other recent pleadings, the cases are referred to collectively in the singular form, and we use the ECF citations in 19-cv-5206, unless multiple citations are provided for specific reasons.

set forth in Federal Defendants' Motion for Voluntary Remand, ECF 146; ECF 154, and consistent with the schedule set forth in the Fifth Declaration of Gary Frazer ("Fifth Frazer Decl.") ¶ 2 and the Sixth Declaration of Samuel Rauch ("Sixth Rauch Decl.") ¶ 2.

If the Court does reach the merits and agrees with Plaintiffs that a NEPA violation occurred, such a violation still would not warrant vacatur. Nor, even if the 2019 ESA Rules were vacated, would there be cause to order the Services to reconsider their prior regulations within one year, or to file quarterly status reports.

## BACKGROUND[2]

On December 10, 2021, Federal Defendants moved for voluntary remand to allow the FWS and NMFS to revise and rescind the 2019 ESA Rules. Federal Defendants sought remand without vacatur for the reasons explained in the Third Declaration of Gary Frazer and Fourth Declaration of Samuel Rauch. ECF 146-1; ECF 146-2.

Plaintiffs did not oppose remand of the 2019 ESA Rules but sought vacatur. ECF 149 at 11. This Court agreed with Plaintiffs, remanding and vacating the 2019 ESA Rules without reaching the merits. ECF 168; ECF 169.

Shortly thereafter, Defendant-Intervenors filed appeals and moved this Court for a stay pending appeal in light of the Supreme Court's stay in *Louisiana v. American Rivers*, 142 S. Ct. 1347 (2022) ("*American Rivers*"). ECF 171. In

---

[2] The procedural background is set forth in more detail in Federal Defendants' recently filed Response to Defendant-Intervenors' Motion for Stay Pending Appeal ("Fed. Defs.' Resp. Def-Intv. Mot. Stay"). ECF 182 at 6-11.

response to Defendant-Intervenors' motion for stay pending appeal, Plaintiffs now seek reconsideration of the Remand Order under Rule 59(e).[3]

## STANDARD OF REVIEW

The Ninth Circuit recognizes four basic grounds upon which a motion under Federal Rule of Civil Procedure 59(e) may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests;
> (2) if such motion is necessary to present newly discovered or previously unavailable evidence;
> (3) if such motion is necessary to prevent manifest injustice; or
> (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

## DISCUSSION

In a voluntary remand context where the agency does not confess error, vacatur should be ordered only after the Court has resolved the merits and carefully considered the appropriate scope of relief. That did not happen here. Thus, the

---

[3] Plaintiffs' Rule 59(e) motion seeking reconsideration of the Remand Order comes to the Court in an odd procedural posture because Defendant-Intervenors already filed appeals and are jointly seeking a stay of the Judgment. Although there is not a significant body of case law addressing this situation, it appears that the Court's Judgment is effective and Defendant-Intervenors' appeals are dormant pending resolution of the Rule 59(e) motion. *See, e.g.,* Wright & Miller, FPP § 2903 ("A posttrial motion, seeking a new trial or some similar kind of relief, does not stay the judgment."); Wright & Miller, FPP § 3950.4; *Nutrition Distrib. LLC v. IronMag Lab'ys, LLC*, 978 F.3d 1068 (9th Cir. 2020). It also appears that the Court has the discretion to resolve both pending motions either sequentially or at the same time. *Cf. Holmes v. Harris*, No. CV 18-3739 PSG, 2021 WL 2272395 (C.D. Cal. May 19, 2021) (adjudicating motions together), *aff'd*, No. 21-55330, 2022 WL 1198204 (9th Cir. Apr. 22, 2022); *In re Matter of Seizure of Approximately 28 Grams of Marijuana*, No. 3-01-M 30204 MHP, 2004 WL 29155286 (N.D. Cal. Dec. 17, 2004) (same).

Court should alter or amend its Remand Order and Judgment to correct that error. The Court should remand the 2019 ESA Rules to the Services without vacatur for the reasons set forth in Federal Defendants' prior briefing and supporting declarations. ECF 146; ECF 154. If the Court remands without vacatur, the Services are prepared to complete the remand as described in the Fifth Frazer Decl. ¶ 2 and Sixth Rauch Decl. ¶ 2.

Plaintiffs' alternative proposal should be disregarded. If this Court were to reach the merits and hold the 2019 ESA Rules unlawful, those rules still should not be set aside. Further, Plaintiffs offer no reason why, if this Court adopts their proposal to set aside the 2019 ESA Rules based on a NEPA violation, the Services should be put on a clock to reconsider their prior regulations.

