TODD KIM, Assistant Attorney General
MEREDITH L. FLAX, Assistant Section Chief
COBY HOWELL, Senior Trial Attorney
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
1000 S.W. Third Avenue
Portland, OR 97204
Phone: (503) 727-1023
Fax: (503) 727-1117
Email: coby.howell@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (Oakland)

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>          Plaintiffs,<br><br>    vs.<br><br>HAALAND, et al.,<br><br>          Federal Defendants. | Case. No. 4:19-cv-06013-JST<br>Related Cases: 4:19-cv-05206-JST<br>                         4:19-cv-06812-JST<br><br>**FIFTH DECLARATION OF GARY D. FRAZER**<br><br>Judge: The Honorable Jon S. Tigar |

I, Gary D. Frazer, declare that the following statements are true and correct to the best of my knowledge and belief.

1.  I am the Assistant Director for the Ecological Services Program of the U.S. Fish and Wildlife Service ("FWS"), an agency of the U.S. Department of the Interior ("DOI"), located in Washington, D.C. In my capacity as Assistant Director, I am responsible to the Director of the FWS and to the Secretary of the Interior for the administration of the Endangered Species Act ("ESA"), including development of regulations and policies related to ESA implementation such as the final rules challenged in these related cases, 84 Fed. Reg. 45020 ("Section 4 Rule"); 84

Fed. Reg. 44753 ("Section 4(d) Rule"); 84 Fed. Reg. 44976 ("Section 7(a)(2) Rule") (collectively "2019 ESA Rules"). I am making this declaration in support of Federal Defendants' Response to Plaintiffs' Joint Rule 59(e) Motion to Alter or Amend Order and Judgment.

2. In my Third Declaration, dated December 10, 2021, I explained that FWS and the National Marine Fisheries Service ("NMFS") had already made significant progress on draft proposals to revise the Section 4 and Section 7 regulations, and that the drafts were in the process of being cleared through DOI policy leadership. Third Declaration of Gary D. Frazer, ¶ 13. I also explained that FWS had begun drafting a proposal to rescind the Section 4(d) rule. *Id.* After the Court denied Federal Defendants' motion to stay, the Services paused that policy clearance process and moved on to other agency priorities; however, we intended to resume the rulemakings if the Court were to remand the rules to the Services without vacatur. *Id.* ¶ 14. If the Court reconsiders its July 5, 2022 order and remands without vacating the 2019 rules, the Services would restart their rulemaking process. In that event, I anticipate that the Services could submit final rules to the Federal Register within two years of the date of the Court's order remanding without vacatur.

3. The Services have not yet determined how they will proceed if the 2019 rules remain vacated. In that scenario, the pre-2019 regulations are the operative regulations and FWS and DOI policymakers would have a range of options to consider, including any necessary regulatory actions. In light of the uncertainty as to the substance of any rulemaking that the Services might undertake if the 2019 rules remain vacated, I cannot provide an anticipated schedule for any such rulemaking.

This declaration is made pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct to the best of my current knowledge.

Executed in Washington, DC, on this 11th day of August 2022.

                                                     _____

                                                     Gary D. Frazer
                                                     Assistant Director
                                                     Ecological Services Program