UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEB HAALAND, et al.,<br><br>    Defendants,<br><br>    and<br><br>AMERICAN FARM BUREAU FEDERATION, *et al.*,<br><br>    Defendant-Intervenors. | Case No. 19-cv-05206-JST<br><br>**ORDER DENYING MOTION FOR EXPEDITED DECISION WITHOUT ORAL ARGUMENT RE: MOTION FOR STAY PENDING APPEAL**<br><br>Re: ECF No. 173 |
| STATE OF CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEB HAALAND, et al.,<br><br>    Defendants,<br><br>    and<br><br>STATE OF ALABAMA, *et al.,*<br><br>    Defendant-Intervenors. | Case. No. 4:19-cv-06013-JST<br><br>Re: ECF No. 199 |

|   |   |
|---|---|
| ANIMAL LEGAL DEFENSE FUND,<br><br>         Plaintiff,<br><br>    v.<br><br>DEB HAALAND, et al.,<br><br>         Defendants,<br><br>   and<br><br>STATE OF ALABAMA, *et al.,*<br><br>         Defendant-Intervenors. | Case No. 4:19-cv-06812-JST<br><br>Re: ECF No. 136 |

On July 21, 2022, Defendant-Intervenors[1] filed a motion for expedited decision on Defendant-Intervenors' motion for stay pending appeal, ECF No. 171. ECF No. 173.[2] Defendant-Intervenors ask that their motion for stay be resolved without oral argument and as soon after August 4, 2022, as practicable. ECF No. 173 at 3. On July 25, 2022, Plaintiffs filed an opposition to Defendant-Intervenors' motion for expedited decision. ECF No. 176.[3]

Pursuant to Local Rule 6-3, a motion for expedited decision must "identif[y]the substantial

---

[1] The Court granted three groups leave to intervene in this action (collectively, "Defendant-Intervenors"): the states of Alaska, Arizona, Idaho, Kansas, Montana, Nebraska, West Virginia, and Wyoming ( "State Intervenors"); Ken Klemm, the Beaver Creek Buffalo Company, the Washington Cattlemen's Association, and the Pacific Legal Foundation ( "Landowner Intervenors"); and the American Farm Bureau Federation, the American Forest Resource Council, the American Petroleum Institute, the Federal Forest Resource Coalition, the National Alliance of Forest Owners, the National Association of Home Builders, the National Cattlemen's Beef Association, and the Public Lands Council ("Industry Intervenors"). For the purposes of Defendant-Intervenors' motion for expedited decision, Landowner Intervenors are the Washington Cattlemen's Association and the Pacific Legal Foundation, ECF No. 173 at 2 n.1, and Industry Intervenors are the American Farm Bureau Federation, the American Forest Resource Council, the American Petroleum Institute, the Federal Forest Resource Coalition, the National Alliance of Forest Owners, the National Association of Home Builders, the National Cattlemen's Beef Association, and the Public Lands Council, ECF No. 173 at 2 n.2.

[2] Defendant-Intervenors filed identical motions in all three related cases: *Ctr. for Biological Diversity v. Haaland*, No. 19-cv-05206-JST (N.D. Cal.); *State of California v. Haaland*, No. 19-cv-06013-JST (N.D. Cal.), and *Animal Legal Def. Fund v. Haaland*, 19-cv-06812-JST (N.D. Cal.). ECF No. 173 at 2 n.3 ("The Defendant Intervenors are filing an identical motion in each case."). All docket numbers in this order refer to the lowest-numbered case.

[3] While Defendants Deb Haaland, U.S. Fish and Wildlife Service, Gina Raimondo, and National Marine Fisheries Service (collectively "Federal Defendants") did not file an opposition or response to Defendant-Intervenors' motion for expedited decision, Defendant-Intervenors note that "Federal Defendants advised that they do not oppose this Motion." ECF No. 173 at 4.

United States District Court
Northern District of California

harm or prejudice that would occur" if the court does not grant the change in time sought. Local Rule 6-3(a)(3). Defendant-Intervenors argue the Court should rule on their motion to stay without oral argument because "[t]he longer it takes the Court to rule on the Stay Motion, the greater the cumulative harm that will occur to the Defendant Intervenors." ECF No. 173 at 4. Per Defendant-Intervenors, permitting the Court's order granting remand and vacatur, ECF No. 168, to take effect during the pendency of Defendant-Intervenors' motion for stay will cause "irreparable procedural injury" and "significant substantive harm" to Defendant-Intervenors' interests. ECF No. 173 at 4. Defendant-Intervenors argue the order creates "uncertainty" that will "irreparably damage [State Intervenors'] long-term abilities to pursue their sovereign interests" and "eviscerate[s]" the "vital regulatory relief" that Private Landowner and Industry Intervenors were afforded by the vacated regulations. *Id*. at 5. Defendant-Intervenors also claim that an expedited decision will not harm Plaintiffs or Federal Defendants. *Id*. at 6. In opposition, Plaintiffs contend that Defendant-Intervenors fail to identify concrete procedural or substantive harms, ECF No. 176 at 3, and that granting Defendant-Intervenors' motion or expedited decision may subject Plaintiffs to harm or prejudice by "curtailing their ability to fully oppose the stay motion," ECF No. 176 at 4.[4]

The Court agrees that Defendant-Intervenors have not identified substantial harm or prejudice that would justify expedited decision, without oral argument, of their motion to stay. All of Defendant-Intervenors' arguments presuppose that, absent vacatur, the 2019 ESA Rules would remain in effect. But it is virtually impossible that, following remand – and regardless of this Court's decision on vacatur – the U.S. Fish and Wildlife Service and the National Marine Fisheries Service (collectively "Services") will simply readopt the 2019 ESA Rules in their previously existing form. Rather, in light of the "substantial concerns with the 2019 ESA Rules" expressed by those agencies, ECF No. 146 at 32, "FWS [has] announced its intent to rescind the Section 4(d) Rule and the Services announced their intent to revise the Section 4 and Section 7

---

[4] In their opposition, Plaintiffs also reference their intent to file a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure Rule 59(e). ECF No. 176 at 4. Plaintiffs subsequently filed a motion to alter or amend judgment on July 28, 2022. ECF No. 180. That motion is scheduled for hearing on October 20, 2022, together with Defendant-Intervenors' motion for stay.

3

Rules," *id.* at 9. Thus, as the Court found in its remand order, "fundamental flaws in the agency's decision make it unlikely that the same rule[s] would be adopted on remand." ECF No. 168 at 9 (quoting *Pollinator Stewardship Council v. U.S. E.P.A.*, 806 F.3d 520, 532 (9th Cir. 2015)). Indeed, Intervenors acknowledge this inevitability. ECF No. 171 at 25 (noting that "the Services have indicated that they intend to 'engage in rulemaking to revise and rescind the challenged 2019 ESA Rules'" (quoting ECF No. 146 at 29)). Because Intervenors' arguments about potential harm rest on the continued vitality of the 2019 ESA Rules, those arguments accordingly fail.

Defendant-Intervenors' motion for expedited decision without oral argument is thus denied. The Court will rule on Defendant-Intervenors' motion for stay pending appeal, ECF No. 171, following the motion hearing, which is currently scheduled for October 20, 2022.

**IT IS SO ORDERED.**

Dated: August 17, 2022



_____
JON S. TIGAR
United States District Judge