ROB BONTA
Attorney General of California
DAVID A. ZONANA, State Bar No. 196029
DAVID G. ALDERSON, State Bar No. 231597
Supervising Deputy Attorneys General
GEORGE TORGUN, State Bar No. 222085
TARA MUELLER, State Bar No. 161536
Deputy Attorneys General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-1002
 Fax:  (510) 622-2270
 E-mail:  George.Torgun@doj.ca.gov

Attorneys for Plaintiff State of California

*[Additional counsel listed on signature page]*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>HAALAND, *et al.*,<br><br>　　　　　　　Defendants,<br><br>　and<br><br>STATE OF ALABAMA, *et al.*,<br><br>　　　　　　　Defendant-Intervenors. | Case No. 4:19-cv-06013-JST<br><br>Related Cases:　No. 4:19-cv-05206-JST<br>　　　　　　　　No. 4:19-cv-06812-JST<br><br>**PLAINTIFFS' JOINT REPLY IN SUPPORT OF RULE 59(e) MOTION TO ALTER OR AMEND ORDER AND JUDGMENT**<br><br>Date:　　　October 20, 2022<br>Time:　　　2:00 pm<br>Place:　　Courtroom 6, 2nd Floor<br>Judge:　　Hon. Jon S. Tigar |

# TABLE OF CONTENTS

Page

Introduction ...........................................................................................................................1

Argument ...............................................................................................................................2

    I.    Plaintiffs Have Met Their Burden of Demonstrating the Basis for Rule 59 Relief. ...................................................................................................................2

    II.   Plaintiffs' Motion Does Not "Relitigate" the Procedural Implications of the Supreme Court's Order in *Louisiana* or the Request for a Merits Ruling on the NEPA Issue ........................................................................................4

    III.  The NEPA Issue Has Been Fully Briefed by the Parties. .....................................6

    IV.  The Services' Failure to Comply with NEPA Warrants Vacatur. .........................7

    V.   This Court has Authority to Set a Schedule for Remand. ..................................10

Conclusion ...........................................................................................................................11

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alaska Ctr. for the Env't v. Browner*,
 20 F.3d 981 (9th Cir. 1994) ............................................................................................... 10

*Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*,
 988 F.2d 146 (D.C. Cir. 1993) ........................................................................................ 6, 12

*Allstate Ins. Co. v. Herron*,
 634 F.3d 1101 (9th Cir. 2011) .......................................................................................... 2, 3

*Corley v. U.S.*,
 556 U.S. 303 (2009) ............................................................................................................. 3

*Garlock v. Thomas*,
 575 B.R. 913 (N.D. Cal. 2017) ............................................................................................ 2

*Jenkins v. County of Riverside*,
 398 F.3d 1093 (9th Cir. 2005) ............................................................................................. 9

*Johansen for and on Behalf of NLRB v. San Diego County Dist. Council of Carpenters*,
 745 F.2d 1289 (9th Cir. 1984) ............................................................................................. 3

*Los Padres ForestWatch v. U.S. Forest Service*,
 25 F.4th 649 (9th Cir. 2022) ................................................................................................ 8

*Louisiana v. Am. Rivers*,
 142 S. Ct. 1347 (Apr. 6, 2022) .................................................................................... *passim*

*Marsh v. Or. Nat. Res. Council*,
 490 U.S. 360 (1989) ............................................................................................................. 8

*McDowell v. Calderon*,
 197 F.3d 1253 (9th Cir. 1999) ......................................................................................... 3, 11

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
 460 U.S. 1 (1983) ................................................................................................................. 7

*Mountain Communities for Fire Safety v. Elliott*,
 25 F.4th 667 (9th Cir. 2022) ................................................................................................ 8

*Nat'l Fam. Farm Coal. v. EPA*,
 966 F.3d 893 (9th Cir. 2020) ........................................................................................... 9, 10

*Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*,
 524 F.3d 917 (9th Cir. 2008) ...................................................................................... 11

*National Ecological Found. v. Alexander*,
 496 F.3d 466 (6th Cir. 2007) ........................................................................................ 5

*Pac. Rivers Council v. U.S. Forest Serv.*,
 942 F. Supp. 2d 1014 (E.D. Cal. 2013) ................................................................... 9, 10

*Sierra Forest Legacy v. Sherman*,
 951 F. Supp. 2d 1100 (E.D. Cal. 2013) ................................................................... 9, 10

