UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEB HAALAND, et al.,<br><br>    Defendants,<br><br>    and<br><br>AMERICAN FARM BUREAU FEDERATION, et al.,<br><br>    Defendant-Intervenors. | Case No. 19-cv-05206-JST<br><br>**ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: 171, 180 |
| STATE OF CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEB HAALAND, et al.,<br><br>    Defendants,<br><br>    and<br><br>STATE OF ALABAMA, et al.,<br><br>    Defendant-Intervenors. | Case. No. 4:19-cv-06013-JST<br><br>Re: 196, 207 |

|  |  |
|---|---|
| ANIMAL LEGAL DEFENSE FUND,<br>            Plaintiff,<br>    v.<br>DEB HAALAND, et al.,<br>            Defendants,<br>    and<br>STATE OF ALABAMA, et al.,<br>            Defendant-Intervenors. | Case No. 4:19-cv-06812-JST<br><br>Re: 134, 145 |

Before the Court are Defendant-Intervenors' motion to stay and Plaintiffs' motion to alter judgment. ECF Nos. 171, 180.[1] The Court will grant Plaintiffs' motion to alter judgment. Because the Court will amend its July 5, 2022 order and judgment, Defendant-Intervenors' motion to stay that order is denied as moot.

I.  **BACKGROUND**

In 2019, Defendants U.S. Fish and Wildlife Service and the National Marine Fisheries Service (collectively "the Services") enacted a set of regulations modifying how the Services implement the Endangered Species Act (ESA). The Listing Rule, 84 Fed. Reg. 45,020, modified how the Services add, remove, and reclassify endangered or threatened species and the criteria for designating listed species' critical habitat. The Blanket Rule Repeal, 84 Fed. Reg. 44,753, eliminated the Fish and Wildlife Service's former policy of automatically extending to threatened species the protections against "take" which Section 9 automatically affords to endangered species. And the Interagency Consultation Rule, 84 Fed. Reg. 44,976, changed how the Services work with federal agencies to prevent proposed agency actions that could harm listed species or their critical habitat.

Shortly after the regulations were issued, Plaintiffs – environmental groups, states, and

---

[1] The parties filed identical motions in all three related cases: *Center for Biological Diversity v. Haaland*, No. 19-cv-05206-JST (N.D. Cal.); *State of California v. Haaland*, No. 19-cv-06013-JST (N.D. Cal.), and *Animal Legal Defense Fund v. Haaland*, 19-cv-06812-JST (N.D. Cal.). All docket numbers in this order refer to the lowest-numbered case.

cities – challenged the regulations as unlawful, arguing that they violate the ESA, the Administrative Procedure Act ("APA"), and the National Environmental Policy Act ("NEPA"). ECF No. 1. A different group of states, private landowners, and industry groups intervened (collectively "Defendant-Intervenors"). ECF No. 89.

In January 2021, Plaintiffs moved for summary judgment. ECF No. 116. The new presidential administration signaled it would reevaluate the challenged regulations, so the parties stipulated to stay the cases for a total of 150 days. ECF Nos. 123, 125, 127. The Services then moved to further stay the cases, ECF No. 132, which the Court denied, ECF No. 138.

When the stay was lifted in October 2021, Plaintiffs renoticed their motion for summary judgment. ECF No. 142. In response, the Services moved to voluntarily remand the challenged regulations without vacatur. ECF No. 146. On Defendant-Intervenors' motion, ECF No. 147, the Court suspended summary judgment briefing to consider the motion to remand, ECF No. 150.

On July 5, 2022, the Court issued an order remanding with vacatur and entered judgment. ECF Nos. 168-169. Defendant-Intervenors then filed the instant motion to stay, ECF No. 171, and a motion to expedite decision on the motion to stay, ECF No. 173. On July 25, Defendant-Intervenors filed notices of appeal. ECF Nos. 177-179. Three days later, Plaintiffs filed the instant motion to alter the Court's July 5 order and judgment. ECF No. 180. On August 17, the Court denied Defendants-Intervenors' motion for expedited decision. ECF No. 186.

On August 31, 2022, Defendant-Intervenors petitioned the Ninth Circuit for a writ of mandamus commanding this Court to set aside its July 5 order and judgment. *In re: Wash. Cattlemen's Ass'n, et al.*, No. 22-70194 (9th Cir.), Dkt. 1-2. On September 21, the Ninth Circuit granted the petition in part, ruling that this Court clearly erred by vacating the challenged regulations without ruling on their legal validity and staying the Court's July 5 order pending consideration of Plaintiffs' Rule 59(e) motion. ECF No. 191.

**II.     JURISDICTION**

This Court has jurisdiction under 28 U.S.C. § 1331.