### I. The Court Should Not Vacate The 2019 ESA Rules On The Basis Of A NEPA Violation.

The Court previously asked the parties to brief whether the Services complied with NEPA and whether an alleged NEPA violation warrants vacatur. ECF 155 at 1 ("Before deciding this motion, the Court requires additional briefing to determine whether the Services complied with the requirements set forth in [NEPA] when promulgating the challenged regulations."); *id.* at 2 ("All briefs should analyze whether the Services properly invoked the categorical exclusions under NEPA when they promulgated the challenged regulations and whether, under *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n,* 988 F.2d 146 (D.C. Cir. 1993), vacatur is the proper remedy for a violation of NEPA."). Plaintiffs fully

presented their position on both of these questions and argued that the Services' alleged violation of NEPA warranted vacatur. ECF 160.

In response to the Court's questions, Federal Defendants, while acknowledging that the Services had substantial concerns with the records for the categorical exclusions (and, at the Court's request, further explaining those concerns), did not confess error. ECF 156 at 5 ("the Services believe that they could have provided a fuller explanation of their decision to invoke categorical exclusions under NEPA and why certain extraordinary circumstances factors may not apply here. However, that is not to say that the agencies believe that the invocation of categorical exclusions was erroneous."). Federal Defendants argued and still maintain that the Services' reliance on categorical exclusions was lawful. *Id.* That position is consistent with Ninth Circuit precedent. *Mountain Cmtys. for Fire Safety v. Elliott,* 25 F.4th 667 (9th Cir. 2022) (upholding the agency's categorical exclusion and extraordinary circumstances review in similar circumstances); *Los Padres ForestWatch v. U.S. Forest Serv.*, 25 F.4th 649 (9th Cir. 2022) (same).

Federal Defendants further explained that even if the Court found a NEPA violation, such a violation need not result in vacatur of the 2019 ESA Rules. ECF 156 at 13 ("Vacatur is not automatic, even when the subject matter involves potential to harm . . . listed species."); *see also Nat'l Fam. Farm Coal. v. EPA*, 966 F.3d 893, 929 (9th Cir. 2020) (declining to vacate and finding that "failing to consider harm to monarch butterflies caused by killing target milkweed—is not serious"); *Sierra Forest Legacy v. Sherman,* 951 F. Supp. 2d 1100, 1106 (E.D. Cal.

2013) ("If vacatur in the face of a NEPA violation was virtually automatic as Plaintiffs herein appear to suggest, then the Ninth Circuit would not have remanded to this Court for further equitable consideration of the appropriate remedy . . ."); *Pac. Rivers Council v. U.S. Forest Serv.*, 942 F. Supp. 2d 1014, 1021 (E.D. Cal. 2013) (declining to vacate with a NEPA violation).

Federal Defendants' position on Plaintiffs' NEPA claim remains the same. The Services did not violate NEPA and, even if the Court identifies a violation, any NEPA violation does not warrant vacatur. Thus, though this Court should remand, it should remand without vacatur

## II. Plaintiffs' Additional Request For A Schedule For The Services To Reconsider Their Prior Regulations Is Unwarranted.

There is no basis to order the Services to complete a remand within one year and provide quarterly reports. ECF 180 at 7. Plaintiffs rely almost entirely on *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917, 937 (9th Cir. 2008) ("*NWF v. NMFS*"), for their extraordinary request. ECF 180 at 16. But they neglect to address the distinctions between that case and the circumstances here. *NWF v. NMFS* involved a far different situation where the district court (1) did not vacate the challenged agency action, and (2) put constraints on the remand in light of the agencies' previous conduct. *NWF v. NMFS,* No. CV 01-640-RE, 2005 WL 2488447, at *3 (D. Or. Oct. 7, 2005).

In that case, the district court chose not to vacate the contested biological opinion on remand because of "the severe consequences that would follow." *Id.* ("The Action Agencies and others will be exposed to liability for taking listed species

6
Fed. Defs.' Resp. to Pls.' Rule 59(e) Mot., 4:19-cv-06013-JST

under Section 9 of the ESA."). But the district court was concerned with how the agencies had failed, in its view, to comply with previous remand orders and was skeptical of compliance during the next remand. *Id.* at *3-4. Because the district court did not vacate the challenged biological opinion, leaving essentially the *status quo* intact, and in light of the agencies' alleged previous failures to comply with remand orders, the district court imposed a timeline and other conditions on remand. *Id.* at *1 ("I do not believe a remand period of more than one year is appropriate considering past actions on remand.").