*SunEarth, Inc. v. Sun Earth Solar Power Co.*,
 2017 WL 9471951 (N.D. Cal. July 19, 2017) .............................................................. 3

**Court Rules**

Federal Rule of Civl Procedure 54(c) ................................................................................. 11

Federal Rule of Civil Procedure 59(e) ........................................................................... *passim*

**Regulations**

36 C.F.R. § 220.6(e)(6) ........................................................................................................ 8

43 C.F.R. § 46.210(i) ........................................................................................................... 8

PLAINTIFFS' JOINT REPLY ISO RULE 59(e) MOTION TO ALTER OR AMEND ORDER AND JUDGMENT
Case No. 4:19-cv-06013-JST

# INTRODUCTION[1]

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiffs have moved this Court to alter or amend its July 5, 2022 Order and Judgment to address the merits of their claim that the U.S. Fish and Wildlife Service and National Marine Fisheries Service ("the Services") failed to comply with the requirements of the National Environmental Policy Act ("NEPA") in promulgating the 2019 Endangered Species Act regulations ("2019 ESA Rules") challenged in these actions. ECF 180 ("Motion"). Plaintiffs also request that the Court set a one-year deadline on the Services' rulemaking process on remand and require quarterly status reports to ensure the Services complete the rulemaking process in a timely and transparent manner.

The arguments presented in Intervenors' and the Services' oppositions to Plaintiffs' Motion should be rejected. First, Intervenors misstate the legal standard governing the grounds for granting a Rule 59(e) motion and fail to acknowledge the considerable discretion of this Court to act in these circumstances. Second, Plaintiffs are not attempting to "relitigate old matters" in this Motion, given that the Supreme Court's stay order in *Louisiana v. Am. Rivers*, 142 S. Ct. 1347 (Apr. 6, 2022) ("*Louisiana*") was issued after briefing was complete; no party had an opportunity to address the effect of such order on the proceedings in this case; and this Court did not address the NEPA claims in its remand Order. Third, a ruling on the NEPA issue would not be "improper or impracticable," since all parties, by order of this Court, have had an opportunity to address in detail "whether the Services properly invoked categorical exclusions under NEPA when they promulgated the challenged regulations." Fourth, vacatur is the standard remedy for a substantive violation of NEPA, as occurred here. Finally, regardless of the prior briefing on the Services' remand motion, this Court retains broad authority to set a remand deadline and require quarterly progress reports from the Services. For all of these reasons, Plaintiffs respectfully request that the Court grant their Motion.

---

[1] Plaintiffs are filing the same reply in each of these three related cases. Unless otherwise noted, all ECF references are to numbers from the earliest filed case, *Center for Biological Diversity v. Haaland*, Case No. 4:19-cv-05206-JST.

PLAINTIFFS' JOINT REPLY ISO RULE 59(e) MOTION TO ALTER OR AMEND ORDER & JUDGMENT
Case No. 4:19-cv-06013-JST                    1

# ARGUMENT

## I. PLAINTIFFS HAVE MET THEIR BURDEN OF DEMONSTRATING THE BASIS FOR RULE 59 RELIEF.

Amendment of this Court's judgment to address Plaintiffs' NEPA claims is warranted to prevent manifest injustice to Plaintiffs and imperiled species, as well as the unnecessary expenditure of judicial resources that would likely result from an outcome similar to the Supreme Court's recent stay order in *Louisiana*. In particular, if the 2019 ESA Rules are reinstated prior to any replacement rules becoming effective, Plaintiffs would be significantly prejudiced by having no avenue to challenge the 2019 ESA Rules or prevent the harm that those regulations would cause to imperiled species and their critical habitat pending remand and appeal. Motion at 1-3. The Services now admit that, if the 2019 ESA Rules are reinstated, they would not complete rulemaking on remand for another *two years*. ECF 185-1 ("Fifth Frazer Decl."), ¶ 2; ECF 185-2 ("Sixth Rauch Decl."), ¶ 2.