**III.    LEGAL STANDARD**

Under Rule 59(e), a party may move a court to alter or amend a judgment within twenty-

1  eight days after entry of the judgment. Fed. R. Civ. P. 59(e). "Since specific grounds for a motion
2  to amend or alter are not listed in the rule, the district court enjoys considerable discretion in
3  granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)
4  (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).
5  A Rule 59(e) motion "is an 'extraordinary remedy, to be used sparingly in the interests of finality
6  and conservation of judicial resources.'" *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022)
7  (quoting *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam)).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate*, 634 F.3d at 1111.

## IV. DISCUSSION

Plaintiffs ask the Court to alter or amend its July 5 order and judgment to rule on the merits of their NEPA claims, vacate the challenged regulations, and set a schedule and deadline for remand. ECF No. 180.

### A. Motion to Alter or Amend Judgment

Plaintiffs move to alter the Court's July 5 order and judgment under Rule 59(e) to prevent manifest injustice. ECF No. 180 at 9; ECF No. 187 at 6. Following the Ninth Circuit's mandamus order holding that the Court clearly erred in granting pre-merits vacatur, alteration of the Court's order and judgment is instead necessary to "correct [a] manifest error[] of law . . . upon which the judgment rests." *Allstate*, 634 F.3d at 1111.

In its July 5 order, the Court first determined that pre-merits remand should be granted because courts in the Ninth Circuit "[g]enerally . . . only refuse voluntarily requested remand when the agency's request is frivolous or made in bad faith," and no party had asserted that the agency's request met that standard. ECF No. 168 at 5-6 (quoting *Cal. Cmty. Against Toxics v. U.S. E.P.A.*, 688 F.3d 989, 992 (9th Cir. 2012)). With no binding authority holding that pre-merits vacatur would be improper, the Court then relied on persuasive authority from other courts in this circuit

4

to conclude it could grant pre-merits remand with vacatur. *Id.* at 6-7. In its mandamus order, the Ninth Circuit held that this Court "clearly erred in vacating the 2019 Rules without ruling on their legal validity." ECF No. 191 at 1 (citing *Louisiana v. Am. Rivers*, 142 S. Ct. 1347 (2022) (mem.)).

Because the Court erred in reaching the conclusion that it could vacate the challenged regulations before ruling on the merits of Plaintiffs' claims, the Court now grants Plaintiffs' motion to alter judgment.

### B. Altering the July 5 Order and Judgment

Plaintiffs request that the Court alter its judgment to reach the merits of their NEPA claims, vacate the challenged regulations, and issue a schedule for remand. ECF No. 180 at 13.

#### 1. Ruling on the Merits

As a threshold matter, the Court cannot reach the merits of any of Plaintiffs' claims in this procedural posture. Plaintiffs suggest the Court may rule on their "fully briefed NEPA claims." ECF No. 180 at 13. But summary judgment briefing was suspended, so those claims necessarily have not been "fully briefed."

In October 2021, the Court approved the parties' proposed schedule for restarting summary judgment briefing. ECF No. 141. Per the scheduling order, the Plaintiffs would first refile their motions for summary judgment; the Services would then oppose and file cross-motions for summary judgment; Defendant-Intervenors would file combined oppositions and cross-motions; and Plaintiffs, the Services, and Defendant-Intervenors would each file their replies. *Id.* As it happened, this series of filings did not take place. Instead, after Plaintiffs refiled their motions for summary judgment, ECF No. 142, the Services filed a motion for voluntary remand and response to Plaintiffs' motions for summary judgment, ECF No. 146, and Defendant-Intervenors moved to suspend summary judgment briefing, ECF No. 147. The Court then suspended summary judgment briefing while it considered the motion to remand. ECF No. 150. Summary judgment briefing remains incomplete to this day: Defendant-Intervenors have not filed their oppositions and cross-motions, and no party has filed a reply.

Plaintiffs suggest that the Court may still reach the merits of the NEPA issue "since all parties, by order of this Court, have had an opportunity to address in detail 'whether the Services

1  properly invoked categorical exclusions under NEPA when they promulgated the challenged
2  regulations.'" ECF No. 187 at 5. Plaintiffs here refer to the Court's request for supplemental
3  briefing on the Services' motion for voluntary remand. But the Court's request for supplemental
4  briefing did not restart summary judgment briefing on the NEPA issue. And the parties'
5  supplemental briefing cannot stand in for summary judgment briefing here.

6       Plaintiffs offer no authority to support their argument that the Court may reach the merits
7  in this posture, and the Court is aware of none. Plaintiffs cite only *Moses H. Cone Memorial*
8  *Hospital v. Mercury Construction Corporation*, in which the Supreme Court held, where the
9  appellate court "had in the record full briefs . . . from both parties on the merits of arbitrability,"
10 that court could reach an issue not decided by the trial court, in part because the Arbitration Act
11 "calls for . . . speedy disposition of motions . . . to enforce arbitration clauses." 460 U.S. 1, 29
12 (1983). This Court does not have complete summary judgment briefing on the merits of any of
13 Plaintiffs' claims before it, and no similar statute applies here.