It is under those unique circumstances—remand without vacatur and repeated failures, in the court's view, to comply with previous remand instructions—that the Ninth Circuit affirmed some intrusion into the agencies' decisionmaking processes. *NWF v. NMFS*, 524 F.3d at 937; *see also Alaska Ctr. for Env't v. Browner*, 20 F.3d 981, 986 (9th Cir. 1994) ("*ACE*") (requiring status reports during the remand where the "the established wrong is the failure of the EPA to take any steps to establish the TMDLs mandated by Congress for more than a decade").

In this case, ordering the Services to complete a remand within one year, with the additional requirement of quarterly status reports, would fall well outside these precedents and is unwarranted. First, there is no history of non-compliance with remand orders or statutory obligations in these cases, or even with the general subject matter, as there was in *NWF v. NMFS* or *ACE*. Indeed, the Services asked

for voluntary remand in the first instance.[4]  ECF 146.  Second, if Plaintiffs are successful with their motion, the 2019 ESA Rules will remain vacated and any alleged harm Plaintiffs claim they suffer from the 2019 ESA Rules will not be present; therefore, there would be no urgency on remand.  Similarly, vacatur of the 2019 ESA Rules in their entirety places the Services in a far different rulemaking posture than if the Rules were remanded without vacatur.  Fifth Frazer Decl. ¶ 3; Sixth Rauch Decl. ¶ 3.  If the 2019 ESA Rules are vacated, it makes little sense to order the issuance of new rules within one year since the Plaintiffs would have obtained the relief they sought and the Services should be able to allocate its resources with regard to the ESA's administration as they see fit.  Third, even if it were appropriate to compel the Services to engage in rulemaking after vacating the 2019 ESA Rules, which the Services dispute, imposing a one-year deadline on complicated rulemaking would undermine the public process and threaten the viability of any such future regulations.  *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 606 (9th Cir. 2014) (criticizing the district court's imposition of a one-year deadline).  As the Ninth Circuit recognized, "[d]eadlines become a substantive constraint on what an agency can reasonably do." *Id.*  Finally, Plaintiffs could have raised this issue in their briefing on Federal Defendants' motion for voluntary remand, but chose not to do so.  And, as this Court has stated, a motion for reconsideration "may *not* be used to raise arguments . . . for the first

---

[4] In the cases where courts stayed proceedings, the Services fully complied with the timeframes for rescinding the 2020 Critical Habitat Rules.  ECF 182 at 5 n.1.

8
Fed. Defs.' Resp. to Pls.' Rule 59(e) Mot., 4:19-cv-06013-JST

time when they could reasonably have been raised earlier in the litigation." *Niantic, Inc. v. Global++,* No. 19-cv-03425-JST, 2020 WL 12175723, at *3 (N.D. Cal. Jan. 29, 2020) (emphasis in original) (citations omitted).  Certainly, Plaintiffs could have raised this issue earlier.

There is no basis to order the Services to complete a remand within one year, especially if the 2019 ESA Rules remain vacated.  The circumstances under which the Ninth Circuit has affirmed intrusions into agency decisionmaking processes are extraordinary and they certainly are not present here.  Plaintiffs' request to influence the remand by imposing a one-year deadline and quarterly status reports should be denied.

## CONCLUSION

Federal Defendants agree with the other parties in this case that the Court erred when it vacated the 2019 ESA Rules without holding them unlawful.  But the solution does not lie in Plaintiffs' proposal of finding a NEPA violation and vacating on that basis.  Rather, to the extent the Court is inclined to alter the Remand Order and Judgment, it should remand the 2019 ESA Rules without vacatur as Federal Defendants originally requested and provide the Services with adequate time to complete the rulemaking process on remand.  If the Court instead adopts Plaintiffs' proposal and vacates the 2019 ESA Rules based on a NEPA violation, it should not impose a schedule for any further action by the Services on remand.

DATED: August 11, 2022.

TODD KIM
Assistant Attorney General
MEREDITH L. FLAX, Assistant Chief

*/s/ Coby Howell.*
COBY HOWELL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
1000 S.W. Third Avenue
Portland, OR 97204
Phone: (503) 727-1023
Fax: (503) 727-1117
Email: coby.howell@usdoj.gov

*Attorneys for Federal Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Coby Howell*
COBY HOWELL, Senior Attorney