Intervenors' contention that Plaintiffs cannot demonstrate "manifest injustice" without showing that this Court "made an error that is direct, obvious, and observable" misses the mark. *See* ECF 184 at 13–15. The Ninth Circuit has made clear that there are four separate grounds upon which a Rule 59(e) motion may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted); *see Garlock v. Thomas*, 575 B.R. 913, 923 (N.D. Cal. 2017) ("the Ninth Circuit [has] catalogued four *independent* grounds upon which a motion to amend a judgment under Rule 59(e) may be granted") (emphasis added). Plaintiffs do not contend that this Court committed a "manifest error" of law under the first factor, as Intervenors repeatedly suggest, but rather rely primarily on the third ground identified by the Ninth Circuit.

      Plaintiffs acknowledge that some courts have interpreted "manifest injustice" in the manner suggested by Intervenors, but this factor is not limited to such situations, as there is "no precise definition" that precludes the arguments made by Plaintiffs. *See* Motion at 4–5. In fact, interpreting "manifest injustice" only in the manner Intervenors suggest would conflate the "manifest error" and "manifest injustice" factors and render the latter standard meaningless. *See Johansen for and on Behalf of NLRB v. San Diego County Dist. Council of Carpenters*, 745 F.2d 1289, 1293 (9th Cir. 1984) (rejecting interpretation that would render judicial review factor meaningless); *cf. Corley v. U.S.*, 556 U.S. 303, 314 (2009) (discussing "one of the most basic interpretive canons" that a "statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant") (cleaned up).

      Furthermore, "[s]ince specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (*en banc*) (quoting 11 Charles Alan Wright *et al*., Fed. Prac. and Proc. § 2810.1 (2d ed. 1995)); *see also SunEarth, Inc. v. Sun Earth Solar Power Co.*, 2017 WL 9471951, *1 (N.D. Cal. July 19, 2017) (a "court considering a Rule 59(e) motion is not limited to these four situations. [] It has 'considerable discretion'" in deciding when to alter or amend) (quoting *Herron*, 634 F.3d at 1111). And "unusual circumstances" outside the listed situations may warrant granting such a motion. *McDowell*, 197 F.3d at 1255. As Intervenors acknowledge, this matter is "procedurally complex" and warranted several pages of background to provide context for Plaintiffs' Motion. *See* ECF 184 at 4–10. An unexplained order from the Supreme Court's emergency docket that occurred after briefing was completed in this case presents just such an unusual circumstance.

      With regard to the specific prejudice alleged by Plaintiffs, Intervenors do not contest this showing, but instead assert that it cannot represent "manifest injustice" because the existence of such prejudice would require Intervenors to be "correct on the merits" of their appeal. ECF 184 at 15–17. Intervenors again mischaracterize Plaintiffs' arguments. As explained in the Motion,

PLAINTIFFS' JOINT REPLY ISO RULE 59(e) MOTION TO ALTER OR AMEND ORDER & JUDGMENT
Case No. 4:19-cv-06013-JST       3

the Supreme Court's recent order in *Louisiana*, which was issued after the parties had completed briefing on the Services' remand motion, took the extraordinary step of staying Judge Alsup's order vacating a federal regulation in response to the federal government's request for voluntary remand. Motion at 2, 6–7. The Supreme Court did not provide any substantive explanation for its decision, and granted the stay of vacatur "without full briefing and argument." *See Louisiana*, 142 S. Ct. at 1349 (Kagan J. dissenting).

It is this same situation—an order staying this Court's vacatur of the 2019 ESA Rules in light of the lack of a final merits decision in this case—that Plaintiffs ask the Court to avoid. Such an order, if granted by this Court or an appellate court, would mean that the 2019 ESA Rules would be reinstated for at least two years while the appeals proceed and the Services reconsider the rules, resulting in significant harm to endangered and threatened species and their habitat and leaving Plaintiffs with no avenue to challenge the merits of these nationwide regulations on their face. Plaintiffs ask the Court to rule on the merits of Plaintiffs' NEPA claim, which was the subject of supplemental briefing during the Court's consideration of the Services' remand motion, because that route offers a path to avoid such prejudice and a fundamentally unjust outcome to Plaintiffs. Such a result also would foreclose the need to waste judicial resources litigating the issue of the propriety of the Court's decision to grant voluntary remand with vacatur on appeal in this case, which the Ninth Circuit is currently considering in the *Louisiana* case.

## II.   PLAINTIFFS' MOTION DOES NOT "RELITIGATE" THE PROCEDURAL IMPLICATIONS OF THE SUPREME COURT'S ORDER IN *LOUISIANA* OR THE REQUEST FOR A MERITS RULING ON THE NEPA ISSUE.