14      Because the summary judgment briefing in this case is incomplete, the Court concludes it
15 is constrained to remand without reaching the merits of Plaintiffs' claims.[2]

16      **2.**     **Retaining Jurisdiction on Remand**

17      Plaintiffs further urge the Court to amend its July 5 order to "set a remand schedule and
18 deadline for the Services' rulemaking proceedings on remand to ensure [reconsideration] is
19 accomplished in a timely and transparent manner." ECF No. 180 at 16. The Services and
20 Defendant-Intervenors correctly argue that such a request should not be raised in the first instance
21 in a Rule 59(e) motion. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e)
22 motion may not be used to raise arguments or present evidence for the first time when they could

---

[2] Further, it is not clear whether a court in this circuit may reach the merits even where it has fully briefed motions for summary judgment before it. Once an agency seeks voluntary pre-merits remand, absent frivolousness or bad faith, courts generally deny pending motions for summary judgment as moot. *See, e.g.*, *Ctr. for Env't Health v. Vilsack*, No. 18-cv-1763-RS, 2022 WL 658965, at *5 n.5 (N.D. Cal. Mar. 4, 2022) (granting pre-merits remand without vacatur and denying parties' fully-briefed summary judgment motions as moot because "Plaintiffs are not entitled to a judgment on the rule"); *All. for the Wild Rockies, Inc. v. Allen*, No. 04-1813-JO, 2009 WL 2015407, at *2 (D. Or. July 1, 2009) (granting pre-merits remand without vacatur and denying parties' cross-motions for summary judgment as moot).

reasonably have been raised earlier in the litigation."). Because Plaintiffs could have raised this request for relief in their opposition to the Services' motion for remand, they cannot do so in this motion to alter or amend judgment.

It also is not clear that courts in this Circuit have the power to retain jurisdiction and set deadlines for pre-merits remand. District courts have "broad latitude in fashioning equitable relief when necessary to remedy an *established* wrong." *Alaska Ctr. for the Env't v. Browner*, 20 F.3d 981, 986 (9th Cir. 1994) (emphasis added). But that is not the posture of this case. Plaintiffs rely on *National Wildlife Federation v. National Marine Fisheries Service*, 524 F.3d 917 (9th Cir. 2008), "as one example of how the Court may 'direct many of the procedures and activities the Service must undertake on remand.'" ECF No. 187 at 15 (quoting ECF No. 180 at 16). In *National Wildlife Federation*, the Ninth Circuit upheld the district court's imposition of reporting requirements and a deadline for rulemaking as reasonable "in light of the agency's conduct on earlier remands and the urgency of the listed species' situation." 524 F.3d at 937. The district court imposed those remedies, however, *after* granting plaintiffs' motion for summary judgment. *Alaska Ctr. for the Env't v. Reilly*, 796 F. Supp. 1374, 1377 (W.D. Wash. 1992). The district court was thus acting within the broad latitude of its power to remedy an established wrong. *See Browner*, 20 F.3d at 986.

Plaintiffs offer no authority to suggest this power extends to pre-merits remand, and this Court is aware of none.[3] In the absence of such authority, the Court will deny Plaintiffs' request

---

[3] When granting pre-merits remand without vacatur, a few courts in this circuit have retained jurisdiction on remand and set deadlines or reporting requirements. *See All. for the Wild Rockies*, 2009 WL 2015407, at *3 (granting pre-merits remand without vacatur, setting deadlines for draft and final rules, and ordering regular status reports); *Vilsack*, 2022 WL 658965, at *5 (granting pre-merits remand without vacatur and ordering a status report); *N. Alaska Env't Ctr. v. Haaland*, Nos. 3:20-cv-0187-SLG & 3:20-cv-0253-SLG, 2022 WL 1556028, at *7 (D. Alaska May 17, 2022) (granting pre-merits remand without vacatur and ordering regular status reports).

The Court does not find these cases persuasive. Of the three, only *Alaska* offers any justification for the court's decision to retain jurisdiction following pre-merits remand. 2022 WL 1556028, at *7. *Alaska* cites *Cobell v. Norton*, 240 F.3d 1081 (D.C. Cir. 2001), for the proposition that district courts may retain jurisdiction to monitor agency activity in the context of pre-merits remand to the agency. *Id.* However, *Cobell* concerns post-merits remand, a context in which the district court's power to retain jurisdiction is well-known. *See, e.g.*, *Browner*, 20 F.3d at 986.

7

to impose a remand schedule and deadline in this case.

## CONCLUSION

Plaintiffs' motion to alter the Court's order and judgment is granted. The Court's July 5 order is superseded by the amended order consistent with this opinion that will issue today.

**IT IS SO ORDERED.**

Dated: November 16, 2022



JON S. TIGAR
United States District Judge