There is no merit to Intervenors' next contention that Plaintiffs are improperly attempting to "relitigate old matters" by asking the Court to consider the implications of the Supreme Court's recent order in *Louisiana*. ECF 184 at 18–19. While Intervenors and the Services notified the Court of the *Louisiana* order, ECF 164-166, no party had the opportunity to brief the effect of such order on the proceedings in this case. As already discussed, Plaintiffs'

PLAINTIFFS' JOINT REPLY ISO RULE 59(e) MOTION TO ALTER OR AMEND ORDER & JUDGMENT
Case No. 4:19-cv-06013-JST                    4

supplemental NEPA brief in response to this Order was filed on March 12, 2022, ECF 160, almost a month before the Supreme Court issued its order in *Louisiana* on April 6, 2022. The *Louisiana* order also contained no substantive discussion that would constitute new, binding authority on the legal issue of this Court's authority to vacate federal regulations without determining the merits of challenges to those rules. As the Services stated when notifying the Court of the *Louisiana* order, "[t]he Supreme Court did not address the merits or otherwise discuss" Judge Alsup's decision and notice of this "procedural ruling" was provided "for informational purposes only." ECF 164 at 1.

In addition, the fact that this Court "expressly acknowledged the appellate proceedings" in *Louisiana* does not demonstrate that "the procedural implications" of the Supreme Court's ruling were fully considered in its Order and Judgment. *See* ECF 184 at 18. On the contrary, the implications of the *Louisiana* ruling have only been *subsequently* discussed by the parties in the briefing on this Motion and Intervenors' motion for a stay pending appeal. *See* ECF 173. Consequently, this Motion presents the first opportunity for Plaintiffs to raise these considerations, and such arguments are properly before the Court pursuant to Rule 59(e). *See, e.g., National Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) (Rule 59(e) motion proper where it presented "first opportunity" for party to raise argument).

Intervenors are also incorrect that Plaintiffs' request that the Court address their NEPA claim on the merits would "relitigate old matters" or "revisit matters previously considered." *See* ECF 184 at 19. In opposing the Services' motion for voluntary remand without vacatur, Plaintiffs asked this Court to deny the motion to remand without vacatur, and either remand with vacatur because the rules were unlawful or proceed to rule on the motions for summary judgment. ECF 149. By Order of this Court, Plaintiffs and all parties later submitted supplemental briefs addressing "whether the Services properly invoked the categorical exclusions under NEPA when they promulgated the challenged regulations and whether, under

PLAINTIFFS' JOINT REPLY ISO RULE 59(e) MOTION TO ALTER OR AMEND ORDER & JUDGMENT
Case No. 4:19-cv-06013-JST                 5

*Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146 (D.C. Cir. 1993), vacatur is the proper remedy for a violation of NEPA." ECF 155.

Although the Court requested supplemental briefing on the NEPA issue, the Court's July 5, 2022 Order ultimately did not issue a ruling on the merits of the parties' arguments on that issue, and instead relied on the Court's inherent equitable authority to grant a motion for voluntary remand with vacatur. *See generally*, ECF 168. Consequently, Plaintiffs' request that this Court now actually determine the merits of the NEPA claim, in light of the recent *Louisiana* ruling, in no way "relitigates old matters" and is properly raised in this Motion.

### III. THE NEPA ISSUE HAS BEEN FULLY BRIEFED BY THE PARTIES.

Contradicting their prior assertion that addressing NEPA would "revisit matters previously considered," Intervenors next claim that briefing on the NEPA issue is "incomplete" and a ruling would be "improper and impracticable." ECF 184 at 21–23. These arguments likewise fail. As discussed above, this Court ordered each party to address the NEPA claim at issue in these actions, specifically, "whether the Services properly invoked the categorical exclusions under NEPA when they promulgated the challenged regulations." ECF 155. Intervenors submitted three separate briefs in response to this order totaling over 25 pages in length. *See* ECF 157, 158, 159.

Intervenors' assertion that they did not have an opportunity to raise their "intended arguments" that the 2019 ESA Rules were not subject to NEPA (ECF 184 at 21–22) is belied by the fact that Intervenors extensively briefed that very issue. *See* ECF 159 at 1–14; *see also* ECF 184 at 22 (Intervenors citing their own supplemental NEPA briefs regarding this argument). Similarly, Intervenors' claim that the Court's simultaneous filing deadline for all parties other than the Services to file their supplemental briefs denied them an opportunity to respond directly to Plaintiffs' NEPA arguments (ECF 184 at 22–23) ignores the fact that Plaintiffs had filed their initial summary judgment briefs more than a year earlier, *see* ECF 116, providing Intervenors with ample opportunity to consider and respond to Plaintiffs' NEPA arguments. Moreover,

Intervenors themselves moved to suspend the filing of their summary judgment brief while the Court considered the Services' remand motion, rather than complying with the summary judgment briefing schedule that the parties had agreed to just weeks earlier. *See* ECF 147.

Finally, the cases Intervenors cite on this issue (ECF 184 at 23) do not preclude the relief sought by Plaintiffs here, given that all parties (by order of this Court) have now briefed the merits of the NEPA issue, and Plaintiffs are specifically requesting that the Court issue a merits ruling on that claim. This Court has clear authority to decide the merits of the NEPA issue, and to order remand and vacatur based on that decision. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983) (finding that lower court acted within its authority to decide legal issues presented where it had briefs and evidentiary submissions from both parties on the merits).

## IV. THE SERVICES' FAILURE TO COMPLY WITH NEPA WARRANTS VACATUR.

The Services failed to conduct any NEPA review prior to publishing the 2019 ESA Rules, a significant flaw that requires vacatur. In their supplemental brief on the NEPA issues, the Services—while not expressly admitting error—admitted that the categorical exclusions they invoked prior to adoption of the 2019 ESA Rules, particularly the Services' "extraordinary circumstance" findings, "may not be adequately supported by the record" and "could have been more thoroughly documented." ECF 156 at 3-7. However, the Services nevertheless requested that the Court remand without vacatur, arguing that the NEPA errors were "not serious" and that as "the Services move forward with revising or rescinding the 2019 rules, there is a strong possibility that they will conclude that the application of categorical exclusions for the revised regulations is legally sound." *Id*. at 8-11.

In their response to the instant Motion, the Services essentially repeat the same arguments made in their supplemental NEPA brief, relying on the same inapposite case law and once again failing to address the substantive arguments in Plaintiffs' supplemental NEPA brief, ECF 160, and 59(e) motion, Motion at 11–12. Neither of the cases cited by the Services in defense of their

invocation of a categorical exclusion applies here. In *Mountain Communities for Fire Safety v. Elliott*, 25 F.4th 667, 680–81 (9th Cir. 2022), the Ninth Circuit held that the Forest Service properly applied a Forest Service specific categorical exclusion for small-scale timber thinning and brush control activities to reduce fire hazards to a single thinning project. *Id*. The court also found that the Forest Service did not need to independently consider NEPA's intensity factors when determining whether "extraordinary circumstances" prevented application of the categorical exclusion to the specific project in question because doing so would have been redundant of the agency's consideration of "resource conditions," as required by agency regulations, before granting a categorical exclusion. *Id*.; *see* 36 C.F.R. § 220.6(e)(6); ECF 160 at 3-4. Likewise, in *Los Padres ForestWatch v. U.S. Forest Service*, 25 F.4th 649, 660-663 (9th Cir. 2022), the Ninth Circuit found that the Forest Service's application of the same categorical exclusion to a specific thinning project was "a classic example of a factual dispute the resolution of which implicates substantial agency expertise," and was for that reason worthy of the court's deference. *Id*. at 663 (quoting *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 376 (1989)).

Here, however, the Services relied on a categorical exclusion to adopt sweeping reforms to nationwide regulations that govern implementation of all aspects of the ESA: species listings and de-listings, critical habitat designations, prohibitions applicable to threatened species, and inter-agency consultations. This is in no way comparable to the site- and project- specific and relatively narrow inquiry that was at issue in *Mountain Communities* and *Los Padres Forest Watch*.

Furthermore, the Services here relied on an entirely different categorical exclusion—for rules that are of a "legal, technical, or procedural nature," 43 C.F.R. § 46.210(i)—to exclude the 2019 ESA Rules from NEPA review. As discussed in Plaintiffs' supplemental NEPA brief, the 2019 ESA Rules are a nationwide rulemaking that applies to most species listings, critical habitat

PLAINTIFFS' JOINT REPLY ISO RULE 59(e) MOTION TO ALTER OR AMEND ORDER & JUDGMENT
Case No. 4:19-cv-06013-JST            8

designations, and federal agency actions, and are not merely administrative or procedural, as the Services claim. ECF 160 at 7–9.[2] The cases are simply inapposite.

The Services once again argue, however, that even if they committed a NEPA violation here, vacatur would not be appropriate *even if* harm to listed species would occur. ECF 185 at 5-6 (citing *Nat'l Fam. Farm Coal. v. EPA*, 966 F.3d 893, 929 (9th Cir. 2020); *Sierra Forest Legacy v. Sherman*, 951 F. Supp. 2d 1100, 1106 (E.D. Cal. 2013); and *Pac. Rivers Council v. U.S. Forest Serv.*, 942 F. Supp. 2d 1014, 1021 (E.D. Cal. 2013)). This is not a correct statement of the law. As Plaintiffs explained in their supplemental NEPA brief, a proper application of the law in this case would require the Court to vacate the 2019 ESA Rules on remand based on the serious and substantive, non-technical nature of the Services' NEPA violations; ECF 160 at 5-13; as well as the disruptive consequences, public confusion, upsetting of longstanding reliance interests, and ongoing harm to species and habitat of remand without vacatur; *id.* at 13-15 and cases cited. Vacatur is the standard remedy for a serious NEPA violation of the kind that occurred here because the fundamental point of NEPA is to require environmental review and public comment *before* a federal agency takes final action that, as here, will adversely affect the environment. *Id.* at 10–15 and cases cited. Accordingly, courts in this and other Circuits regularly vacate and remand nationwide regulations for failure to comply with NEPA. *Id.* at 11–13 and cases cited.

*National Family Farm Coalition*, *Sierra Forest Legacy,* and *Pacific Rivers Council* are readily distinguishable because, in each of those cases, the NEPA violations at issue were

---

[2] In the Services' response, ECF 185 at 4–5, they acknowledge, but do not address, Plaintiffs' arguments that: (1) the 2019 ESA Rules are a major federal action for which the Services have a past lawful practice of conducting NEPA review; ECF 160 at 5–6; (2) the 2019 ESA Rules are substantive, not administrative or procedural, and are therefore not subject to the claimed categorical exclusion; *id.* at 7–9; and (3) the 2019 ESA Rules present extraordinary circumstances that are an exception to any categorical exclusion, even if validly claimed; *id.* at 9–10. The Services similarly abandoned any response to Plaintiffs' NEPA arguments in their cross-motion for summary judgment. ECF 146; *see Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (noting that a party abandoned claims not defended in opposition to a motion for summary judgment).

PLAINTIFFS' JOINT REPLY ISO RULE 59(e) MOTION TO ALTER OR AMEND ORDER & JUDGMENT
Case No. 4:19-cv-06013-JST                9

"technical" in nature, "relatively minor," and readily cured on remand, while at the same time, the consequences of vacatur would have been even more environmentally harmful than leaving the challenged agency action in place. *See Nat'l Fam. Farm Coal.*, 966 F.3d at 929–30 (vacatur not warranted due to "technical nature" of error that would likely be cured on remand); *Sierra Forest Legacy*, 951 F. Supp. 2d at 1106–09 (vacatur not warranted for "relatively minor" NEPA defect requiring supplemental analysis); *Pac. Rivers Council.*, 942 F. Supp. 2d at 1017–22 (same). Here, the opposite is true: the NEPA violations are serious in nature because, contrary to the Services' contentions, the Services will not simply be able to bolster their categorical exclusion findings on remand, but will be required to conduct a full-blown NEPA review, and the disruptive and environmentally harmful consequences of not vacating the 2019 ESA Rules in the interim will be even greater than vacatur and returning to the longstanding regulatory status quo. ECF 160 at 13–14.

## V. THIS COURT HAS AUTHORITY TO SET A SCHEDULE FOR REMAND.

Finally, this Court has broad authority to set a remand deadline and require quarterly progress reports from the Services, and Intervenors and the Services have not shown otherwise. *See Alaska Ctr. for the Env't v. Browner*, 20 F.3d 981, 986 (9th Cir. 1994) ("The district court has broad latitude in fashioning equitable relief when necessary to remedy an established wrong"). While Intervenors and the Services both argue that this request should have been raised earlier in the litigation (ECF 184 at 19-21; ECF 185 at 8–9), the estimated timeframe that the Services previously provided for completion of their rulemaking process on remand has been dramatically extended since the parties briefed the Services' remand motion. In particular, while the Services initially estimated that the new rules would be completed in January 2023 (ECF 132), they now project that such rules "could" be submitted to the Federal Register "within two *years* of the date" that this Court *amends its Order and Judgment to remand the 2019 ESA Rules without vacatur*. Fifth Frazer Decl., ¶ 2; Sixth Rauch Decl., ¶ 2. And the Services state that they are unable to provide *any* estimated time frame for the revised rules if the Court does not amend

its Order to reinstate the 2019 ESA Rules. Fifth Frazer Decl., ¶ 3; Sixth Rauch Decl., ¶ 3. These new and unusual circumstances warrant consideration by this Court in deciding Plaintiffs' Motion. *See McDowell*, 197 F.3d at 1255.

Moreover, whether or not the parties previously briefed Plaintiffs' request for relief does not affect *the Court's* equitable power to issue such relief. *See* Fed. R. Civ. P. 54(c) ("judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"). Intervenors make no attempt to demonstrate that the schedule or reporting requested by Plaintiffs would be improper or in any way be prejudicial to their interests. The Services, for their part, mistakenly claim that Plaintiffs "rely almost entirely" on *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917 (9th Cir. 2008) for this request, and spend several paragraphs distinguishing the facts of that case. ECF 185 at 6–9. However, Plaintiffs cited that case only as one example of how the Court may "direct many of the procedures and activities the Services must undertake on remand." Motion at 12.

There also is no merit to the Services' arguments that Plaintiffs' proposed conditions on remand would be unwarranted. ECF 185 at 7–9. The Services informed this Court over a year ago that they intended to revise and rescind the 2019 ESA Rules, and that they had "developed an expedited schedule for rulemaking" that would be completed by January 27, 2023. ECF 132. Inexplicably, however, the Services now claim that they will not complete rulemaking on remand for at least another two years *if* the 2019 ESA Rules are remanded without vacatur. Fifth Frazer Decl., ¶¶ 2, 3; Sixth Rauch Decl., ¶¶ 2, 3. If the 2019 ESA Rules remain vacated, the Services state that they are unable to provide *any* time frame for revised rules. Fifth Frazer Decl., ¶ 3; Sixth Rauch Decl., ¶ 3. Consequently, Plaintiffs' requested conditions are reasonable in light of all the circumstances.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant their Rule 59(e) motion and amend its Order and Judgment to resolve the NEPA claims on the merits to conserve

judicial resources, prevent prejudice to Plaintiffs and harm to listed species and their habitat, provide additional support for the Court's finding on the first *Allied-Signal* factor, and guide the Services' NEPA review on remand. In addition, Plaintiffs ask the Court to impose a deadline of one year on any remand and require quarterly status reports from the Services.

Respectfully submitted this 18th day of August, 2022.

ROB BONTA
Attorney General of California
DAVID A. ZONANA
DAVID G. ALDERSON
Supervising Deputy Attorneys General

/s/ George Torgun
GEORGE TORGUN, State Bar No. 222085
TARA MUELLER, State Bar No. 161536
Deputy Attorneys General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-1002
Email: George.Torgun@doj.ca.gov


MAURA HEALEY
Attorney General of Massachusetts

/s/ Matthew Ireland
TURNER SMITH (*pro hac vice*)
Assistant Attorney General and Deputy Chief
MATTHEW IRELAND
Assistant Attorney General
Office of the Attorney General
Environmental Protection Division
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
Email: Matthew.Ireland@mass.gov

PLAINTIFFS' JOINT REPLY ISO RULE 59(e) MOTION TO ALTER OR AMEND ORDER & JUDGMENT
Case No. 4:19-cv-06013-JST                12

BRIAN E. FROSH
Attorney General of Maryland

/s/ Steven J. Goldstein
STEVEN J. GOLDSTEIN (*pro hac vice*)
Special Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 576-6414
Email: sgoldstein@oag.state.md.us

*Attorneys for Plaintiffs*

\* In compliance with Civil Local Rule 5-1(h)(3), the filer of this document attests that all signatories listed have concurred in the filing of this document.

# CERTIFICATE OF SERVICE

I hereby certify that on today's date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

Dated: August 18, 2022

*/s/ George Torgun*
GEORGE TORGUN (State Bar #222085)